**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
------------------------------------------------------------ x
In re:                                  :  Chapter 11
                                        :
MLCJR LLC, et al.,¹                     :  Case No. 23-90324 (CML)
                                        :
            Debtors.                    :  (Joint Administration Requested)
                                        :
------------------------------------------------------------ x
```

**ORDER (A) AUTHORIZING THE PAYMENT OF CERTAIN
(I) ESSENTIAL VENDOR OBLIGATIONS, (II) MARKETING EXPENSES,
AND (III) OUTSTANDING ORDERS, AND (B) GRANTING RELATED RELIEF**

**[Relates to Motion at Docket No. _____ ]**

Upon the motion (the "*Motion*")[2] of the Debtors for entry of an order (this "*Order*"):  (a) authorizing, but not directing, the Debtors, in their sole discretion, to pay in the ordinary course of business the undisputed, liquidated, prepetition amounts owing on account of certain (i) Essential Vendor Obligations, (ii) Marketing Expenses, and (iii) Outstanding Orders, and (b) granting related relief; and this Court having reviewed the Motion and the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978).  The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US-DOCS\138448713

adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion have been withdrawn, resolved, settled, or overruled; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, it is hereby

**ORDERED THAT:**

1.      The Debtors are authorized, but not directed, to pay accrued and outstanding prepetition Oil and Gas Obligations in the ordinary course of business in the amounts, categories, and manners described in the Motion.  In the event the Debtors will exceed the aggregate amounts in any category as set forth in the Motion, the Debtors shall file a notice with this Court describing the category and overage amount.

2.      Any party that accepts payment from the Debtors on account of a prepetition Oil and Gas Obligation shall be deemed to have agreed to the terms and provisions of this Order.

3.      The Debtors are authorized to require that, as a condition to receiving any payment of a prepetition claim under this Order, a payee maintain or apply, as applicable, terms during the pendency of the Chapter 11 Cases that are the same or better than the trade terms that existed immediately prior to the Petition Date or, if more favorable, that existed within the one hundred eighty (180)-day period prior to the Petition Date, or that are otherwise satisfactory to the Debtors ("*Customary Trade Terms*").  If a payee, after receiving a payment of a prepetition claim under this Order, ceases to provide Customary Trade Terms, then the Debtors may, in their sole discretion, deem such payment to apply instead to any postpetition amount that may be owing to such payee or treat such payment as an avoidable postpetition transfer of property.

US-DOCS\138448713

4.      All undisputed obligations related to the Outstanding Orders are granted administrative expense priority status in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

5.      The Debtors are authorized to pay the undisputed amounts related to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

6.      Nothing herein shall impair or prejudice the rights of the U.S. Trustee or any statutory committee appointed in the Chapter 11 Cases, which are expressly reserved, to object to any payment to a Vendor made pursuant to the Motion that is an insider (as such term is defined in section 101(31) of the Bankruptcy Code) or to an affiliate (as defined in section 101(2) of the Bankruptcy Code) of an insider of the Debtors.  To the extent the Debtors intend to make a payment to a Vendor pursuant to the Motion that is an insider or an affiliate of an insider of the Debtors, the Debtors shall, to the extent reasonably practicable, provide three (3) business days' advance notice and opportunity to object to the U.S. Trustee and any statutory committee appointed in the Chapter 11 Cases; provided, that if any party objects to the payment, the Debtors shall not make such payment without further order of this Court.

7.      Subject to paragraph 3 above, if any party accepts payment on behalf of a prepetition claim for Oil and Gas Obligations under this Order, and such claim is determined by this Court after notice and hearing (a) in the case of Statutory Lien Claims or Marketing Expenses, not to give rise to a statutory or contractual lien, or (b) in the case of 503(b)(9) Claims, not to give rise to a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code, the Debtors are authorized, but not directed, to avoid such payment as a postpetition transfer under section 549 of the Bankruptcy Code, and the party who had accepted such payment shall be required to

US-DOCS\138448713

immediately repay to the Debtors any payment made to it on account of its asserted claim to the extent the aggregate amount of such payments exceeds the postpetition obligations then outstanding, without the right of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise.  Upon recovery of such payments by the Debtors, the obligation shall be reinstated as a prepetition claim in the amount so recovered.

8.      Notwithstanding anything to the contrary herein, prior to making any payment on a prepetition claim pursuant to this Order to a party, the Debtors shall provide a copy of this Order to such party (unless previously provided to the party).

9.      The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information:  (a) the name of each payee; (b) the nature of the payment; (c) the amount of the payment; (d) the category or type of payment; (e) the Debtor or Debtors that made the payment; (f) the payment date; and (g) the purpose of such payment.  The Debtors shall provide a copy of such matrix/schedule on a confidential and professional eyes' only basis to the U.S. Trustee, any statutory committee appointed in the Chapter 11 Cases, and the advisors to the DIP Lenders every 30 days beginning upon entry of this Order, beginning with the period from the Petition Date through May 31, 2023, which shall be due on June 30, 2023.

10.     Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' (a) entry into any postpetition debtor in possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "*DIP Documents*") and/or (b) authorizing the Debtors' use of cash collateral and/or any budget in connection therewith (in either case, the "*DIP Order*").  To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on

US-DOCS\138448713

the one hand, and this Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control.

11.     Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be construed as:  (a) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order.  Nothing contained in this Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

12.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

13.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

14.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

US-DOCS\138448713

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.     Notwithstanding Bankruptcy Rules 4001(a)(3) and 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

17.     The Debtors are hereby authorized to take all actions and to execute all documents as may be necessary to effectuate the relief granted by this Order.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Signed:_____, 2023

_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

US-DOCS\138448713