United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 16, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

------------------------------------------------------------ x

In re:                                                          :    Chapter 11
                                                                :
MLCJR LLC, *et al.*,[1]                              :    Case No. Case No. 23-90324 (CML)
                                                                :
Debtors.                                               :    (Jointly Aministered)
                                                                :

------------------------------------------------------------ x

**ORDER (A) AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION
WORKFORCE OBLIGATIONS, (II) CONTINUE WORKFORCE PROGRAMS
ON A POSTPETITION BASIS, (III) CONTINUE PAYMENT OF PAYROLL TAXES,
(IV) TRANSMIT PAYROLL DEDUCTIONS, (V) PAY PREPETITION CLAIMS OWING
TO ADMINISTRATORS, (B) DIRECTING BANKS TO HONOR PREPETITION
CHECKS AND FUND TRANSFERS FOR AUTHORIZED PAYMENTS,
AND (C) GRANTING RELATED RELIEF**

**[Relates to Motion at Docket No. 20]**

Upon the motion (the "***Motion***")[2] of the Debtors for an order (this "***Order***"):
(a) authorizing, but not directing, the Debtors, in their sole discretion to (i) pay certain prepetition
amounts for compensation, benefits, and reimbursable expenses owing to or for the benefit of the
Debtors' Workforce, (ii) continue, postpetition, the Workforce Programs in the ordinary course of
business, as such programs were in effect immediately before the filing of the Chapter 11 Cases,
(iii) pay any and all local, state and federal withholding and payroll-related or similar taxes relating
to prepetition periods, (iv) continue to deduct and to transmit deductions from payroll checks as
authorized by Employees, as required by any Workforce-related plan, program or policy, or as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US-DOCS\138448771

required by law, and (v) pay any prepetition claims owing to the Administrators; (b) authorizing and directing all banks to receive, process, honor, and pay all of the Debtors' prepetition checks and fund transfers on account of any obligations authorized to be paid pursuant thereto; and (c) granting related relief; and this Court having reviewed the Motion and the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion have been withdrawn, resolved, settled, or overruled; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, it is hereby

**ORDERED THAT:**

1.      The Debtors are authorized to pay or otherwise honor all prepetition Workforce Obligations to, or for the benefit of, the Workforce, including but not limited to, all prepetition amounts owed in connection with (a) the Workforce Compensation Obligations, excluding any Wage Obligation amounts owed to any Employee in excess of the statutory cap pursuant to section 507(a)(4) of the Bankruptcy Code, (b) the Employee Reimbursement Obligations, and (c) the Employee Benefits Obligations, each as described in the Motion.  Estimated amounts of the prepetition Workforce Obligations are summarized in the chart below.

US-DOCS\138448771

| Workforce Obligations | Approximate Outstanding Prepetition Amount |
|---|---|
| *Workforce Compensation Programs* | |
| Wage Obligations (inclusive of Deductions) | $3,100,000 |
| Obligations in Respect of Independent Contractors | $140,000 |
| Employer Payroll Taxes | $280,000 |
| PTO | $2,500,000[3] |
| Obligations in Respect of Discretionary Bonus Program | $0 |
| **TOTAL** | **$6,020,000** |
| *Employee Reimbursement Obligations* | **$150,000** |
| *Director Fees and Expenses* | **$0** |
| *Employee Benefits Programs* | |
| Medical Benefits, Dental Benefits, and Vision Plan | $2,968,000 |
| FSAs | $700 |
| Income Protection Plans | $29,000 |
| 401(k) Plan | $110,000 |
| Workers' Compensation Program | $80,000 |
| **TOTAL** | **$3,187,700** |
| *GRAND TOTAL* | **$9,357,700** |

2.     The Debtors are authorized to (a) continue each of the Workforce Programs, including, but not limited to, the Workforce Compensation Programs, the Employee

---

[3]   The Debtors estimate that, as of the Petition Date, aggregate accrued but unpaid PTO liability for all Employees totals approximately $2,500,000.  This accrued amount, however, does not represent a true "cash" liability for the Debtors, as the Debtors anticipate that Employees will use most of their PTO in the ordinary course of business.

Reimbursement Programs, and the Employee Benefits Programs, each as described in the Motion, in the ordinary course of business during the pendency of the Chapter 11 Cases in the manner and to the extent that such Workforce Programs were in effect immediately before the filing of the Chapter 11 Cases, and (b) continue to fund and to make payments in connection with the costs of and the expenses incurred in the administration of any Workforce Program, including, but not limited to, the Workforce Compensation Programs, the Employee Reimbursement Programs, and the Employee Benefits Programs, as described in the Motion, in the ordinary course of business.

3.      The Debtors are authorized to continue their Workers' Compensation Policies and to pay any outstanding prepetition claims, taxes, charges, assessments, premiums, capital calls, and third party administrator fees arising under the Workers' Compensation Policies or related programs in which they participate.  In addition, the automatic stay of section 362(d) of the Bankruptcy Code is hereby lifted to allow the Debtors' Employees to proceed with any Workers' Compensation Claims they may have under the Workers' Compensation Policy and to allow the Debtors' insurance providers and/or third party administrators to negotiate, settle, and/or litigate such claims, and pay resulting amounts, whether such claims arose before or after the Petition Date.  Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the applicable Workers' Compensation Policy, including with regard to any policy limits or caps.

4.      The Debtors are authorized to withhold, pay and/or transmit any and all amounts attributable to the Deductions, including, but not limited to, paying withholding and payroll-related taxes and fees related to the Workforce Obligations, social security taxes, and Medicare taxes, as required by any Workforce-related plan, program, or policy, or as required by law, whether such amounts relate to the period before or after the Petition Date.

US-DOCS\138448771

5.      The Debtors are authorized to pay amounts owed in connection with claims of the Administrators in connection with administering and delivering payments or providing other services and benefits to the Workforce for prepetition services rendered and claims for reimbursement based on prepetition disbursements made by the Administrators.

6.      The Debtors are authorized to make payments to the Directors on a postpetition basis in the ordinary course of business.

7.      The Debtors shall not (a) honor any prepetition Workforce Obligation to any individual that exceeds the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code nor (b) pay any amounts to "insiders" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code under any bonus, incentive or retention plan, in each case without seeking authority from the Court.

8.      Notwithstanding anything to the contrary in this Order, the Debtors retain their right to modify or terminate any Workforce Program to the extent that such right exists under the terms of the Workforce Program or as may be required by applicable law.

9.      The Debtors shall maintain a matrix or schedule of amounts paid related to the Wage Obligations that accrued prior to the Petition Date, the Discretionary Bonus Program, and any severance payments subject to the terms and conditions of this Order, including the following information:  (a) the name of the Claimant  paid; (b) the amount of the payment to such Claimant; (c) the total amount paid to the Claimant to date; (d) the category of Claimant, as further described and classified in the Motion; (e) the payment date; and (f) the purpose of such payment.  The Debtors shall provide a copy of such matrix or schedule to the U.S. Trustee, any statutory committee appointed in these Chapter 11 Cases, and the advisors to the DIP Lenders every 30 days

beginning upon entry of this Order, beginning with the period from the Petition Date through May 31, 2023, which shall be due on June 30, 2023.

10.     The Debtors will provide notice to the U.S. Trustee and any statutory committee of any changes to any Workforce Program or of any new programs, policies, and benefits.

11.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance, limit or change the status of any claim held by, any member of the Workforce, or other person.

12.     The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay all prepetition amounts owed to any party in connection with the Prepetition Workforce Obligations, whether those checks were presented before or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.  Further, the Debtors are authorized to issue new postpetition checks and initiate new postpetition electronic fund transfers to replace any checks or electronic fund transfers that may be dishonored and to reimburse any related expenses that may be incurred as a result of any bank's failure to honor a prepetition check or electronic fund transfer.

13.     The Debtors' banks and financial institutions may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors before the Petition Date should be honored pursuant to this Order, and any such bank or financial institution shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Order.

14.     Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' (a) entry into any postpetition debtor in possession financing facility, including any budget and the terms of any definitive documentation in connection therewith (the "***DIP Documents***") and/or (b) authorizing the Debtors' use of cash collateral and/or any budget in connection therewith (in either case, the "***DIP Order***").  To the extent there is any inconsistency between the terms of the DIP Order or any DIP Documents, on the one hand, and this Order, on the other hand, the terms of the DIP Order or such DIP Document, as applicable, shall control.

15.     Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be construed as:  (a) an admission as to the validity of any Workforce Obligation, including, without limitation, any amount that may be due to a taxing authority, or any claim against any Debtor or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order.  Nothing contained in this Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

16.     Nothing in this Order or the Motion, nor the Debtors' implementation of the relief granted in this Order shall be deemed or construed as modifying, waiving, or otherwise prejudicing any rights of the Debtors with respect to the Workforce Obligations.

17.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

20.     The Debtors are hereby authorized to take all actions and to execute all documents as may be necessary to effectuate the relief granted by this Order.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Signed:  May 16, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

US-DOCS\138448771