**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **MLCJR LLC, et al.,** | **CASE NO. 23-90324 (CML)** |
| **DEBTORS**[1] | **(JOINTLY ADMINISTERED** |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND INCORPORATED**
**MEMORANDUM OF LAW IN SUPPORT**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT https://ecf.txsb.uscourts.gov/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 20, 2024 AT 10:00 a.m. IN COURTROOM 401, 4th FLOOR, 515 RUSK, HOUSTON, TEXAS 77022. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153. VIDEO COMMUNICATION WILL BE BY USE OF THE GoToMeeting PLATFORM. CONNECT VIA THE FREE GoToMeeting APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE. THE MEETING CODE IS "JudgeLopez". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING. HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

**ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**NOW INTO COURT**, through undersigned counsel, comes REC Marine Logistics, LLC (hereinafter sometimes referred to as "REC Marine"), which submits this Motion to request that, for and subject to the limitations set forth herein, the automatic stay be lifted to allow REC Marine to pursue a claim for contractual defense, indemnity, and insurance coverage against Debtor, Cox Operating, LLC, and/or against the insurer of Cox Operating, LLC with regard to the Lazard Lawsuit (described *infra*), on the terms outlined below:

## JURISDICTION, VENUE, AND STATUTORY BASIS FOR RELIEF

1. Cox Operating, LLC and the other Debtors filed Petitions for Relief under chapter 11 of title 11 of the United States Code in this Court on May 14, 2023 (the "Cox Bankruptcy").

2. This Honorable Court is vested with jurisdiction to grant the relief sought in this motion pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 362. Further, this is a core proceeding under 28 U.S.C. §157(b)(2)(G).

3. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409(a).

4. This motion is brought under 11 U.S.C. § 362(d), Bankruptcy Rule 4001(a)(1) and Local Rule 4001-1(a).

## BACKGROUND

5. On June 19, 2022, Cox Operating, LLC ("Cox Operating") was the owner and/or operator of a fixed production platform known as "SP-77-A," located in South Pass in the Gulf of Mexico, on the Outer Continental Shelf off the Louisiana coast.

6. On that date, upon information and belief, Burner Fire Control, Inc. ("Burner Fire Control") was under contract with Cox Operating to provide rigging and/or other work on the "SP-77-A" and Eugene Lazard was employed by Burner Fire Control as a rigger/construction worker on the "SP-77-A" for that work.

7. On that date, GOL, LLC ("GOL") and Cox Operating were parties to a Master Services Agreement (the "MSA") pursuant to which GOL served as a vessel broker to facilitate the charter of vessels to Cox Operating for use in transporting personnel, equipment and materials to and from various Cox Operating platforms, including the "SP-77-A".

8. The M/V GOL MOVER is a vessel owned and operated by REC Marine Logistics, LLC ("REC Marine"), an entity affiliated with GOL. On June 19, 2022, the M/V GOL MOVER was under time charter to Cox Operating pursuant to the above-referenced MSA.

9. Eugene Lazard allegedly sustained serious injury on the above-referenced date while being transferred in the course and scope of his work to the "SP-77-A" in a personnel basket from the back deck of the vessel M/V GOL MOVER (hereinafter sometimes referred to as the "Incident").

10. On June 8, 2023, Mr. Lazard filed suit against Cox Operating and GOL, in the United States District Court for the Eastern District of Louisiana, under Docket No. 2:23-cv-01959 seeking damages for the injuries allegedly sustained in the Incident. (See *Complaint for Damages Under General Maritime Law and the Outer Continental Shelf Lands Act. 43 U.S.C. §1333*, attached hereto as Exhibit A).

11. Mr. Lazard subsequently amended his Complaint to substitute REC Marine as a defendant in place of GOL. (See amended Complaint styled as *First Supplemental and Amending*

*Petition for Damages*, attached hereto as Exhibit B). Exhibits A and B shall hereinafter sometimes be referred to as the "Lazard Lawsuit."

12. The above-referenced MSA is dated March 28, 2011, and was originally between Cox Operating and REC Marine, but was subsequently assigned by REC Marine to GOL with the consent of Cox Operating on May 5, 2016. The MSA, Assignment, and an Amendment to the MSA are attached hereto, *in globo*, as Exhibit C.

13. According to the terms of the MSA, Cox Operating agreed to

> …release, protect, Defend, indemnify, and hold harmless Contractor Group from and against all Losses of every kind and character arising out of bodily injury, illness, death, property damage of Company Group, arising out of, in connection with, incident to or resulting directly or indirectly from this Agreement or the Services, or the provision of any Goods or Equipment provided under this Agreement, regardless whether caused or contributed to by the sole, joint, or concurrent negligence, strict liability or other legal fault of Contractor Group, or any presence on any premises owned, lease, or controlled by either party or its Group, or the unseaworthiness of any vessel… or a pre-existing condition. *See* Exhibit C, Section 8.2 of MSA.

14. "Company Group" is defined to include Cox Operating and its "…contractors and subcontractors of every tier (other than Contractor), including their respective … employees …"  *See* Exhibit C, Section 2.1 of MSA.

15. The MSA, as assigned, defines "Contractor Group" to include "Contractor [GOL, LLC], its parent and subsidiaries, affiliates, Contractor invitees, subcontractors of every tier, including their respective…employees." *See* Exhibit C, Section 2.1 of MSA.

16. At all pertinent times, REC Marine was both an affiliate of and a subcontractor of GOL, thus making REC Marine a member of "Contractor Group."

17. Pursuant to the MSA, Cox Operating agreed to support its indemnity obligations with insurance (or qualified self-insurance) in favor of the "Contractor Group." *See* Exhibit C, Section 8.6 of MSA.

18. Because Eugene Lazard (a member of "Company Group") has asserted a claim for personal injury against REC Marine (a member of "Contractor Group") the defense, indemnity and insurance provisions of the MSA are therefore triggered in favor of REC Marine with respect to the Lazard Lawsuit.

19. Upon information and belief, at all pertinent times, Cox Operating had in place a policy of general liability insurance issued by Underwriters at Lloyd's, London subscribing to Cover Note No. MS-S 6676, covering Cox Operating's obligations under the MSA. The specific Underwriter of said policy is believed to be Travelers Syndicate 5000.

20. The Lazard Lawsuit remains pending in the United States District Court for the Eastern District of Louisiana. Although it was briefly stayed, this Honorable Court recently approved a Stipulation and Agreed Order Granting Limited Relief from the Automatic Stay (R. Doc. 918), allowing Mr. Lazard to proceed with his claims against Cox Operating and/or its Underwriter provided that "such recovery against the Debtors shall be limited solely to the proceeds of the Insurance Policies, if any, and limited to the extent of any coverage under such Insurance Policies…" (R. Doc. 918).

21. REC Marine desires to make formal demand upon Cox Operating and/or its insurer for defense and indemnity with respect to the Lazard Lawsuit to the extent of any insurance coverage available under the above-referenced policy or any other policy of insurance in effect at the relevant time. Based on prior experience in similar situations, REC Marine believes it is likely that Cox Operating's insurer will acknowledge its obligation and voluntarily agree to provide defense, indemnity and insurance coverage to REC Marine with respect to the claims asserted in the Lazard Lawsuit. Should such not occur, REC Marine requests the ability to file a Cross-Claim against Cox Operating and/or a Third-

Party Complaint against its insurer in the Lazard Lawsuit to enforce REC Marine's rights under the MSA (again only to the extent of any available insurance coverage).

22. REC Marine prays that this Honorable Court modify the automatic stay for the aforementioned purposes, subject to the terms and conditions outlined below.

## **LAW AND ARGUMENT**

### **A. The Stay Does Not Apply to Collection of Insurance Proceeds**

23. Upon information and belief, REC Marine's entitlement to defense and indemnity with respect to the claims of Mr. Lazard is covered by Cox Operating's insurance carrier(s), Underwriters at Lloyds, London subscribing to Cover Note No. MS-S 6676 (believed to be Travelers Syndicate 5000). The proceeds from and the coverage under the insurance policy issued by the aforesaid Underwriter (or any other applicable Underwriter) cannot constitute property of the estate, because the proceeds could under no circumstances be payable to the Debtors. *In re Louisiana World Expedition, Inc*., 832 F.2d 1391, 1399 (5th Cir.1987). Thus, the stay of any action against property of the estate under § 362(a) is not implicated from REC Marine seeking, or obtaining, recovery from any applicable insurer of Cox Operating.

24. REC Marine does not seek monetary relief from the bankruptcy estate of Cox Operating (or any of the other Debtors in this jointly administered case). REC Marine agrees that its right to pursue, recover, enforce and/or collect any judgment against Cox Operating arising from or related to the Lazard Lawsuit shall be limited to the extent of any coverage under, and shall be limited to proceeds available from, Cox Operating's insurance policy or policies.

25. Section 362(a) provides no stay of actions against insurers of a Chapter 11 debtor. Based upon the foregoing, REC Marine seeks relief from the automatic stay for the aforementioned purposes.

26. Counsel for the Debtor, Cox Operating, has been contacted regarding the filing of this Motion and entry of the Proposed Order filed contemporaneously herewith. To date, Counsel for the Debtor, Cox Operating, has neither formally consented nor objected to the instant Motion and Proposed Order.

**WHEREFORE**, REC Marine Logistics, LLC, prays that the Court schedule a final hearing on the relief requested herein, and modify or terminate the automatic stay afforded Cox Operating, LLC, pursuant to 11 U.S.C. § 362(a) for the purposes discussed above, namely to allow REC Marine Logistics, LLC to pursue its claim for defense, indemnity and insurance coverage from Cox Operating and/or its insurer, subject to the limitations and conditions set forth in this Motion.

Respectfully submitted,

*/s/ Aaron B. Greenbaum*
Aaron B. Greenbaum
(SDTX – Federal ID No. 2023921,
TX #24110938)
**PUSATERI, JOHNSTON, GUILLOT
& GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Aaron.Greenbaum@pjgglaw.com
**ATTORNEY   FOR   REC   MARINE
LOGISTICS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon all parties or counsel of record who have registered to receive electronic service by operation of the Court's electronic filing system in compliance with Rule 4001-1(a)(4) by electronic means as listed on the Court's ECF noticing system this 12th day of January 2024.

*/s/ Aaron B. Greenbaum*