UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| MLCJR LLC, *et al.*,[1] | ) Case No. 23-90324 (CML) |
| Debtors. | ) Jointly Administered |

**ORDER (I) APPROVING THE TRUSTEE'S ENTRY INTO THE
PURCHASE AGREEMENT, (II) AUTHORIZING THE SALE OF ESTATE
PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS, AND (IV) GRANTING RELATED RELIEF**

*(Relates to Docket No. ──)2383)*

Upon the *Trustee's Emergency Motion for the Entry of an Order (I) Approving the Trustee's Entry into the Purchase Agreement, (II) Authorizing the Sale of Estate Property Free and Clear of All Liens, Claims, Interests, and Encumbrances, (III) Authorizing the Assumption and Assignment of Executory Contracts, and (IV) Granting Related Relief* [Docket No. ──] 2383] (the "Motion")[2] filed by Michael D. Warner, solely in his capacity as the duly elected chapter 7 trustee (the "Trustee") of the bankruptcy estates (the "Estates") of the Debtors; and the Court having conducted and concluded a hearing (the "Hearing") on the Motion to consider approval of the Sale of the Property; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Sale and upon the record of the Hearing to consider the Motion; and the Court having determined that the legal and factual bases set forth in the

---

[1] The debtors in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

It is hereby **FOUND, CONCLUDED, AND DETERMINED THAT**:[3]

A. The Court has jurisdiction over the matters raised in the Motion and the transactions contemplated by the *Purchase and Sale Agreement* attached to this Order as **Exhibit 1** (the "Purchase Agreement") under 28 U.S.C. § 1334, and that these matters constitute a core proceeding under 28 U.S.C. § 157(b), of which this Court may enter a final order in accordance with Article III of the United States Constitution. Venue of this proceeding and the Motion is properly in this District under 28 U.S.C. §§ 1408 and 1409.

B. This order (this "Order") constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, waives any stay, and expressly directs entry of order as set forth herein.

C. The Motion was properly noticed in accordance with Federal Rules of Civil Procedure, as incorporated by the Bankruptcy Rules, the Local Bankruptcy Rules, and that certain *Order Granting Trustee's Emergency Motion to Limit Notice* [Docket No. 1794]. The Trustee's

---

[3] Paragraphs (A) through (O) herein shall constitute this Court's findings of fact and conclusions of law under Bankruptcy Rule 7052, as incorporated by Bankruptcy Rule 9014. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Hearing. To the extent that any findings of fact made herein are conclusions of law, such shall be considered as conclusions of law, and to the extent that any conclusions of law stated herein are findings of fact, such shall be considered as findings of fact.

notice of the Motion and the Sale was sufficient, appropriate under the circumstances, and reasonably calculated to provide all interested parties with timely and proper notice. As such, no other notice needs to be provided for the Motion.

   D.  The legal and factual bases articulated in the Motion establish just cause for the relief granted in this order. The Trustee has articulated good, compelling, sufficient and sound business justifications and therefore has satisfied the business judgment standard. The Trustee has acted in good faith and the Purchase Agreement was negotiated at arms-length.

   E.  The Trustee has satisfied section 363(f) of the Bankruptcy Code to sell the Property free and clear of all Liens (defined below), claims, and interests, other than as expressly contemplated by the Purchase Agreement. W&T Offshore, Inc. (the "Purchaser") would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby if the Sale to the Purchaser and the assumption of any Assumed Liabilities by the Purchaser were not free and clear of all Liens, claims, encumbrances, liabilities, and interests (any and all such liens, claims, encumbrances, liabilities, and interests, the "Encumbrances"), other than the Assumed Liabilities. The Trustee may sell the Property free and clear of any Liens, claims and Encumbrances of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Each entity with a Lien, claim, Encumbrance, or interest in the Property to be transferred on the Closing Date, (i) has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Lien, claim, Encumbrance, or interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code. Those holders of Liens, claims, Encumbrances, or interests who did not object to the Motion are deemed, subject to the terms of

this Order, to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. All holders of Liens, claims, Encumbrances, or interests are adequately protected by having their Liens, claims, Encumbrances, or interests attach to the cash proceeds received by the Trustee that are ultimately attributable to the property against or in which such Liens, claims, Encumbrances, or interests are asserted, subject to the terms of such Liens, claims, Encumbrances, or interests with the same validity, force, and effect, and in the same order of priority, which such Liens, claims, Encumbrances, or interests now have against the Property or their proceeds, if any, subject to any rights, claims, and defenses of the Debtors, their Estates, the Trustee, or any other party in interest, as applicable, may possess with respect thereto.

F.  The Purchase Agreement was negotiated, proposed, and entered into by the Trustee and the Purchaser without collusion, in good faith, and as a result of arm's length bargaining positions and is substantially and procedurally fair to all parties. The Purchase Agreement, including the consideration provided by the Purchaser and pursuant to this Order, constitutes the highest or otherwise best offer for the Property and will provide a greater recovery for the Estates than would be provided by any other available alternative. No other person or entity or group of entities has offered to purchase the Property for greater economic value to the Estates than the Purchaser. The Purchaser is not an insider of any of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. Neither the Trustee nor the Purchaser has engaged in any conduct that could cause the Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code. Specifically, the Purchaser has not acted in a collusive manner with any person and the Purchase Price was not controlled by any other party. The Purchaser is purchasing the Property in accordance with the Purchase Agreement, in good faith, and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all the

protections afforded by such provision and otherwise has proceeded in good faith in all respects in connection with the Trustee.

G.  Good and sufficient reasons for approval of the Purchase Agreement and the transactions to be consummated in connection therewith have been articulated by the Trustee, and the relief requested in the Motion is in the best interests of the Debtors, their Estates, their creditors and other parties in interest.  The Trustee has demonstrated both (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for the Sale outside of the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the Sale to Purchaser is necessary and appropriate to maximize the value of the Debtors' assets.  The Trustee's decision to enter into the Purchase Agreement and pursue and consummate the Sale constitutes a proper exercise of the fiduciary duties of the Trustee.

H.  The consideration provided by the Purchaser pursuant to the Purchase Agreement and this Order constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Voidable Transactions Act (formerly the Uniform Fraudulent Transfer Act), Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, the District of Columbia, or any other applicable jurisdiction with laws substantially similar to the foregoing.  The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors, as provided under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, the District of Columbia, or any other applicable jurisdiction with laws substantially similar to the foregoing.  Neither the Trustee nor the Purchaser is entering into the transactions contemplated by the Purchase Agreement fraudulently.

I. The assumption and assignment of the executory contracts and unexpired leases listed on **Exhibit 2** (the "Assigned Contracts") pursuant to the terms of this Order is integral to the Purchase Agreement and is in the best interests of the Debtors and their Estates, their creditors, and all other parties-in-interest; is integral to the Sale and the transactions contemplated pursuant to the Purchase Agreement; and represents a reasonable exercise of sound and prudent business judgment by the Trustee. Payment of the cure costs set forth on **Exhibit 2** by the Purchaser shall (i) to the extent necessary, cure or provide adequate assurance of cure, within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, and (ii) to the extent necessary, provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the Petition Date with respect to the Assigned Contracts, within the meaning of sections 365(b)(1)(B) and 365(f)(2)(A) of the Bankruptcy Code. The Purchaser's financial wherewithal to consummate the transactions contemplated by the Purchase Agreement and the evidence presented at the Hearing demonstrating the Purchaser's ability to perform the obligations under the Assigned Contracts after the Closing Date shall constitute adequate assurance of future performance within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

J. To maximize the value of the Property, it is essential that the Sale, including the assumption and assignment of the Assigned Contracts, occur as set forth in this Order, the Purchase Agreement, and other documents submitted herewith, including within the time constraints set forth herein and therein. Time is of the essence in consummating the transactions contemplated by the Purchase Agreement, including, without limitation, the Sale and the assumption and assignment of the Assigned Contracts. Unless the Sale and the other transactions contemplated by the Purchase Agreement are concluded expeditiously, as provided for pursuant to the Purchase

Agreement, consideration for creditors will be diminished, and the Purchaser is unwilling to proceed with the Sale otherwise.

K. The consummation of the Sale and the assumption and assignment of the Assigned Contracts are legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and 365 of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

L. The transactions contemplated under the Purchase Agreement do not amount to a consolidation, merger, or de facto merger of the Purchaser and the Debtors and/or the Estates; there is not substantial continuity between the Purchaser and the Debtors or their Estates; there is no continuity of enterprise between the Debtors or their Estates and the Purchaser; the Purchaser is not a mere continuation of the Debtors or their Estates; and the Purchaser is not a successor or assignee of the Debtors or their Estates for any purpose. Except for the Assumed Liabilities, the (i) transfer of the Property to the Purchaser and (ii) assumption and assignment to the Purchaser of the Assigned Contracts do not and will not subject Purchaser to any liability whatsoever with respect to the operation of the Debtors' business before the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based on, in whole or in part, directly or indirectly, any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.

M. Nothing in the Purchase Agreement creates any third-party beneficiary rights in any person or entity that is not a party to the Purchase Agreement.

N. Performance under the Purchase Agreement, and consummation of the transactions contemplated pursuant thereto, reflects the Trustee's exercise of sound business judgment and are in the best interests of the Estates.

O. Performance under the Purchase Agreement and the private sale of the Property is appropriate under the circumstances.  No auction was necessary with respect to the Property.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Any and all objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Hearing (the full record of which is incorporated herein by reference), by stipulation filed with the Court, or by representation by the Trustee in a separate pleading, and all reservations of rights included therein, if any, are hereby denied and overruled on the merits with prejudice.

3. The Purchase Agreement is **APPROVED** and its terms are expressly incorporated in this Order.  The Trustee is authorized, but not directed, to perform under the Purchase Agreement, consummate the Sale, and enter into, execute and deliver, and perform under any additional instruments, documents, and agreements that may be reasonably necessary or desirable in order to implement, or otherwise in connection with, the Purchase Agreement or the Sale (the "Transaction Documents"), and to take all further actions as may be reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser the Property, or as may be necessary or appropriate to the performance of their obligations as contemplated under the Purchase Agreement.

4. This Order shall be binding in all respects upon the Debtors, the Estates, the Trustee all creditors of, and holders of equity interests in, the Debtors, any holders of Liens, claims,

Encumbrances, or other interests in, against, or on all or any portion of the Property (whether known or unknown), the Purchaser, and all successors and assigns of the Purchaser. This Order and the Purchase Agreement shall inure to the benefit of the Debtors, the Estates and creditors, the Purchaser, and the respective successors and assigns of each of the foregoing.

5. The Sale of the Property to the Purchaser is approved free and clear of any and all Liens, claims, interests or other Encumbrances, with such Liens, claims, interests or other Encumbrances attaching to the proceeds of the Sale with the same validity, force, and effect, and in the same order of priority, which such Liens, claims, Encumbrances, or other interests now have against the Property or their proceeds, if any, subject to any rights, claims, and defenses that the Debtors, the Estates, or any other party in interest may possess with respect thereto.

6. The Trustee shall hold the proceeds of the Sale of the Property pending further order of this Court.

7. All persons and entities that are in possession of some or all of the Property on the Closing Date are directed to surrender possession of such Property to the Purchaser in accordance with the Purchase Agreement on the Closing Date or at such time thereafter as the Purchaser may reasonably request. On the Closing Date, each of the Debtors' creditors is authorized to execute such documents and take all other actions as may be reasonably necessary to release its applicable Liens, claims, Encumbrances, or other interests on, against, or in the Property, if any, as such Liens, claims, Encumbrances, or other interests may have been recorded or may otherwise exist.

8. If any person or entity that has filed statements or other documents or agreements evidencing Liens, claims, Encumbrances, or other interests on, against, or in, all or any portion of the Property (other than statements or documents with respect to the Assumed Liabilities) shall not have delivered to the Trustee prior to the Closing Date, in proper form for filing and executed

by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all applicable Liens, claims, Encumbrances, or other interests that the person or entity has or may assert with respect to all or any portion of the Property, the Trustee is hereby authorized, and the Purchaser is hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Property.

9. On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer to the Purchaser of the Estates' interests in the Property. This Order is and shall be effective as a determination that, on the Closing Date, all Liens, claims, Encumbrances, or other interests of any kind or nature whatsoever existing as to the Property prior to the Closing Date, other than the Assumed Liabilities, shall have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected. This Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease, and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens, claims,

Encumbrances, or other interests of record except those assumed as Assumed Liabilities. For the avoidance of doubt, the Sale authorized herein shall be of full force and effect, regardless of whether the Debtors lack good standing in any jurisdiction in which such entity is formed or is authorized to transact business.

10. As to the Purchaser, the Estates (and for the avoidance of doubt, the Trustee) shall have no further liabilities or obligations with respect to any liabilities associated with the Property, which, for the avoidance of doubt, shall expressly include all obligations to plug, abandon, clean up or remediate same in accordance with the applicable laws regardless of when such obligations arose.

11. Except for the Assumed Liabilities, the Purchaser shall not have any liability or other obligation of the Debtors, their Estates, or the Trustee arising under or related to any of the Property or Excluded Liabilities expressly identified in the Purchase Agreement, including, but not limited to, any liability for any Liens, claims, Encumbrances, or other interests, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors. The sale of the Property to the Purchaser is expressly free and clear of all pending or threatened litigation between the Debtors or their Estates and any party, and the Purchaser shall not be, or become, a defendant in any such litigation or participate in such litigation.

12. Except with respect to the Assumed Liabilities, all persons and entities, including, but not limited to, all debt holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding Liens, claims, Encumbrances, or other interests of any kind or nature whatsoever against or in all or any portion of the Property (whether legal or equitable, secured or unsecured, matured or unmatured,

contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors, the Property, the operation of the Debtors' businesses prior to the Closing Date, or the transfer of the Property to the Purchaser in accordance with the Purchase Agreement, are hereby forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property or the Property, such persons' or entities' Encumbrances in and to the Property, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against the Purchaser, its successors, assets, or properties; (b) enforcing, attaching, collecting, or recovering, in any manner, any judgment, award, decree, or order against the Purchaser, its successors, or their assets or properties; (c) creating, perfecting, or enforcing any Encumbrance, lien, claim, or interest against the Purchaser, its successors, their assets, or their properties; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Purchaser or its successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating, or failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Property or conduct any of the businesses operated with the Property.

13. Notice of the Motion, the Hearing, and the Sale was fair and equitable under the circumstances and complied in all respects with sections 102(1), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 9006, 9007, and 9014.

14. The Purchaser and the Trustee shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of their rights or

remedies under the Purchase Agreement or any other Transaction Document. The automatic stay provisions under section 362(a) of the Bankruptcy Code, to the extent applicable, are hereby vacated and modified solely to permit the Trustee and the Purchaser to (a) consummate the transactions contemplated in the Purchase Agreement, any Transaction Document, or this Order, (b) enforce their respective rights, powers, claims, or entitlements under the Purchase Agreement and any Transaction Document, and (c) take any other actions thereunder or with respect thereto, *provided* that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

15.     The Sale of the Property, upon closing (i) shall be a legal, valid and effective transfer of the Estates' right, title and interest in the Property, and (ii) shall vest the Purchaser with all right, title, and interest of the Estates in and to such property free and clear of (a) all mortgages, security interests, notes, security agreements, privileges, conditional sale or other title retention agreements, pledges, liens (including without limitation any statutory lien on real and personal property and any and all "liens" as that term is defined and used in the Bankruptcy Code), licenses, deeds of trust, equity interests, rights of first refusal, consent rights, judgments, demands, Encumbrances, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to in this Order as "<u>Liens</u>"), and (b) all debts arising in any way in connection with any acts of the Debtors, claims, as that term is defined in the Bankruptcy Code, interests, obligations, demands, guaranties, options, rights, contractual commitments, executory contracts, unexpired leases, employment agreements, any other employee, workers' compensation, occupational diseases or unemployment or temporary disability related claims, restrictions, rights of lesion beyond moiety, tort claims, product liability

claims, environmental rights and claims, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise, including, without limitation, "bulk sale" rules (or similar laws) and theories of successor or successor-in-interest liability regardless of whether such theory, rule, or law would purport to provide for the Purchaser's direct liability.

16. To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Property to the extent transferred in the Purchase Agreement, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been transferred to the Purchaser as of the Closing Date. To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any grant, permit, or license relating to the operation of the Property sold, transferred, assigned, or conveyed to the Purchaser on account of the filing or pendency of these Bankruptcy Cases or the consummation of the Sale.

17. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee and the Estates to sell and transfer the Property to the Purchaser in accordance with the terms of the Purchase Agreement and this Order.

18. The transactions contemplated by the Purchase Agreement are undertaken by the Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the Assigned Contracts) to the Purchaser, unless such authorization

is duly stayed before consummation pending such appeal. The Purchaser is a good faith purchaser of the Property and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

19. The Purchaser has given substantial consideration under the Purchase Agreement and this Order for the benefit of the Debtors, the Estates, and their creditors. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential Encumbrances pursuant to this Order, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Encumbrances or Liens against, interests in, or claims against any of the Estates or any of the Property, other than the Assumed Liabilities. The consideration provided by the Purchaser for the Property under the Purchase Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

20. All transactions and instruments contemplated under the terms of the Purchase Agreement shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Debtors, creditors of the Estates, any other parties-in-interest, and/or any successors of the Estates.

21. The consideration provided by the Purchaser for the Property pursuant to the Purchase Agreement shall constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

22. All defaults or other obligations of the Debtors or the Trustee under the Assigned Contracts arising or accruing prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code)

shall be cured on the Closing Date or as soon thereafter as reasonably practicable by payment of the cure amounts by the Purchaser.

23. The Trustee is hereby authorized, in accordance with section 365 of the Bankruptcy Code, to (a) assume and assign to the Purchaser, in accordance with the Purchase Agreement, effective upon the Closing Date, the Assigned Contracts, free and clear of all Liens, Encumbrances, and other interests of any kind or nature whatsoever (other than the Assumed Liabilities) and (b) execute and deliver to the Purchaser such documents or other instruments as the Purchaser deems may be reasonably necessary to assign and transfer the Assigned Contracts to the Purchaser in accordance with the Purchase Agreement.

24. With respect to the Assigned Contracts: (a) each Assigned Contract is an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (b) the Trustee may assume each of the Assigned Contracts in accordance with section 365 of the Bankruptcy Code; (c) the Trustee may assign each Assigned Contract in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Assigned Contract that prohibit or condition the assignment of such Assigned Contract or allow the party to such Assigned Contract to terminate, recapture, impose any penalty, condition, renewal, or extension, or modify any term or condition upon the assignment of such Assigned Contract, constitute unenforceable anti-assignment provisions which are void and of no force and effect; (d) all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Trustee and assignment to the Purchaser of each Assigned Contract, in accordance with the Purchase Agreement, have been satisfied; (e) the Assigned Contracts shall be transferred and assigned to, and following the Closing Date, remain in full force and effect for the benefit of the Purchaser in accordance with the Purchase Agreement, notwithstanding any provision in any such Assigned

Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Estates shall be relieved from any further liability with respect to the Assigned Contracts after such assignment to and assumption by the Purchaser in accordance with the Purchase Agreement; and (f) upon the Closing Date, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested in all right, title, and interest of each Assigned Contract.

25.     The Trustee is authorized to amend the Purchase Agreement and any Transaction Document pursuant to a writing executed between the applicable parties to such documentation in accordance with the terms thereof, without the need for further Court approval; *provided* that Court approval shall be required for any amendments that materially and adversely affect the economic terms of the Purchase Agreement.

26.27.     The failure to specifically include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety; *provided* that this Order shall govern if there is any inconsistency between the Purchase Agreement (including the Transaction Documents) and this Order. Likewise, all of the provisions of this Order are non-severable and mutually dependent. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Bankruptcy Cases, the terms of this Order shall control.

26.27.     Notwithstanding anything to the contrary in the Purchase AgreementSA or this Sale Order, (i) Cox Operating LLC's Master License Agreement (as amended or supplemented, the "TGS –MLA") with TGS-NOPEC Geophysical Company ASA (together with any of its

affiliates, "TGS") is not one of the Assigned Contracts; (ii) any Material (as defined in the TGS MLA) licensed by TGS to any of the Debtors or their affiliates, whether under the TGS MLA or otherwise, is an Excluded Asset (as defined in the Purchase AgreementSA) and is not being sold to the Purchaser; and (iii) TGS reserves all rights and claims against any party relating to the confidentiality of or restrictions on the Use (as defined in the TGS MLA), transfer, and disclosure of any Material.  For the avoidance of doubt, unless the Purchaser obtains unauthorized access or possession of any Material or violates any confidentiality or other restrictions on the Use, transfer, or disclosure of any Material, the Purchaser shall have no obligation, monetary or otherwise, to TGS in connection with the Sale.

27.28.   Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry hereof but shall be effective and enforceable immediately upon issuance hereof.  Time is of the essence in closing the transactions referenced herein, and the Trustees and the Purchaser intend to close the Sale as soon as practicable.

28.29.   Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

29.30.   The Trustee is authorized and empowered to take all actions necessary and appropriate to implement the relief granted in this Order.

30.31.   Nothing in this Order shall affect any of rights of the Estates, the Trustee, the Debtors, or the Purchaser except as specifically set forth herein.

31.32.   The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to this Order and the Sale contemplated herein, and any other documents executed and delivered in connection with the Sale and this Order.

32.33.    The Trustee is authorized, pursuant to Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m), 362, and 365, (i) to execute and deliver, to perform under, and to consummate and implement the terms of the Sale, pursuant to the terms of the Motion, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, (ii) to take all further actions as may reasonably be requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring the Property as may be necessary or appropriate to the performance of the obligations contemplated by the Sale, and (iii) to execute any and all documents on behalf of the Estates to effectuate the terms and conditions of the Sale.

33.34.    The provisions of this Order, including any related findings of fact and conclusions of law, and the Liens granted pursuant to this order against the Sale proceeds of the Property held by the Trustee l, shall be binding upon all parties in interest in the cases, including without limitation, the Trustee and his respective successors and assigns and will continue in full force and effect notwithstanding the dismissal of these cases or their conversion to a different chapter of the Bankruptcy Code.

DATE: _____, 2025

_____
HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

Order respectfully submitted by:

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By:    /s/ William S. Robbins
Paul Douglas Stewart, Jr. (La. Bar # 24661)
*Admitted to Southern District of Texas*

(SDTX Federal No. 432642)
dstewart@stewartrobbins.com
William S. Robbins (Tx. Bar # 24100894)
wrobbins@stewartrobbins.com
Brandon A. Brown (Tx. Bar # 24104237)
bbrown@stewartrobbins.com
301 Main Street, Suite 1640
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

***Counsel for Michael D. Warner, Chapter 7 Trustee***