**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

_____
                                                                  )
**In re:**                                                    )      **Chapter 7**
                                                                  )
**MLCJR LLC**, *et al.*,[1]                        )      **Case No. 23-90324 (CML)**
                                                                  )
                        **Debtors.**                 )      **Jointly Administered**
                                                                  )
_____

**TRUSTEE'S MOTION TO DESTROY AND TRANSFER CERTAIN PROPERTY OF THE ESTATES**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**COMES NOW**, through undersigned counsel, Michael D. Warner (the "**Trustee**"), solely in his capacity as Chapter 7 trustee for the above-captioned administratively consolidated estates (the "**Estates**"), who respectfully files this motion (the "**Motion**") for entry of an order substantially similar to the "**Proposed Order**" filed concurrently herewith, authorizing the Trustee to (A) destroy certain property of the Estates currently in possession of VeriTrust Corporation

---

[1] The debtors in these cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOL, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

("**VeriTrust**") and FileLink Document Solutions ("**FileLink**"); and (B) transfer the Estates' rights and interests in and to certain other property of the Estates currently in possession of VeriTrust to PXP Producing Company LLC ("**PXP**").  In support of such relief, the Trustee avers as follows:

## JURISDICTION

1. This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A. *General Background*

4. On May 14, 2023, the Debtors filed voluntary chapter 11 petitions. As of May 16, 2023, the Debtors' bankruptcy cases were consolidated for procedural purposes only and have since been jointly administered by this Court (the "**Court**") under Case Number 23-90324.

5. On February 5, 2024, the Court enter that certain *Order Authorizing the Debtors to Send Letters and Notices to U.S. Department of the Interior, Bureau of Ocean Energy Management[2], and Bureau of Safety and Environmental Enforcement[3]* [Docket No. 1553], authorizing the Debtors to send notices of an inability to perform their decommissioning obligations under, among others, the following leases (collectively, the "**Leases**"): (i) OCS-G-03417, Main Pass Block 72; (ii) OCS-G-02947, Main Pass Block 73; (iii) OCS-G-02062, East Cameron Block 334; (iv) OCS-G-18819, East Cameron Block 335; (v) OCS-G-07703, South Marsh Island 77; (vi) OCS-G-01210, South Marsh Island Block 78; (vii) OCS-G-21738, Ewing Bank Block 871; (viii) OCS-G-10942, Viosca Knoll Block 823; (ix) Louisiana State Lease No.

---

[2] "**BOEM**".
[3] "**BSEE**".

16798; (x) Louisiana State Lease No. 16799; (xi) Louisiana State Lease No. 16172; and (xii) Louisiana State Lease No. 17814.  Certain of the Debtors subsequently submitted letters to BSEE informing BSEE that the Debtors would not complete the required decommissioning for the Leases.

6. On February 28, 2024, the Court converted each of the Debtors' bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code.[4]

7. On February 29, 2024, Randy W. Williams (the "**Interim Trustee**") became the interim Chapter 7 trustee for the Estates.

8. On April 30, 2024, the Court entered an order (the "**First Records Order**"), *inter alia*, authorizing the Interim Trustee to (1) retain VeriTrust to store certain records and incur related administrative expenses; and (2) retain FileLink to store records from the Debtors' Metairie, Louisiana location, and incur related administrative expenses.[5]

9. On May 6, 2024, the Court approved Michael D. Warner's election as permanent chapter 7 trustee for each of the Estates, subject to his ability to qualify under section 322(a) of the Bankruptcy Code.[6] On May 8, 2024, Michael D. Warner filed his *Notice of Bond and Acceptance of Election*.[7] As of May 8, 2024, Michael D. Warner is the qualified and acting Chapter 7 trustee for each of the Estates.

B. ***The VeriTrust Documents and the FileLink Documents***

10. Pursuant to the First Records Order and a post-conversion agreement, VeriTrust is currently storing approximately 9,000 of the Estates' boxes, about nine 18-wheelers full of documents (the "**VeriTrust Documents**"). It is the Trustee's understanding that these boxes

---

[4] Doc. No. 1720.
[5] Doc. No. 1865.
[6] Doc. No. 1919.
[7] Doc. No. 1996.

generally contain primarily land and other oil and gas related documents (including documents from oil and gas predecessors).

11. Also pursuant to the First Records Order, it is the Trustee's understanding that FileLink is storing approximately 420 of the Estates' boxes in Metairie, Louisiana (the "**FileLink Documents**"). It is the Trustee's understanding that these boxes generally contain accounting records.

12. Upon conversion, the Trustee was left with limited funds available for administering the Estates, but is incurring approximately $6,300 per month to store the VeriTrust Documents at VeriTrust's facility in Houston, Texas and approximately $252 per month to store the FileLink Documents at FileLink's facility in Metairie, Louisiana.

13. On December 18, 2024, the Court entered that certain *Order Granting Trustee's Motion for Entry of An Order to Abandon Documents and Data and Dismantle and Destroy Certain Equipment* ("the "**Abandonment Order**").[8] The Abandonment Order, *inter alia*:

    a. Outlines a procedure by which all parties in interest may, within sixty (60) days from entry of the Abandonment Order – through February 16, 2025 (the "**Sixty-Day Period**"):

        i. Gain access to the VeriTrust Documents and the FileLink Documents; and

        ii. Inform the Trustee of a desire to assume monthly storage costs and associated cost obligations for any of the VeriTrust Documents or the FileLink Documents effective on the sixty-first (61st) day following entry of the Abandonment Order through the earlier of the date (a) the Debtors' bankruptcy cases are closed, or (b) the Trustee files a Notice of

---
[8] Doc. No. 2324.

        Abandonment into the docket of the Debtors' bankruptcy cases as to any such of the VeriTrust Documents or FileLink Documents. Where such option is exercised, such party in interest must provide thirty (30) days written notice to the Trustee that it will no longer pay such storage costs (the "**Storage Notice**") and the Trustee will file a Notice of Abandonment respecting such records as soon as is reasonably possible.

    b.    Authorizes the abandonment, pursuant to 11 U.S.C. § 554(a) and Federal Rule of Bankruptcy Procedure 6007, of certain specified records, including the VeriTrust Documents and the FileLink Documents, upon the Trustee filing a Notice of Abandonment into the docket after the expiration of the Sixty-Day Period.

14.    The Sixty-Day Period expired on February 16, 2025, and the Trustee is authorized to now abandon the VeriTrust Documents and the FileLink Documents. However, the Trustee has not, to date, filed any Notice of Abandonment as to the VeriTrust Documents or the FileLink Documents. Instead, and given the post-conversion storage agreement in place between VeriTrust and the Estates and the authorizations in the First Records Order as to FileLink, the Trustee seeks to destroy the VeriTrust Documents (less the PXP Documents, as discussed below) and the FileLink Documents as requested herein.

    C.  *PXP and the PXP Documents*

15.    PXP is a working interest owner or predecessor-in-interest to Debtors Energy XXI GOM, LLC; Cox Oil Offshore, LLC; Cox Operating, LLC; and/or other Debtors with respect to the Leases.

16. PXP received certain Decommissioning Orders from BSEE for the federal Leases, under which PXP has advised that it has a short window in which to conduct a site assessment and begin maintenance and monitoring in preparation for decommissioning. In connection with PXP's efforts to conduct such site assessment and to prepare for the performance of maintenance, monitoring, plugging, abandonment, decommissioning, and site clearance and restoration operations, and/or compliance with any orders or directives issued by BOEM, BSEE, or any comparable state or federal regulating authority, PXP requested certain documents and information from the Estates regarding the Leases.

17. In an effort to permit PXP to review and obtain such documents in a manner that did not force the Trustee to burden the Estates with costly and time-intensive review of voluminous documents, the Trustee provided PXP access to the VeriTrust Documents in exchange for PXP's agreement, via a Confidentiality and Nondisclosure Agreement (the "**NDA**"), that (i) any Produced Materials (as that term is defined in the NDA), inadvertently, produced or otherwise made available to PXP by the Trustee which do not pertain to the Leases; and (ii) any Produced Materials, inadvertently, produced or otherwise made available to PXP by the Trustee which constitutes attorney-client privileged material including any such documents that constitute attorney work-product, shall constitute confidential information the use of which shall be subject to the terms and conditions of the NDA (any such documents encompassed by (i) or (ii), collectively, the "**Confidential Information**"). Moreover, pursuant to the NDA, PXP agreed to treat all Confidential Information as the Trustee's confidential and proprietary information.

18. On or about July 31, 2024, PXP executed and returned the NDA to the Trustee. Since such time, PXP has had access to the VeriTrust Documents.

19.  In accordance with the Abandonment Order and after its review of the VeriTrust Documents, PXP informed the Trustee of its desire to assume the monthly storage costs and associated cost obligations for those of the VeriTrust Documents included on the attached **Exhibit A**, approximately one hundred eighty-six (186) boxes (collectively, the "**PXP Documents**").  The Trustee understands that PXP is in the process of reaching its own agreement with VeriTrust as to storage of the PXP Documents to take effect as of the date of entry of an order on this Motion, including monthly storage costs, any future destruction costs, and all cost obligations associated with the PXP Documents from such date forward.  Further, the Trustee has requested of PXP and VeriTrust, that, effective as of the date of entry of the order on this Motion, PXP and VeriTrust waive and release any and all rights, claims, causes of action and the like against the Estates for all costs, expenses, and liabilities related to the PXP Documents, and that PXP will bear all responsibility and obligation, financial or otherwise, as to the PXP Documents, including, if applicable, the subsequent destruction thereof.[9]

### RELIEF REQUESTED

*A. Destruction of the VeriTrust Documents*

20.  The Trustee seeks an order, substantially similar to the Proposed Order, authorizing the Trustee to destroy, with the exception of the PXP Documents, the VeriTrust Documents. VeriTrust charges $5.52 to destroy each box.  VeriTrust estimates the destruction costs of the Veritrust Documents *less* the PXP Documents (for which PXP will be responsible) at $49,377.[10]

---

[9] Absent written confirmation from both PXP and VeriTrust addressing the foregoing prior to the entry of the Court's Order on this Motion, in form and substance acceptable to the Trustee, in his sole discretion, the PXP Documents will be destroyed as provided herein with respect to non-PXP Documents, and such PXP Documents will not be made further available to PXP.  All references to the exclusion of the PXP Documents from the proposed destruction addressed below, will actually include the PXP Documents, should the forgoing confirmations not be timely received and accepted by the Trustee.

[10] For purposes of completeness, VeriTrust estimates the destruction costs of the (a) Veritrust Documents at $50,404.

21. Although the Estates are incurring approximately $6,300 each month to store the VeriTrust Documents, the VeriTrust Documents are no longer necessary or beneficial to the Trustee's administration of the Estates. Moreover, all parties in interest have been provided ample time – more than one hundred twenty (120) days since the Trustee filed the motion for the Abandonment Order and more than ninety (90) days since the Abandonment Order was entered into the record – to request access to the VeriTrust Documents prior to the instant destruction request. Barring destruction or a party in interest's assumption of such costs, the Estates will continue to suffer a financial burden that is depleting the Estates' resources without any correlative benefit.

22. The Trustee seeks to destroy the VeriTrust Documents, with the exception of the PXP Documents he seeks to transfer to PXP, as soon as possible.

### B. Destruction of the FileLink Documents

23. The Trustee seeks an order, substantially similar to the Proposed Order, authorizing the Trustee to destroy the FileLink Documents. FileLink estimates the destruction costs at $3,500.

24. Although the Estates are incurring approximately $252 each month to store the FileLink Documents, the FileLink Documents are no longer necessary or beneficial to the Trustee's administration of the Estates. Moreover, all parties in interest have been provided ample time – more than one hundred twenty (120) days since the Trustee filed the motion for the Abandonment Order and more than ninety (90) days since the Abandonment Order was entered into the record – to request access to the FileLink Documents prior to the instant destruction request. Barring destruction or a party in interest's assumption of such costs, the Estates will continue to suffer a financial burden that is depleting the Estates' resources without any correlative

benefit. No parties in interest have expressed any interest in assuming such costs. As such, the Trustee seeks to destroy the FileLink Documents as soon as possible.

### C. *Transfer of the PXP Documents*

25. The Trustee seeks an order, substantially similar to the Proposed Order, authorizing the Trustee to transfer the Estates' rights and interests in and to the PXP Documents to PXP as of the date of entry of an order on this Motion and subject to the NDA,[11] in exchange for PXP accepting sole responsibility for all costs and expenses associated with the PXP Documents from such date forward, as addressed in footnote 9.

26. The Trustee has determined, in his business judgment, to transfer the PXP Documents, with no representations or warranties, to PXP. As consideration, PXP will (i) become responsible for all costs and expenses related to the PXP Documents from the date of entry of an order on this Motion forward, including without limitation, storage, transfer, destruction or other costs; and (ii) remain bound by the terms of the NDA as to the PXP Documents.

27. While not a traditional sale, the Trustee submits that the transfer of the PXP Documents is proper under 11 U.S.C. § 363(b)(1), which provides that the Trustee, "after notice and a hearing, may […] sell […], other than in the ordinary course of business, property of the estate." [12]

---

[11] For clarity, the terms and provisions of the NDA shall survive the entry of the Order on this Motion and shall specifically continue to control the review and use of the PXP Documents, notwithstanding the transfer of the Estates' rights and interests in and to the PXP Documents to PXP.

[12] 11 U.S.C. § 363(b)(1) ("The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate"). *See also Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 262 (5th Cir. 2010) ("Courts will look to the trustee's articulated business justification or sound business reasons for the proposed sale"); *Black v. Shor (In re BNP Petroleum Corp.)*, 642 F. App'x 429, 435 (5th Cir. 2016) ("§ 363 … requires that a sale of the estate's assets be supported by an articulated business justification, good business judgment, or sound business reasons."); *Lowry v. Croft (In re Croft)*, Civil Action No. SA-12-CV-535-XR, 2012 U.S. Dist. LEXIS 174240, at *17 (W.D. Tex. Dec. 10, 2012).

28. The Trustee can "satisfy its fiduciary duty to the debtor, creditors and equity holders" under § 363(b) by establishing an articulated business justification.[13] The Fifth Circuit has recognized that this standard is both "flexible and encourages discretion"[14] and its sufficiency "depends on the case."[15] "[T]he bankruptcy judge 'should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike.'"[16] In determining whether to approve a sale under § 363(b), a bankruptcy court can consider:

> (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration is provided; (iii) whether a transaction has been proposed and negotiated in good faith; (iv) the proportionate value of the asset to the estate as a whole; (v) the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property; and (vi) whether the asset is increasing or decreasing in value.[17]

---

[13] *ASARCO, Inc. v. Elliot Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) (quoting *Cont'l Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986)); *In re Antunes*, No. 15-16553-MDC, 2019 Bankr. LEXIS 542, at *23 (Bankr. E.D. Pa. Feb. 19, 2019); In re VCR I, LLC, No. 1202009EE, 2017 Bankr. LEXIS 3341, at *20 (Bankr. S.D. Miss. Sep. 29, 2017). *See also Cadle Co. v. Mims (In re Moore)*, 608 F.3d at 263("A sale of assets under § 363…is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons."). *See also In re 240 N. Brand Partners*, 200 B.R. 653, 659 (9th Cir. B.A.P. 1996) (citing to *Lionel* for proposition that "debtors who wish to utilize section 363(b) to dispose of property of the estate must demonstrate that such disposition has a valid business justification."). *See also In re Johns,* No. 21-60010-rlj7, 2025 Bankr. LEXIS 176, at *7 (Bankr. N.D. Tex. Jan. 30, 2025) (quoting *In re Cont'l Air Lines,* "There must be 'some articulated business justification for using, selling, or leasing the property outside the ordinary course of business'").
[14] *Asarco*, 650 F.3d at 601; *See also In re Wilson*, No. 11-50396-rlj-7, 2014 Bankr. LEXIS 3151, at *23 (Bankr. N.D. Tex. July 24, 2014) ("A bankruptcy court has considerable discretion in approving sales by trustees and is granted ample latitude to strike a balance between fairness, finality, integrity, and maximization of assets."). *See also In re Gulf States Steel Inc. of Ala*., 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002) ("The Trustee is responsible for the administration of the estate and his or her judgment on the sale and the procedure for the sale is entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met.").
[15] *In re Cont'l Air Lines, Inc*., 780 F.2d 1223, 1226 (5th Cir. 1986); *In re VCR I, LLC*, 2017 Bankr. LEXIS 3341 at *20.
[16] *Cont'l Air Lines*, 780 F.2d at 1226 (quoting *In re Lionel Corp.*, 722 F.2d at 1071);*In re Wilson,* 2014 Bankr. LEXIS 3151 *23-24. *See also*, *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F. 2d 1303, 1309 (5th Cir. 1985) (considering business judgment in the context of § 365 and stating "'As long as [the decision] appears to enhance a debtor's estate, court approval of a debtor-in-possession's decision…should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code…'" (quoting *Allied Technology, Inc. v. R.B. Brunemann & Sons*, 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982))) (alterations to original).
[17] *In re Rosbottom*, 2010 Bankr. LEXIS 4305 *12 (Bankr. W.D. La. Dec. 1, 2010) (citing *Cont'l Air Lines*, 780 F.2d at 1226; *Lionel*, 722 F.2d 1071). *See also, In re Delaware & H.R. Co*., 124 B.R. 169, 176 (D. Del. 1991).

29. Valid business reasons exist for the transfer of the PXP Documents. The Trustee submits that transferring the Estates' interest in and to the PXP Documents to PXP, subject to the NDA, benefits both parties – PXP obtains the records it requires for as long as it requires them and the Estates are absolved of the financial burden associated with both storing and destroying such records. The terms of the transfer are the result of arms-length negotiations between PXP and the Trustee. All creditors and parties in interest have had and will have adequate notice related to the PXP Documents though this motion, and the other motions related to the PXP Documents discussed above.

30. As the Trustee has articulated a valid business reason for the transfer, the business judgment rule acts as a presumption that the Trustee has acted on an informed basis, in good faith, and in the honest belief that the transfer will be in the best interests of the Estates.[18]

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an order substantially similar to the Proposed Order, and such other and further relief as is just.

**Signature on following page**

---

[18] *In re Gulf States Steel*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002) ("The Trustee is responsible for the administration of the estate and his or her judgment on the sale and the procedure for the sale is entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met.").

Respectfully submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By: */s/ Brooke W. Altazan*
Paul Douglas Stewart, Jr. (La. Bar # 24661)
*Admitted to Southern District of Texas (SDTX Federal No. 432642)*
dstewart@stewartrobbins.com
William S. Robbins (Tx. Bar # 24100894)
wrobbins@stewartrobbins.com
Brandon A. Brown (Tx. Bar # 24104237)
bbrown@stewartrobbins.com
Brooke W. Altazan (Tx. Bar # 24101002)
baltazan@stewartrobbins.com
301 Main Street, Suite 1640
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

*Counsel for Michael D. Warner, Chapter 7 Trustee*