United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 01, 2025
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No. 23-90324 (CML) |
| **MCJR LLC, et al.,**[1] | Chapter 7 |
| **Debtors.** | Jointly Administered |

**ORDER ON FIRST AND FINAL APPLICATION FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED BY MATTHEW J. BORROR, SPECIAL ERISA COUNSEL, AND INTERIM APPLICATION FOR COMPENSATION FOR STEWART ROBBINS BROWN & ALTAZAN, LLC FOR SERVICES RELATING SOLELY TO THE TERMINATION OF THE DEBTORS' 401(K) PLAN IN COMPLIANCE WITH THIS COURT'S ORDER DATED SEPTEMBER 17, 2024**

(Relates to Docket No. 2475)

The Court has considered the *First And Final Application For Compensation For Professional Services Rendered By Matthew J. Borror, Special ERISA Counsel, And Interim Application for Compensation for Stewart Robbins Brown & Altazan, LLC For Services Relating Solely To The Termination Of The Debtors' 401(k) Plan In Compliance With This Court's Order Dated September 17, 2024* (the "**Fee Applications**") [Doc. No. ____] filed by the law firm of Stewart Robbins Brown & Altazan, LLC ("**SRBA**"), general counsel for Michael D. Warner (the "**Trustee**"), solely in his capacity as the Chapter 7 trustee for the above-captioned administratively consolidated estates, and Matthew J. Borror ("**MJB**," and together with SRBA, the "**Applicants**"), special ERISA counsel for the Trustee.

---

[1] The debtors in these cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOL, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

The Court has determined that the Fee Applications meet the requirements set forth under 11 U.S.C. §330, FED. R. BANKR. P. 2016, and Local Bankruptcy Rule 2016. The Court finds that the fees and expenses incurred were reasonable and necessary to the administration of the bankruptcy estates. The Court has further considered the following factors set forth in *In Re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904 (1977) in determining the amount of professional fees to be awarded:

(a) The time and labor required;

(b) The novelty and difficulty of the questions;

(c) The skill requisite to perform the services properly;

(d) The preclusion of other employment by attorneys due to acceptance of the case;

(e) Customary fees;

(f) Whether the fee sought is fixed or contingent;

(g) Time limitations imposed by the client or other circumstances;

(h) The amount of time involved and the results obtained;

(i) The experience, reputations, and ability of the attorneys;

(j) The "undesirability" of the case;

(k) The nature and length of the professional relationship with the client; and

(l) Awards in similar cases.

After consideration of these factors, the Court has concluded that proper notice of the Fee Applications was given, and the services detailed in the Fee Applications provided substantial benefit to the estates and their creditors.

Applying the standards set forth in *Barron v. Newgurger, P.C. v. Texas Skyline, Ltd. (In re Woerner)*, 783 F.3d 266 (5th Cir. 2015), the Court further finds that the services performed were

necessary to the wind down and termination of the Debtor's 401(k) Plan and the administration of the bankruptcy estates and were reasonably likely to benefit the estates at the time such services were rendered and are therefore compensable.

**IT IS HEREBY ORDERED THAT:**

1. The Fee Applications are approved;

2. The fees incurred by MJB, as special ERISA counsel to the Trustee, in the amount of $44,352, are approved on a final basis;

3. The fees incurred by SRBA, in the amount of $21,310, for services provided to the Trustee in connection with the wind down and termination of the Debtors' 401(k) Plan, are approved on an interim basis;

4. The Trustee is authorized to pay the amounts approved herein from the Set Aside Funds, and to the extent such funds are insufficient, from the available assets of the Estates;

5. The approval of these Fee Applications is without prejudice to the rights of SRBA to seek interim and/or final approval of professional fees for services in this case unrelated to the wind down and termination of the Debtors' 401(k) Plan; and

6. The Court shall retain jurisdiction over the interpretation and enforcement of this Order.

Signed:  August 01, 2025

_____
Christopher Lopez
United States Bankruptcy Judge