# EXHIBIT A
# DECLARATION OF MICHAEL D. WARNER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| MLCJR LLC, *et al.*,[1] ) | Case No. 23-90324 (CML) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

## DECLARATION OF MICHAEL D. WARNER

I, Michael D. Warner, declare as follows:

1. I am the permanent Chapter 7 Trustee (the "**Trustee**") for the above-captioned administratively consolidated estates (the "**Estates**").

2. I submit this declaration in support of the *Trustee's Third Motion to Abandon Certain Assets of the Estates* (the "**Third Abandonment Motion**"), filed contemporaneously herewith, and am directly familiar with the information contained therein.[2]

3. On May 14, 2023 (the "**Petition Date**"), the Debtors filed voluntary chapter 11 petitions, initiating the "**Bankruptcy Cases.**"

4. On May 16, 2023, the Bankruptcy Cases were consolidated for procedural purposes only and have since been jointly administered by the Court under Case Number 23-90324.

---

[1] The debtors in these cases (collectively, the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. ("**Cox Operating**") (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595) ("**Energy XXI**"); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Third Abandonment Motion.

1

5. On February 28, 2024 (the "**Conversion Date**"), the Court converted the Bankruptcy Cases to a case under Chapter 7 of the Bankruptcy Code.[3]

6. On February 29, 2024, Randy W. Williams became the interim chapter 7 trustee for each of the Estates (the "**Interim Trustee**").

7. On May 6, 2024, the Court approved my election as permanent chapter 7 trustee for each of the Estates.[4] On May 8, 2024, I filed the *Notice of Bond and Acceptance of Election*.[5]

8. Since May 8, 2024, I have been the duly elected, qualified and acting Chapter 7 Trustee.

9. I have concluded, in the exercise of my sound business judgment, that abandonment of the Abandoned Assets set forth in the Third Abandonment Motion is in the best interest of the Estates, their creditors, and all parties-in-interest.

10. My business judgment has included the following considerations:

   a. First, the DIP Lenders have previously been granted partial relief from the Automatic Stay to, *inter alia*, foreclosure upon, protect, manage, and control the relevant collateral.[6] Abandonment will further facilitate the DIP Lenders' ability to foreclose or otherwise protect their interests in the Remaining DIP Collateral.

   b. Second, the Abandoned Assets are encumbered beyond any value such assets have, as the DIP Lenders hold a first lien, with an estimated current balance in excess of $200 Million;

   c. Third, the Trustee is unable to surcharge the Abandoned Assets, or any of the Remining DIP Collateral, by virtue of the DIP Lenders' Stay Orders, and has been unable to otherwise negotiate a carve-out with the DIP Lender;[7] and

---

[3] Doc. No. 1720.

[4] Doc. No. 1919.

[5] Doc. No. 1996.

[6] *See*, Doc. Nos. 1472 and 1714.

[7] Pursuant to the Final DIP Order, the Debtors' waived their right to surcharge the Prepetition Collateral and the DIP Collateral pursuant to section 506(c) of the Bankruptcy Code and their right under the "equities of the case" exception in section 552(b) of the Bankruptcy Code; therefore, no such surcharge rights remain available to the Trustee. Further,

2

      d. Fourth, maintaining the Abandoned Assets would impose unnecessary costs and burdens on the Estates, as well as the counterparties to such interests.

11. Notice of the Third Abandonment Motion has been provided in accordance with the Bankruptcy and Local Rules.

12. For the foregoing reasons, I respectfully request that the *Trustee's Third Motion to Abandon Certain Assets of the Estates* be granted, together with such other and further relief as the Court may deem appropriate.

I certify under penalty of perjury that the foregoing is true and correct based upon my knowledge, information, and belief as set forth in this Declaration.

Dated: August 20, 2025

                                                            /s/ Michael D. Warner
                                                            Michael D. Warner
                                                            Chapter 7 Trustee for the Estates

---

the Trustee has engaged in negotiations with the DIP Secured Parties (as defined in the Final DIP Order) to obtain a carve-out from the DIP Liens for the Sale(s) (the "**Carve-Out**") of the Related Assets and the Additional Interests, which would allow the Estates to retain a portion of the proceeds generated from any Sale(s). At this time, however, the Trustee and the DIP Secured Parties have not yet reached an agreement on a Carve-Out.