UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| MLCJR LLC, *et al.*,[1] | Case No. 23-90324 (CML) |
| Debtors. | Jointly Administered |

**TRUSTEE'S MOTION TO COMPROMISE WITH BRISTOW U.S. LLC
PURSUANT TO BANKRUPTCY RULE 9019 AND BANKRUPTCY CODE § 363**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Michael D. Warner (the "**Trustee**"), solely in his capacity as chapter 7 trustee for the above-captioned administratively consolidated estates (the "**Estates**"), respectfully files this *Trustee's Motion to Compromise with Bristow U.S. LLC Pursuant to Bankruptcy Rule 9019 and*

---

[1] The debtors in these cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOL, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

1

*Bankruptcy Code § 363* (this "**Motion**") seeking the entry of an order, in substantially similar form to the proposed order attached hereto (the "**Proposed Order**"), approving the compromise between Bristow U.S. LLC on behalf of itself, its predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with the foregoing, affiliates and assigns, and its past, present, and future agents, representatives, and successors in interest, and all persons acting by, through, under, or in concert with it (the "**Bristow**") (collectively, the Trustee and the Bristow are referred to herein as the "**Parties**") and the Trustee, pursuant to Bankruptcy Rule 9019 and Bankruptcy Code § 363. In support of the Motion, the Trustee represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and § 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter constitutes a core proceeding, and this Court has jurisdiction under 11 U.S.C. § 105 and under 28 U.S.C. §§ 157. Since this is a core proceeding, the Court has constitutional authority to enter final orders regarding the Motion. Further, to the extent the Court determines that it does not have authority to enter a final order on all or a portion of the Motion, the Trustee requests that the Court issue a report and recommendation for a final order to the United States District Court for the Southern District of Texas, Houston Division.

4. The statutory and other legal bases for the relief provided herein are section 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rule 9019.

## BACKGROUND

5. On May 14, 2023 (the "**Petition Date**"), the Debtors filed voluntary chapter 11 petitions, initiating the "**Bankruptcy Cases.**"

6. On May 16, 2023, the Bankruptcy Cases were consolidated for procedural purposes only and have since been jointly administered by the Court under Case Number 23-90324.

7. On February 28, 2024 (the "**Conversion Date**"), the Court converted the Bankruptcy Cases to a case under Chapter 7 of the Bankruptcy Code.[2]

8. On February 29, 2024, Randy W. Williams became the interim chapter 7 trustee for each of the Estates.

9. On May 6, 2024, the Court approved Michael D. Warner's election as permanent chapter 7 trustee for each of the Estates, subject to his ability to qualify under section 322(a) of the Bankruptcy Code.[3] On May 8, 2024, Michael D. Warner filed his *Notice of Bond and Acceptance of Election*.[4] As such, Michael D. Warner is the duly elected, qualified, and acting chapter 7 trustee for each of the Estates.

10. Subsequent to his appointment, the Trustee began an investigation of the Debtors' affairs, including, but not limited to, potentially avoidable preferential transfers.

11. The Debtors' records indicate that on March 10, 2023, the Debtors transferred to Bristow by wire, bank transfer, or check, the total sum of $225,000 (the "**Transfer**").

---

[2] Doc. No. 1720.

[3] Doc. No. 1919.

[4] Doc. No. 1996.

12. After good faith negotiations between the Trustee and Bristow, the Trustee determined, in his sound business judgment, that a settlement of the Transfer is in the best interest of the Estates and their creditors.

### RELIEF REQUESTED

13. In an effort to avoid costly and time-consuming litigation, the Parties propose to enter into the Settlement Agreement, attached hereto as **Exhibit "A"** (the "**Settlement Agreement**"). Pursuant to the Settlement Agreement, Bristow will (i) pay the agreed upon amount of $165,000 (the "**Settlement Payment**"), and (ii) compromise, settle, release, discharge and extinguish any and all prepetition unsecured claims that Bristow has or could have asserted against the Trustee and his agents, as well as all claims which Bristow could assert against the Estates pursuant to 11 U.S.C. § 502(h) as a result of this Settlement Payment and payment of the Settlement Payment.[5]

14. In exchange, the Trustee and the Estates, including their agents, successors, representatives, and assigns, will release the Transfer asserted or that could have been asserted by the Trustee or the Estates against Bristow in connection with the Bankruptcy Cases.

15. The Settlement Agreement is in the best interest of the Estates in that it provides for the immediate recovery by the Estates without any further expense, uncertainty, and inconvenience. In short, the Trustee believes that the resolution proposed herein will strengthen the Estates' ability to maximize recovery and will provide certainty and finality in the most cost-efficient manner.

---

[5] The discussion in this Motion of the Settlement is subject to the terms of the Settlement Agreement, and in the event of a conflict between this Motion and the Settlement Agreement, the Settlement Agreement shall control.

16. In accordance with applicable law, this matter will be noticed for hearing, allowing the Debtors' creditors the opportunity to oppose the Settlement Agreement, should any choose to do so.

17. Considering the Settlement Agreement and the cost associated with litigating the issues presented, the Trustee asserts that the Settlement Agreement is fair and equitable and in the best interest of the Estates and their creditors and should thus be granted.

## BASIS FOR RELIEF

18. Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Moreover, § 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

19. Courts within the Fifth Circuit have recognized that "[c]ompromises are favored in bankruptcy because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case."[6]

20. When a compromise results in the disposition of estate property (e.g., claims against third parties), courts have required the estate to comply with 11 U.S.C. § 363(b),[7] which authorizes a debtor in possession (after notice and a hearing), to use, sell, or lease property of the estate outside the ordinary course of business.[8] The debtor in possession or trustee can "satisfy its fiduciary duty

---

[6] *In re Idearc, Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009) (citing *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996)).

[7] *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 263-66 (5th Cir. 2010) (requiring the court to scrutinize a proposed compromise of a claim under Bankruptcy Code § 363 and Bankruptcy Rule 6004 where a higher offer was made for that claim); *Peltz v. Gulfcoast Workstation Group (In re Bridge Info. Sys.)*, 293 B.R. 479, 486 (Bankr. E.D. Mo. 2003) (stating that "any compromise of a cause of action that is property of the estate is a transfer of that asset that must comply with § 363(b)(1) to be enforceable").

[8] *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (citing 11 U.S.C. § 363(b)).

to the debtor, creditors and equity holders" under § 363(b) by establishing an articulated business justification.[9]

21.  The Fifth Circuit has recognized that this standard is both "flexible and encourages discretion"[10] and its sufficiency "depends on the case."[11] "[T]he bankruptcy judge 'should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike.'"[12]

22.  According to the Supreme Court, this Court must simply make an informed, independent judgment as to whether the Settlement Agreement is fair and equitable.[13] The initial burden to satisfy the "fair and equitable" standard is not high, rather "[t]he [proponent] need only show that his decision falls within the 'range of reasonable litigation alternatives.'"[14] The bankruptcy judge's responsibility "is not to decide the numerous questions of law and fact…but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the

---

[9] *ASARCO, Inc. v. Elliot Mgmt.* (*In re Asarco, L.L.C.*), 650 F.3d 593, 601 (5th Cir. 2011) (quoting *Cont'l Air Lines*, 780 F.2d at 1226)). *See also Moore*, 608 F.3d at 263 ("A sale of assets under § 363…is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons.").

[10] *Asarco*, 650 F.3d at 601.

[11] *Cont'l Air Lines*, 780 F.2d at 1226.

[12] *Cont'l Air Lines*, 780 F.2d at 1226 (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)). *See also*, *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F. 2d 1303, 1309 (5th Cir. 1985) (considering business judgment in the context of § 365 and stating "'As long [the decision] appears to enhance a debtor's estate, court approval of a debtor-in-possession's decision…should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code…'" (quoting *Allied Technology, Inc. v. R.B. Brunemann & Sons*, 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982))) (alterations to original).

[13] *Protective Comm. For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).

[14] *In re Roqumore*, 393 B.R. 474, 480 (Bankr. S.D. Tex. 2008) (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983), *cert. denied*, 464 U.S. 822 (1983); *Cook v. Waldron*, Nos. 04-81197, 05-3438, 2006 U.S. Dist. LEXIS 31411 at *10 (S.D. Tex. Apr. 18, 2006); *Nellis v. Shugrue*, 165 B.R. 115 (S.D.N.Y. 1994)) (alterations to original).

range of reasonableness.'"[15] This Court must compare "the terms of the compromise with the likely rewards of litigation"[16] after being "apprised of all the necessary facts for an intelligent, objective and educated evaluation."[17]

23. The general standard for assessing whether an agreement is "fair and equitable" involves three factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (3) all other factors bearing on the wisdom of the compromise."[18]

          i. <u>Probability of Success</u>

24. The Fifth Circuit has instructed "it would not be a settlement if to obtain approval the [proponent] would have to demonstrate that he could not succeed had the [] claim been pressed."[19] Rather, the proponent need only establish that "it is prudent to eliminate the risks of litigation to achieve specific certainty though admittedly it might be considerably less (or more) than were the case fought to the bitter end."[20] Importantly, "it is unnecessary to conduct a minitrial to determine the probable outcome of any claims waived in the settlement."[21]

---

[15] *W.T. Grant*, 699 F.2d at 608, *cert. denied*, 464 U.S. 822 (1983), (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972), *cert. denied sub nom. Benson v. Newman*, 409 U.S. 1039 (1972)). *See also*, *Idearc*, 423 B.R. at 190 (quoting *Nellis*, 165 B.R. at 123).

[16] *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop. (In re Cajun Elec. Power Coop.),* 119 F.3d 349, 355 (citing *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp.* (*In re Foster Mortgage Corp.*) 68 F.3d 914, 917 (5th Cir. 1995) (citing *In re Jackson Brewing Co.,* 624 F.2d 599, 602 (5th Cir. 1980))).

[17] *Jackson Brewing*, 624 F.2d at 602.

[18] *Cajun Elec.,* 119 F.3d at 356.

[19] *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960) (alteration to original).

[20] *Florida Trailer*, 284 F.2d at 573 (citation omitted).

[21] *Cajun Elec.*, 119 F.3d at 356.

25. While the Trustee believes that he has a strong case for avoiding the Transfer from Bristow under Bankruptcy Code § 547 on the merits, there are a myriad of defenses that Bristow will assert in response that will interject a significant risk of non-recovery on the Trustee. The Trustee seeks to avoid incurring substantial legal fees and expenses, as even a favorable outcome would likely yield a reduced recovery for the Estates from the face amount of the Transfer. The Trustee suggests that the seventy-three (73%) recovery here is well within the range of likely outcomes if the case were litigated as an adversary proceeding, without any further costs of, or risks attendant upon, litigation of this tolled proceeding.

   ii. Complexity and Duration

26. Although the litigation is not expected to be particularly complex, the discovery process and related hearings would nonetheless be costly, burdensome, and needlessly time-consuming. The resulting additional expenses and delay would not serve the best interests of the Estates or their creditors.

   iii. Other Factors Bearing on the Wisdom of the Compromise

27. Under this part of the analysis, the Fifth Circuit has instructed that courts consider: (a) "the best interest of the creditors, 'with proper deference to their reasonable views'" and (b) "the extent to which the settlement is truly the product of arms-length negotiations and not of fraud or collusion."[22]

28. "In evaluating the interests of the creditors, the court must take into account the consideration offered by the settling party and the degree to which the creditors object to determine whether the settlement furthers their best interests."[23]

---

[22] *Id.* (citing *Foster Mortgage*, 68 F.3d at 917-18).

[23] *In re Asarco LLC*, No. 05-21207, 2009 Bankr. LEXIS 5721 at *35 (Bankr. S.D. Tex. June 5, 2009) (citing *Cajun Elec.*, 119 F.3d at 358 (noting that although a numerical majority of the creditors opposed the settlement, the overall

29. The Parties desire to enter into the Settlement Agreement after thorough review of all relevant information, considering the risks and costs likely to be associated with any litigation, and as a result of arms-length negotiations. The Trustee contends that the Settlement Agreement will allow the Trustee to avoid unnecessary expense, delay in resolving the issues pertaining to the Transfer and any alleged Post-Petition Payable, and the uncertainty of litigation. Moreover, the Trustee submits that the result of any such litigation, after including the cost of such litigation, would likely be very similar to the results reached through the Settlement Agreement.

**WHEREFORE**, for the reasons outlined herein, the Trustee respectfully requests entry of an order in substantially similar form as the Proposed Order (1) approving the Settlement Agreement; and (2) for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By: */s/ Paul Douglas Stewart, Jr.*
Paul Douglas Stewart, Jr. (La. Bar # 24661)
*Admitted to Southern District of Texas*
*(SDTX Federal No. 432642)*
dstewart@stewartrobbins.com
William S. Robbins (Tx. Bar # 24100894)
wrobbins@stewartrobbins.com
Brandon A. Brown (Tx. Bar # 24104237)
bbrown@stewartrobbins.com
301 Main Street, Suite 1640
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

***Counsel for Michael D. Warner, Chapter 7 Trustee***

---

interests of the creditors were well served because the settlement ridded the estate of property that was a "major impediment to reorganization").

9

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on 15 September 2025, this Notice was served via the Court's CM/ECF electronic system on all parties registered to receive such notice.

                                                  */s/ Paul Douglas Stewart, Jr.*
                                                   Paul Douglas Stewart, Jr.