UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**JB Group of LA, LLC, d/b/a Infrastructure Solutions Group,**<br><br>　　　　　　　　　　　Debtor.[1] | Chapter 11<br><br>Case No. 25-10807<br><br>**Emergency Hearing**<br>**09/16/2025 at 1:30 p.m.** |

**DEBTOR'S EMERGENCY MOTION TO APPROVE
INTERIM AND FINAL ORDERS PURSUANT TO SECTION 366 OF THE
BANKRUPTCY CODE (I) PROHIBITING UTILITY COMPANIES FROM ALTERING,
REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY
COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE,
AND (III) ESTABLISHING PROCEDURES FOR
DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

JB Group of LA, LLC, d/b/a Infrastructure Solutions Group, ("ISG" or the "Debtor") files this motion (the "Motion"), pursuant to §§ 105, 366, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking entry of an order, substantially in the form annexed hereto as **Exhibit A**, (i) prohibiting utility companies from altering, refusing, or discontinuing utility services, (ii) deeming utility companies adequately assured of future performance, and (iii) establishing procedures for determining adequate assurance of payment. In support of the Motion, the Debtor represents as follows:

**JURISDICTION AND VENUE**

1.　　This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1]　The Debtor's address is 3002 Ruby Ave., Gonzales, LA 70737. The last four digits of the Debtor's TIN are 5115.

1

2. The statutory predicates for the relief requested herein are §§ 105(a), 366, 1107 and 1108 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 6003 and 6004.

## BACKGROUND

A. **General Background**

3. On September 12, 2025 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its properties as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

4. The factual background regarding the Debtor, including its business operations, its capital and debt structures, and the events leading to the filing of its Chapter 11 Case, is set forth in detail in the *Declaration of Jason Yates in Support of First Day Motions and Applications* (the "Yates Declaration")[2] filed contemporaneously herewith and incorporated herein by reference.

B. **The Utility Services**

5. In connection with the operation of their businesses, the Debtor obtains electricity, water, internet, telephone, and other similar services (collectively, the "Utility Services"), from a number of utility providers (collectively, the "Utility Companies"). A non-exclusive list of the Utility Companies that provide Utility Services to the Debtor as of the Petition Date is annexed to the Proposed Order as Exhibit "A" (the "Utility Companies List"). While the Debtor is providing notice of this Motion to all known Utility Companies, the relief requested herein is requested with respect to all Utility Companies and is not limited to those listed on the Utility Companies List.[3]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Yates Declaration.
[3] Although the Debtor believe that the Utility Companies List includes all of their Utility Companies, subject to the limitations set forth in the Procedures, the Debtor reserves the right to supplement the list if they inadvertently omitted any Utility Company. Additionally, the listing of an entity on the Utility Companies List is not an admission by the

2

6.      On average, the Debtor spends approximately $4,962.53, in the aggregate, each month on Utility Services, calculated based on the historical average of payments made to the Utility Companies during May 1, 2025 through May 31, 2025.  The Debtor anticipates that their monthly utility spending will continue consistently with historical practice following the Petition Date.

### RELIEF REQUESTED

7.      By this Motion, the Debtor requests that this Court enter an interim order (the "Interim Order") and a final order (the "Final Order") pursuant to 11 U.S.C. § 366, (a) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services on account of pre-petition invoices; (b) deeming the Debtor's utility service providers adequately assured of future performance, and (c) establishing procedures for determining additional adequate assurance of future payment and authorizing the Debtor to provide adequate assurance of future payment to the Debtor's utility service providers.

### BASIS FOR RELIEF REQUESTED

8.      Section 366(b) of the Bankruptcy Code prevents a utility, in the twenty (20) days after the date of the order for relief, from altering, refusing or discontinuing services to (or discriminating against) a chapter 11 debtor solely because of the commencement of its case or the existence of pre-petition debts owed by the debtor.[4] Following the thirty-day period in § 366(c),

---

Debtor that such entity is or is not a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights with respect to any such determination.

[4] There is an apparent discrepancy between subsections (b) and (c) of § 366 because these two subsections set forth different time periods during which a utility is prohibited from altering, refusing or discontinuing utility service. Specifically, § 366(b) allows a utility to alter, refuse or discontinue service "if neither the trustee nor the debtor, within twenty days after the date of the order for relief, furnishes adequate assurance of payment," while § 366(c)(2) allows a utility in "a case filed under chapter 11" to alter, refuse or discontinue service to a chapter 11 debtor "if during the thirty-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service […] ."

   Under the statutory construction canon *lex specialis derogate legi generali* ("specific language controls over general"), the language of section 366(c)(2) controls here because the Debtor is a chapter 11 debtor.  *See* 3 COLLIER ON BANKR. ¶ 366.03[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. Rev. 2006) ("it is unclear how the 30-

utilities may discontinue service to the debtor if the debtor does not provide adequate assurance of future performance of its post-petition obligations in a form that is satisfactory to the utility, subject to the Court's ability to modify the amount of adequate assurance. The policy underlying § 366 is to protect Debtor from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate "assurance of payment" for post-petition utility service.[5]

9. The Debtor submits that entry of the proposed order is consistent with, and fully satisfies, the requirements of § 366. Far from offering the Utility Companies nominal (or even no) additional assurance of payment, the Debtor proposes to provide the Utility Companies with (a) the authority to retain any pre-petition deposits to secure payment of post-petition obligations and (b) procedures pursuant to which the Utility Companies can seek greater or different security. When completed by the Debtor's anticipated ability to pay through access to their cash collateral and historical payment practices, such assurance of payment significantly alleviates – if not eliminates – any honest concern of nonpayment on the part of the Utility Companies, and is thus clearly "adequate."

    a. **Adequate Assurance**

10. While the *form* of adequate assurance of payment may be limited to the types of security enumerated in subsection 366(c)(1)(A),[6] the determination of the *amount* of the adequate assurance is within the discretion of the Court.[7] Thus, there is nothing within § 366 that prevents

---

day period [in section 366(c)(2) of the Bankruptcy Code] meshes with the normal twenty-day period in section 366(b). The better view is that, because section 366(c) is more specifically applicable to chapter 11 case, the thirty-day period in section 366(b), should apply.").
[5] *See* H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.A.N. 5963, 6306.
[6] Section 366(c)(1)(A) provides that "assurance of payment" may be in the form of a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or another form of security that is mutually agreed on between the utility and the debtor. 11 U.S.C. § 366(c)(1)(A).
[7] *See* 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the Court may order modification of the amount of an assurance of payment […]"). *See*, *Va. Elec. & Power Co. v. Caldor, Inc. – N.Y.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the

a court from ruling that, on the facts of the case before it, the amount required to adequately assure future payment to a utility company is nominal, or even zero. Indeed, in determining adequate assurance, "a bankruptcy court must 'focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'"[8]

11.      Consequently, adequate assurance of payment does not require a guarantee of payment.[9] Instead, the protection granted to a utility is intended to avoid exposing the utility to an unreasonable risk of nonpayment.[10] Moreover, § 366(c)(3)(B) provides that a court may not consider certain facts (*e.g.*, a debtor's pre-petition history of making timely payments to a utility) in making a determination of adequate assurance of payment.

12.      To provide adequate assurance of payment for future services to the Utility Companies, the Debtor proposes that each Utility Company retain any deposit made pre-petition by the Debtor in connection with such Utility Service (the "Utility Deposit"). The Debtor submits that this is sufficient adequate assurance given the circumstances. Particularly, as uninterrupted utility service is vital to the continued operation of the Debtor's business and, consequently, to the

---

appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

[8] *Va. Elec. & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646, 650 (2d Cir. 1997) (quoting *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)).

[9] *See e.g.*, *In re Caldor, Inc. – N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *aff'd sub nom.*, *Va. Elec.*, 117 F.3d 646; *In re Adelphia Bus. Solutions, Inc.*, 280 BR. 63, 80 (Bankr. S.D.N.Y. 2002) (same); *Steinebach v. Tucson Elec. Power Co. (In re Steinebach)*, 2004 WL 51616, *5 (Bankr. D. Ariz. 1/2/04) ("Adequate assurance of payment is not, however, absolute assurance… All §366(b) requires is that a utility be protected form an unreasonable risk of non-payment"); *In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that § 366(b) "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").

[10] *In re Adelphia Bus. Sols.*, 280 B.R. 63, 82-83 (Bankr. S.D.N.Y. 2002) ("Rather, the heart of the inquiry, as engaged in by each of Judge Stein and the Second Circuit, is the examination of the totality of the circumstances to make an informed judgment as to whether or not the utilities would be subject to an unreasonable risk of payment.").

success of this chapter 11 case. Termination of Utility Services provided to the Debtor (even temporarily) could result in the disruption of the Debtor's business, and affect the ability of the Debtor to preserve and maximize the value of its estate. Thus, the relief requested herein is necessary and in the best interests of the Debtor's estate and its creditors.

### b. Procedures

13. The Debtor submits that retention of the Utility Deposit constitutes sufficient adequate assurance to the Utility Companies. If any Utility Company believes additional assurance is required, they may request such additional assurance pursuant to the procedures set forth herein. The Debtor proposes the establishment of procedures (the "Procedures") under which a Utility Company may request additional adequate assurance of payment in the event that it can demonstrate that additional adequate assurance is warranted. The Procedures provide the following:

   a. If a Utility Company is not satisfied with the assurance of future payment provided by the Debtor, the Utility Company must serve a written request (a "Request") upon counsel to the Debtor, Stewart Robbins Brown & Altazan, LLC (Attn: JB Group of LA, LLC, d/b/a Infrastructure Solutions Group, Utility Additional Assurance Request), P.O. Box 2348, Baton Rouge, LA 70821-2348, setting forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of the Debtor's payment history on each account, and an explanation of why the Utility Deposit is not adequate assurance of payment.

   b. A Request must be timely and properly served upon counsel for the Debtor not later than thirty (30) days of the Petition Date. Any Utility Company that fails to make a timely Request shall be deemed adequately assured and barred from altering, refusing, or discontinuing Utility Services.

   c. Subject to Court approval, the Debtor may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Request.

   d. If the Debtor believes that a Request is unreasonable, then they shall, within thirty (30) days after receipt of a Request, file a motion (the "Determination Motion") pursuant to § 366(c)(3) seeking a determination from the Court

        that the Utility Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment.

    e.    During the 30-day period following the Petition Date, during the period the Debtor is reviewing a Request, and/or pending resolution of a Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtor.

14.    The Debtor requests a final hearing on this Motion to be held within twenty-eight (28) days of the Petition Date to ensure that, if a Utility Company argues it can unilaterally refuse service to the Debtor on the 31st day after the Petition Date, the Debtor will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Procedures in time to avoid any potential termination of utility service.

### c. The Utility Companies will not be Prejudiced by the Relief Requested

15.    On a monthly basis, the Debtor receives multiple invoices for Utility Services from its Utility Companies. To the best of the Debtor's knowledge, there are no material defaults or arrearages with respect to undisputed Utility Service invoices, other than payment interruptions that may be caused by commencement of this chapter 11 case.

16.    The Debtor's proposed method of furnishing adequate assurance of payment for post-petition Utility Service is not prejudicial to the rights of any Utility Company, and is in the best interest of the Debtor's estate.

17.    The Debtor has undertaken a good faith effort to identify the Utility Companies it relies upon for Utility Services. To the extent that additional Utility Companies are identified, the Debtor will amend Exhibit B and serve copies of any orders granting the relief requested herein on the additional identified Utility Companies.

**CONCLUSION**

18.     Because uninterrupted utility service is vital to the continued operation of the Debtor's business and, consequently, to the success of this chapter 11 case, the relief requested herein is necessary and in the best interest of the Debtor's estate and its creditors. Such relief ensures that the Debtor's business operations will not be disrupted, as well as providing Utility Companies and the Debtor with an orderly, fair procedure for determining "adequate assurance." Based upon the foregoing, the Debtor submits that this Motion should be granted.

**WHEREFORE**, the Debtor respectfully request that this Court enter an order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN LLC**

By:  /s/ Paul Douglas Stewart, Jr.
Paul Douglas Stewart, Jr. (La. #24661)
dstewart@stewartrobbins.com
William S. Robbins (La. #24627)
wrobbins@stewartrobbins.com
Brandon A. Brown (La. #25592)
bbrown@stewartrobbins.com
Brooke W. Altazan (La. #32796)
baltazan@stewartrobbins.com
Nicholas J. Smeltz (La. #38895)
nsmeltz@stewartrobbins.com
Abigail W. Mock (La. #41352)
amock@stewartrobbins.com
301 Main Street, Suite 1640
P. O. Box 2348
Baton Rouge, LA  70821-2348
(225) 231-9998 Telephone
(225) 709-9467 Fax

*Counsel for JB Group of LA, LLC d/b/a Infrastructure Solutions Group*

**EXHIBIT A**
**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**JB Group of LA, LLC, d/b/a Infrastructure Solutions Group,**<br><br>Debtor.[1] | **Chapter 11**<br><br>Case No. 25-10807 |

**INTERIM ORDER GRANTING EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Considering the *Emergency Motion for Interim and Final Orders Pursuant to Section 366 of the Bankruptcy Code (i) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services, (ii) Deeming Utility Companies Adequately Assured for Future Performance, and (iii) Establishing Procedures for Determining Adequate Assurance of Payment* (the "Utilities Motion") **[Doc. No. ___]** filed by JB Group of LA, LLC, d/b/a Infrastructure Solutions Group, ("ISG" or the "Debtor"), the record of this case, and applicable law:

**IT IS ORDERED** that the Utilities Motion is granted on an interim basis as provided herein.

**IT IS FURTHER ORDERED** that Debtor is authorized, but not directed, to pay on a timely basis and in accordance with their pre-petition practices all undisputed invoices for post-petition electricity, water, telephone, and/or other similar services (collectively, the "Utility Services") provided by utility companies (the "Utility Companies") to Debtor.

---

[1]   The Debtor's address is 3002 Ruby Ave., Gonzales, LA 70737. The last four digits of the Debtor's TIN are 5115.

**IT IS FURTHER ORDERED** that, to provide adequate assurance of payment for future services to the Utility Companies, each Utility Company shall retain any deposit made pre-petition by Debtor in connection with such Utility Service.

**IT IS FURTHER ORDERED** that, except in accordance with the procedures set forth herein and absent further order of the Court, the Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services on the basis of the commencement of Debtor's chapter 11 case or on account of any unpaid invoice for Utility Services provided before the Petition Date, and requiring Debtor to furnish any additional deposit or other security to the Utility Companies for the continued provision of Utility Services.

**IT IS FURTHER ORDERED** that if a Utility Company is not satisfied with the assurance of future payment provided by Debtor, the Utility Company must serve a written request (a "Request") upon counsel to Debtor, Stewart Robbins Brown & Altazan LLC, Attn: JB Group of LA, LLC, d/b/a Infrastructure Solutions Group, Utility Adequate Assurance Request, P.O. Box 2348, Baton Rouge, LA 70821-2348, setting forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of Debtor's payment history on each account, and an explanation of why the deposit is not adequate assurance of payment.

**IT IS FURTHER ORDERED** that the Debtor may enter into agreements or stipulations granting additional adequate assurance to a Utility Company serving a timely Request; *provided*, *however*, that any such agreements or stipulations shall be filed with the Court and are subject to Court review.

**IT IS FURTHER ORDERED** that, if the Debtor believes that a Request is unreasonable, then it shall, within thirty (30) days after receipt of a Request, file a motion (the "Determination Motion") pursuant to 11 U.S.C. § 366(c)(3) seeking a determination from the Court that the Utility

Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment.

**IT IS FURTHER ORDERED** that during the 30-day period following the Petition Date, during the 30-day period the Debtor is reviewing a Request, and/or pending resolution of a Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtor.

**IT IS FURTHER ORDERED** that any deposit shall be deemed adequate assurance of payment for any Utility Company that fails to make a timely Request.

**IT IS FURTHER ORDERED** that nothing in this Order or the Utilities Motion shall be deemed to constitute post-petition assumption or adoption of any agreement pursuant to 11 U.S.C. § 365.

**IT IS FURTHER ORDERED** that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

**IT IS FURTHER ORDERED** that notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**IT IS FURTHER ORDERED** that a final hearing, if required, on the Utilities Motion will be held on _____, 2025 at _____ _.m. Central Time.

**IT IS FURTHER ORDERED** that the deadline by which objections to the Utilities Motion and the Final Order must be filed is _____, 2025.

Dated:

Baton Rouge, Louisiana

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B
# UTILITY COMPANIES LIST

| Utility Provider | Utility Service | Provider's Address | Monthly Amount Due | Average Monthly Bill | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|
| Entergy | Electricity | PO Box 8103 Baton Rouge, LA 70891 | $38.96 | $38.96 | |
| Entergy | Electricity | PO Box 8103 Baton Rouge, LA 70891 | $35.60 | $35.60 | |
| Entergy | Electricity | PO Box 8103 Baton Rouge, LA 70891 | $42.88 | $42.88 | |
| Entergy | Electricity | PO Box 8103 Baton Rouge, LA 70891 | $34.18 | $34.18 | |
| Entergy | Electricity | PO Box 8103 Baton Rouge, LA 70891 | $351.00 | $351.00 | |
| Entergy | Electricity | PO Box 8103 Baton Rouge, LA 70891 | $335.27 | $335.27 | |
| JEA | Electricity | 21 West Church Street Jacksonville, FL 32150 | $678.20 | $678.20 | |
| TXU Energy | Electricity | 6555 Sierra Drive Irving, TX 75039 | $705.00 | $705.00 | |
| AT&T Services | Internet | 208 S. Akard Street Dallas, TX 75202 | $161.29 | $161.29 | |
| Comcast | Internet | 1701 John F Kennedy Blvd Philadelphia, PA 19103 | $231.59 | $231.59 | |
| Cox Communications | Internet | 3208 Main Street Baton Rouge, LA 70806 | $421.32 | $421.32 | |
| REV Business | Internet | 923 S Burnside Ave Gonzales, LA 70037 | $150.00 | $150.00 | |
| BFI Waste Services | Waste Pickup | 12451 Leisure Rd Baton Rouge, LA 70807 | $0.00 | $1,000.00 | |
| GFL Environmental | Waste Pickup | PO Box 555193 Detroit, MI 48255 | $593.00 | $593.00 | |
| City of Gonzales | Water/Sewer | 120 South Irma Blvd Gonzales, LA 70737 | $144.44 | $144.44 | |
| City of La Porte | Water/Sewer | PO Box 4536 Houston, TX 77210 | $39.80 | $39.80 | |