United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 06, 2025
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| **MLCJR LLC**, *et al.*,[1] | ) | Case No. 23-90324 (CML) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER AUTHORIZING TRUSTEE'S THIRD MOTION TO ABANDON CERTAIN ASSETS OF THE ESTATES**

**CONSIDERING** the *Trustee's Third Motion To Abandon Certain Assets Of The Estates* (the "**Third Abandonment Motion**") [Doc. No. 2487] of Michael D. Warner, solely in his capacity as the Chapter 7 trustee (the "**Trustee**") for the above-captioned administratively consolidated estates (the "**Estates**" of the "**Debtors**"), seeking entry of an order authorizing the abandonment of various assets of the Estates determined to be of inconsequential value and assets upon which BP Energy Company and Amarillo National Bank (collectively, the "**DIP Lenders**") hold liens and encumbrances significantly in excess of the values of such assets, and after due consideration of the Third Abandonment Motion, and the evidence presented in support of the relief requested in the Third Abandonment Motion, the Court finds that notice of the Third Abandonment Motion is proper under the circumstances, that the requested relief is proper and in the best interest of the Estates, their creditors, and all parties-in-interest, that no objections have been filed to the Third Abandonment Motion and should therefore be granted, and for good cause shown;

---

[1] The debtors in these cases), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978).

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**[2]

A.     **Jurisdiction and Venue**. This Court has jurisdiction to consider the Third Abandonment Motion under 28 U.S.C. §§ 157 and 1334. The Third Abandonment Motion is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     **Statutory Predicates.** The statutory and other legal bases for the relief provided herein is section 554 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") 6007. The consummation of the transactions contemplated by the Third Abandonment Motion are legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Trustee has complied with all of the applicable requirements of such sections and rules in respect of such transactions.

C.     **Final Order.** This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, waives any stay, and expressly directs entry of judgment as set forth herein.

D.     **Notice of Hearing on Motion.** As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Third

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Bankruptcy Rule 7052.

Abandonment Motion and relief contemplated thereby has been provided in accordance with the Bankruptcy Code and Bankruptcy Rules, including but not limited to Bankruptcy Rule 6007(a)(2). The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Third Abandonment Motion is or shall be required. The disclosures made by the Trustee concerning the Third Abandonment Motion were good, complete, and adequate. The requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules are satisfied by such notice.

E. **Abandonment of the Abandoned Assets**. Good and sufficient reasons for approval of the Trustee's proposed abandonment of the Abandoned Assets (as defined below) and the relief requested in the Third Abandonment Motion is in the best interests of the Estates, their creditors, and other parties in interest. The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for the proposed abandonment of the Abandoned Assets, since retention of such interests is burdensome to the Estates within the meaning of 11 U.S.C. § 554(a). The Trustee's decision to abandon the Abandoned Assets constitutes a proper exercise of the Trustee's fiduciary duties and business judgment.

**IT IS HEREBY ORDERED THAT:**

1. The Third Abandonment Motion is **GRANTED** as provided herein.

2. The Trustee is authorized to abandon, pursuant to § 544 of the Bankruptcy Code and Bankruptcy Rule 6007, all of the Estates' rights, title, and interest in the following assets (collectively, the "**Abandoned Assets**") by filing one or more notice(s) with the Court (each a "**Notice of Abandonment**") abandoning any or all of the Abandoned Assets:

   a. Any and all crude oil and other hydrocarbons, whether produced from, allocated to, or otherwise attributable to any asset in which the Estates hold, or may hold, any

legal or equitable interest, whether or not previously abandoned, including without limitation all hydrocarbons held as inventory, whether held/stored in storage, stock tanks, or processing plants, as well as all hydrocarbons located in, or flowing through, any gathering lines or pipelines (collectively, the "**Hydrocarbons**").

b. Any and all equipment, platforms, gathering systems, pipelines, machinery, fixtures, improvements, vapor recovery units, and other real, personal, and mixed property, operational or nonoperational, that is or was used or held for use in connection with any asset in which the Estates hold, or may hold, any legal or equitable interest, whether or not previously abandoned, (the "**Equipment**").

c. Any and all accounts, claims, causes of action, and receivables in which the Estates hold, or may hold, any legal or equitable interest (the "**Accounts**").

d. Without limiting the foregoing, all Hydrocarbons, Equipment, Accounts, and other property located on the West Delta Facility identified as belonging to or associated with Venice Energy Services Company, LLC.

e. Without limiting the foregoing, any and all Hydrocarbons, Equipment, Accounts, other property, and operational assets and inventory located at, stored at, managed by or associated with the Harvest Midstream Company tank in Erath, Louisiana.

f. Without limiting the foregoing, any and all Hydrocarbons suggested or asserted by W&T Offshore, Inc. as missing from pipelines by W&T Offshore, Inc, including but not limited to the approximately 16,000+ barrels missing from Field WD73A.

g. Any and all held and unapplied funds provided or set aside for: (i) various professionals with pre-Petition Date retainers to be used as agreed and as

      subsequently provided in, inter alia, the Court's June 13, 2023 order[3].; (ii) payment of Court approved professional fees for professionals retained by Orders of the Court; and (iii) payment to or for professionals retained by orders of the Court. The foregoing includes without limitation, the $200,000 currently maintained by Alverez & Marsal North America, LLC.

h. The Estates' records currently stored with Access Information Management Corporation (d/b/a Access) and/or Access Information Management of Georgia, LLC (d/b/a Access) at their facility located in Houston, Texas, including, but not limited to, the (i) 3,521 boxes of records which the Trustee understands to generally contain Energy XXI's office files from former employees, acquisition-related data, and accounting records; and (ii) 1,642 boxes of records which the Trustee understands to generally contain geological information primarily pertaining to drilling cuttings, sidewall cores, core slabs, and related analysis materials.

i. Any and all DIP Collateral, as defined in any of the DIP Lenders' Relief Orders,[4] to the extent not previously abandoned by either the Trustee's Prior Abandonment Orders[5] or not already included in the prior categories of this Order.

---

[3] *See Final Order (I) Authorizing Debtors (A) To Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) To Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, and (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b)* [Doc. No. 434].

[4] The **DIP Lenders' Relief Orders** include the *Final Order (I) Authorizing Debtors (A) To Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) To Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, and (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b)* [Doc. No. 434], the *Order Regarding DIP Agent's Emergency Motion for Relief from the Automatic Stay To Enforce Rights Under the DIP Documents and Use of Cash Collateral* [Doc. No. 1472], and the *Stipulation and Second Order Regarding DIP Agent's Emergency Motion for Relief from the Automatic Stay to Enforce Rights under the DIP Documents and Use of Cash Collateral* [Doc. No. 1714].

[5] The Trustee's Prior Abandonment Orders include the (i) *Order Authorizing (I) Abandonment of Certain Oil and Gas Leases, Rights-of-Use and Easement, and Rights-of-Way and Any Interests Related Thereto Under 11 U.S.C. § 554*

3. A filed Notice of Abandonment shall be immediately effective upon the date of filing with the Court.

4. Notwithstanding any other language in this Order, nor any Notice of Abandonment subsequently filed by the Trustee, the Abandoned Assets do not include, and the Trustee is not abandoning, but rather reserves all right, title, and interest in and to the following property of the Estates:

    a. any claims, rights, causes of action, or insurance claims that generally relate to property of the Debtors that sustained damages or otherwise fell within the potential impact from Hurricane Ida in 2021, including without limitation, claims asserted or could be asserted in the Louisiana Suit;[6]

    b. all actual or potential avoidance, recovery, subordination or other claims, or remedies of the Trustee against all entities, including: (a) any claims for the recovery of transfers of cash, offsets, deposits, debt forgiveness and other types or kinds of property, or the value thereof, recoverable pursuant to sections 502, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code, or otherwise applicable non-bankruptcy law; (b) any claims or estate causes of action for subordination under section 510 of the Bankruptcy Code or under other applicable laws; and (c)

---

*(II) Rejection of Any Related Existing Executory Contract Under 11 U.S.C. § 365, and (III) The Trustee's Compromise Under 11 U.S.C. § 363 and Bankruptcy Rule 9019 with the United States Department of the Interior* [Doc. No. 2322] and (ii) the *Joint Stipulation and Agreed Order* [Doc. No. 2408].

[6] On November 12, 2024, in connection with claims asserted prior to the Petition Date, and subsequent thereto, by the Debtors and/or the Trustee with respect to damage caused by Hurricane Ida to the Debtors' insured property, the Trustee filed certain litigation in the Civil District Court for the Parish of Orleans, State of Louisiana, and styled *Michael D. Warner in his Official Capacity as the Chapter 7 Trustee of Cox Operating, L.L.C., etc. et al., v Miller Insurance Services, LLP, etc. et al.*, Case No. 2024-10338 (the "**Louisiana Suit**").

      any claims or estate causes of action that arise under chapter 5 of the Bankruptcy Code;

c. all actual and potential claims or causes of action relating to the Talos Claims;[7]

d. all funds held in any bank account maintained by the Trustee;

e. all actual or potential claims arising out of that certain *Order (A) Authorizing the Payment of Certain Essential Vendor Obligations, (II) Marketing Expenses, and (III) Outstanding Orders, and (B) Granting Related Relief*,[8] including without limitation breaches of trade agreements or any postpetition payment of prepetition or postpetition obligations;

f. all actual and potential claims or causes of action relating to commercial tort claims and related claims under applicable law including without limitation (i) breach of fiduciary duty, (ii) aiding and abetting, (iii) civil conspiracy, (iv) alter ego or veil piercing, (v) single business enterprise, (vi) ownership of property, (vii) improper equity distributions, and (viii) nullification, against the Debtors' directors and officers, other statutory or non-statutory insiders, or any other party, including without limitation the claims asserted, or could be asserted, against all parties named or could be named in that certain litigation styled *Michael D. Warner v. Brad E. Cox, et al*, Civil Action and Adversary Proceeding No. 25-943, pending in the United States District Court for the Eastern District of Louisiana;

---

[7] On July 15, 2024, Talos Energy Ventures, LLC and Talos Production LLC (collectively, "**Talos**") filed the Motion of Talos Energy Ventures, LLC and Talos Production LLC for Relief from the Automatic Stay, to the Extent Applicable, to Permit Recoupment and/or Exercise of Setoff Rights [Docket No. 2153] seeking to exercise setoff or recoupment as to certain proceeds. The Trustee and the DIP Lenders have disputed this amount and asserted claims against Talos (the "**Talos Claims**"), which the Trustee anticipates will soon be made subject of a stipulation filed with the Court to resolve such claims.

[8] Dkt. No. 112.

      g. all actual and potential claims, causes of action, or defenses, relating to the Debtors' or Trustee's transactions with Natural Resources Worldwide LLC; and

      h. any and all property interests that may be the subject of a stipulation and agreed order between the Trustee and the DIP Lenders entered prior to the entry of this Order.

6. Notwithstanding any other language in this Order, and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition or postpetition claim asserting any priority whatsoever (a "**Claim**" or "**Claims**") against the Debtors or such Debtors' estates; (b) a waiver of any right of the Trust to dispute any prepetition Claims on any grounds; (c) a promise or requirement to pay any Claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to § 365 of the Bankruptcy Code; or (e) a waiver of any right of the Estates under the Bankruptcy Code, any order of this Court, or any other applicable law.

7. Notwithstanding any other language in this Order, and any actions taken pursuant to such relief, nothing in this Order shall affect the Trustee's right to object, on any basis, to any Claims, or to assert any defense or counterclaim to any Claims. For the avoidance of doubt, the Trustee's right to object to or defend against, on any basis, any Claims is hereby reserved and unaffected by this Order.

8. Notwithstanding any other language in this Order, and any actions taken pursuant to such relief, nothing in this Order shall affect the Trustee's duties, if any, under 704(a)(11) as the administrator of an employee benefit plan of the Debtors.

9. Notwithstanding any other language in this Order, and any actions taken pursuant to such relief, nothing in this Order shall be construed to impair, limit, or otherwise affect the rights

acquired by Natural Resources Worldwide LLC ("**NRW**") pursuant to the *Order Approving the Purchase and Sale Agreement with Natural Resources Worldwide LLC* [Doc. No. 1626], nor shall it affect NRW's ownership of any of its assets.

10. All of the Estates' rights relating to the Abandoned Assets, including without limitation, to conduct discovery, to amend or supplement this Third Abandonment Motion, to seek additional, alternative, or modified relief, to pursue claims for damages or other forms of relief, and to object to or otherwise respond to any pleading not specifically addressed herein are expressly reserved. In addition, nothing contained herein is intended to be or shall be deemed as waiver of the Trustee's rights under the Bankruptcy Code or any other applicable non-bankruptcy law.

11. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. Unless expressly modified by the terms of this Order, the terms of the Court's prior orders, including without limitation Trustee's Prior Abandonment Orders and the Order approving the settlement of the Hedron litigation,[9] shall remain in full force and effect.

13. Any stay of this Order, whether arising from the Federal Rules of Bankruptcy Procedure or otherwise, is hereby expressly waived and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14. This Order is a final order within the meaning of 28 U.S.C. § 158(a), however, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed:  October 06, 2025

Christopher Lopez
United States Bankruptcy Judge

---

[9] Doc. No. 2430.

Order respectfully submitted by:

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By: */s/ Paul Douglas Stewart, Jr.*
Paul Douglas Stewart, Jr. (La. Bar # 24661)
*Admitted to Southern District of Texas (SDTX Federal No. 432642)*
dstewart@stewartrobbins.com
William S. Robbins (Tx. Bar # 24100894)
wrobbins@stewartrobbins.com
Brandon A. Brown (Tx. Bar # 24104237)
bbrown@stewartrobbins.com
Brooke W. Altazan (Tx. Bar # 24101002)
baltazan@stewartrobbins.com
301 Main Street, Suite 1640
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

***Counsel for Michael D. Warner, Chapter 7 Trustee***