United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE | CHAPTER 7 |
| **MLCJR LLC, et al.,**[1] | **CASE NO. 23-90324 (CML)** |
|     DEBTORS. | **(Jointly Administered)** |

**MICHAEL D. WARNER, solely in his official capacity as Chapter 7 Trustee of Cox Operating, L.L.C.,**

    **Plaintiff,**

**VERSUS**

**MAJOR EQUIPMENT & REMEDIATION SERVICES, LLC,**

    **Defendant.**

**ADVERSARY PROCEEDING**

**NO. 25-03349**

**ORDER APPROVING THE TRUSTEE'S COMPROMISE WITH MAJOR EQUIPMENT & REMEDIATION SERVICES, LLC PURSUANT TO BANKRUPTCY RULE 9019 AND BANKRUPTCY CODE § 363**
(Related Doc. No. 2582)

Before the Court is the *Trustee's Motion to Compromise with Major Equipment & Remediation, LLC Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code § 363* [Doc. No. 2582] (the "**Motion**") filed by Michael D. Warner (the "**Trustee**"), appearing solely in his capacity as chapter 7 trustee for the above-captioned administratively consolidated estates (collectively, the "**Estates**"), seeking a final order (this "**Settlement Order**") approving the proposed settlement by and between the Trustee, on the one hand, and Major Equipment & Remediation, LLC ("**Major**"), on the other hand, under Bankruptcy Rule 9019 and Bankruptcy Code Section 363 (the

---

[1] The debtors in these cases (the "***Debtors***"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOL, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978).

1

"**Settlement Agreement**"), a copy of which is attached hereto and made a part hereof as **Exhibit "1."**

This Court, having jurisdiction and venue to consider the Motion, and with due and proper notice of the Motion having been provided to all creditors and other parties in interest; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is fair, reasonable, and in the best interests of the Debtors, the Estates, and their creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefore:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[2]**

A.      **Jurisdiction and Venue**. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b) and (o). Venue of these chapter 7 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      **Statutory Predicates.** The statutory and other legal bases for the relief provided herein are section 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rule 9019. The consummation of the transactions contemplated by the Motion is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Trustee has complied with all of the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, in respect of such transactions.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

C.  **Final Order.** This Settlement Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Settlement Order, waives any stay, and expressly directs entry of this Settlement Order.

D.  **Notice of Hearing on Motion**. As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Motion and relief contemplated thereby has been provided in accordance with the Bankruptcy Code, Bankruptcy Rules, and the Bankruptcy Local Rules. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion is or shall be required. The disclosures made by the Trustee concerning the Motion were good, complete, and adequate. The requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

E.  **Compromise in the Best Interest of the Estates**. Good and sufficient reasons for approval of the Trustee's proposed settlement with Major, and the transactions to be consummated in connection therewith have been articulated by the Trustee, and the relief requested in the Motion is in the best interests of the Debtors, the Estates, their creditors, and other parties in interest. The Settlement Amount (as defined in the Settlement Agreement) falls well within the range of reasonableness for the settlement and amicable resolution of the resolved claims, demands, and causes of action as fully set forth in the Settlement Agreement. The terms of the Settlement Agreement satisfy the factors set forth in *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968), *Official Comm. of Unsecured Creditors*

*v. Cajun Electric Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 355-56 (5th Cir. 1997), and their progeny. The Trustee has demonstrated both (a) good, sufficient, and sound business purposes and justifications and (b) compelling circumstances for the Settlement Agreement outside of the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the Settlement Agreement with Major is necessary and appropriate to maximize the value of the Estates. The Trustee's decision to enter into the Settlement Agreement with Major constitutes a proper exercise of the Trustee's fiduciary duties.

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** and **APPROVED** as provided herein.

2.     All objections to the Motion that have not been withdrawn, waived, or settled are hereby overruled.

3.     The Settlement Agreement is approved as being in the best interest of the Estates and their creditors. To the extent of a conflict between this Settlement Order and the Settlement Agreement, the Settlement Order shall control.

4.     The Trustee, without further order or authorization from the Court, shall have the authority to enter into and execute any and all documentation necessary to carry out the relief granted in this Settlement Order and is authorized to take any necessary or appropriate steps to effectuate the terms of the Settlement Agreement.

5.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the obligations under the Settlement Agreement.

Signed:  April 23, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE | CHAPTER 7 |
| MLCJR LLC, et al.,[1] | CASE NO. 23-90324 (CML) |
| DEBTORS. | (Jointly Administered) |
| MICHAEL D. WARNER, solely in his official capacity as Chapter 7 Trustee of Cox Operating, L.L.C., | |
| Plaintiff, | ADVERSARY PROCEEDING |
| VERSUS | NO. 25-03349 |
| MAJOR EQUIPMENT & REMEDIATION SERVICES, LLC, | |
| Defendant. | |

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("**Settlement Agreement**") is entered into by and between (A) Michael D. Warner, solely in his capacity as Chapter 7 trustee for the above-captioned administratively consolidated estates (the "**Trustee**" of the "**Estates**"), and (B) Major Equipment & Remediation Services, LLC ("**Major**") (collectively, the Trustee and Major are referred to herein as the "**Parties**" and each, as a "**Party**").

## RECITALS:

**WHEREAS,** on May 14, 2023, the Debtors filed voluntary Chapter 11 petitions (the "**Petition Date**") in the United States Bankruptcy Court, for the Southern District of Texas,

---

[1] The "Debtors" in these cases, along with the last four digits of each Debtor's federal tax identification number, are: MLCJR, LLC (0875) (the "**MLCJR Estate**"); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978).

Page 1 of 8

Exhibit 1

Houston Division (the "**Court**"). As of May 16, 2023, the Debtors' bankruptcy cases (the "**Bankruptcy Cases**") were consolidated for procedural purposes only and have since been jointly administered by the Court under Case Number 23-90324.

**WHEREAS,** on or about July 11, 2023, Major filed a proof of claim into the Claims Registry of the Bankruptcy Cases maintained by the Estates' Court-approved claims agent, Kroll, therein asserting a $937,350.29 general unsecured claim against the MLCJR LLC Estate (the "**Major POC**"). No other proofs of claim have been filed in the Bankruptcy Cases by Major and Major has not asserted a Chapter 11 administrative expense claim against the Estates.

**WHEREAS,** on February 28, 2024, the Court converted each of the Debtors' Bankruptcy Cases to cases under Chapter 7 of Title 11, United States Code (the "**Bankruptcy Code**") [Dkt. No. 1720].

**WHEREAS,** on May 6, 2024, the Court approved Michael D. Warner's election as permanent Chapter 7 trustee for each of the Estates, subject to his ability to qualify under Section 322(a) of the Bankruptcy Code [Dkt. No. 1919]. On May 8, 2024, Michael D. Warner filed his Notice of Bond and Acceptance of Election [Dkt. No. 1996]. As of May 8, 2024, Michael D. Warner is the duly elected, qualified, and acting Chapter 7 trustee for each of the Estates, and remains as Trustee as of this date.

**WHEREAS,** the Trustee asserts that, during the ninety (90) days prior to the Petition Date, Cox Operating transferred to Major, by wire, bank transfers, or check, the aggregate sum of $521,998.91 (collectively, the "**Transfers**").

**WHEREAS**, on May 14, 2025, the Trustee filed Adversary Proceeding Number 25-03349 (the "**Adversary Proceeding**") against Major in the Court seeking to avoid and recover the Transfers pursuant to Chapter 5 of the Bankruptcy Code (the "**Avoidance Claims**").[2]

**WHEREAS,** this Court granted extensions of time within which the Defendant could file responsive pleadings until October 16, 2025.[3]

**WHEREAS,** Major maintains that it has viable defenses to the Avoidance Claims.

**WHEREAS,** without admitting that the other Party's claims or defenses have merit, the Parties desire to settle the issues relating solely to the Avoidance Claims according to the terms and conditions set out herein.

**IT IS NOW, THEREFORE, STIPULATED AND AGREED** by and between the Parties as follows:

1.       <u>Waiver and Release of Certain Preferential Transfers Claims by Trustee</u>. For and in consideration of this Settlement Agreement, and of the promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee agrees to compromise, settle, release, discharge, and extinguish any and all claims the Trustee or the Estates has or could have asserted against Major in the Bankruptcy Cases, including the Avoidance Claims and all claims under State, Federal, and common law (the "**Release**"). For the avoidance of doubt, nothing herein shall be deemed a release by the Trustee of any of his rights or obligations, including his statutory right to object to any proof of claim or administrative expense claim filed by Major. Notwithstanding anything to the contrary herein, upon the occurrence of the Revival of Major's Obligation, as defined below, the Release granted pursuant

---

[2] Adversary Case No. 25-03349, Dkt. No. 1.

[3] Adversary Case No. 25-03349, Dkt. Nos. 6, 9, and 12.

to this paragraph shall be deemed null and void *ab initio* and shall have no legal force or effect whatsoever.

2.      Waiver and Release of Claims by Major. For and in consideration of this Settlement Agreement, and of the promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Major agrees to compromise, settle, release, discharge, and extinguish any and all claims that Major has or could have asserted against the Estates, the Trustee and his agents, as well as all claims which Major could assert against the Estates pursuant to 11 U.S.C. § 502(h) as a result of this Settlement Agreement and payment of the Settlement Amount.  Major acknowledges and represents that it (i) has filed no other proofs of claim into the Claims Registry of the Bankruptcy Cases other than the Major POC; and (ii) has not asserted a Chapter 11 administrative expense claim against the Estates and waives all rights to file such a claim in the future.

3.      Consideration. In exchange for the aforementioned waiver, Major will remit to the Trustee in indefeasible funds, *via* wire transfer (to an account designated in writing by the Trustee) the sum of **SIXTY EIGHT THOUSAND TWO HUNDRED TWENTY-ONE DOLLARS AND 70/100TH DOLLARS** ($68,221.70) (the "**Settlement Amount**") within fourteen (14) calendar days following entry of the Court's Order approving the settlement described herein pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Approval Order**").

4.      Effective Date. This Settlement Agreement shall be binding and deemed effective when (i) both Parties have executed the same and delivered counterparts of such signatures to the other Party, (ii) the Trustee receives, in indefeasible funds, the Settlement Amount, and (iii) the Court enters the Approval Order.

5.      Sufficiency of Consideration and other Settlement Matters. The Parties hereto acknowledge and agree that the promises and obligations set forth herein are supported by sufficient and adequate consideration. The Parties acknowledge and agree that they have thoroughly considered all aspects of this Settlement Agreement, that they have discussed this Settlement Agreement and its implications with their attorneys, that they have carefully read and fully understand all the provisions of this Settlement Agreement and that they are voluntarily entering into this Settlement Agreement. Nothing in this Settlement Agreement shall release any Party from any obligation arising under this Settlement Agreement. This Settlement Agreement reflects and represents the compromise of disputed claims, and this Settlement Agreement is entered into solely to avoid the uncertainty, inconvenience, and expense of litigation.

6.      Revival of Major's Obligation. If the Estates repay, restore, or return, in whole or in part, the Settlement Amount, because the payment or transfer, or the incurrence of the obligation so satisfied, or the execution of the Settlement Agreement by Major, is declared to be void, voidable, or otherwise recoverable under any agreement, or state or federal law (collectively, a "**Major's Voidable Transfer**"), including, pursuant to a case under Title 11 of the United States Code for Major, or a state court proceeding, including an assignment for the benefit of creditors, by, against or on behalf of Major (collectively, a "**Major Case**"), or because the Trustee or the Estates elect to do so on the reasonable advice of counsel to the Trustee in connection with an assertion that the payment, transfer, or incurrence of the Settlement Amount, or part thereof, or the execution of the Settlement Agreement, is a Major's Voidable Transfer, then, the liability for the Transfers will automatically and immediately, without further action, be revived, reinstated, and restored and will exist as though the Major's Voidable Transfer had never been made or occurred; and the Trustee or the Estates shall have an allowed claim against Major in a Major Case in the

full amount of the Transfers, which allowed claim will not be disputed by Major in such a Major's Case (the "**Revival of the Major's Obligation**").

7.      Representation and Warranties.  Each person who signs this Settlement Agreement represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom they are signing and to bind the Party to the terms of this Settlement Agreement.

8.      Parties Bear Own Expenses Related to Litigation and Settlement. The Parties agree that each Party will bear its own attorneys' and other fees, expenses, and disbursements incurred by or on behalf of such Party in connection with this Settlement Agreement, and all matters addressed therein.

9.      Assignment. No Party hereto shall have the right to assign, in whole or in part, its interest in this Settlement Agreement or any of its respective rights or obligations hereunder. Subject to foregoing, this Settlement Agreement shall be binding upon the Parties hereto and their successors and permitted assigns.

10.      Whole Agreement; Effect on Other Agreements. There are no other agreements, arrangements, or understandings between the Parties hereto regarding the subject matter of this Settlement Agreement. This Settlement Agreement supersedes all previous contracts, agreements, and understandings between the Parties respecting the subject matter of this Settlement Agreement. As between the Parties, no oral statements or prior written materials respecting the subject matter hereof shall be of any force and effect.

11.      Language Construction; Headings. The language in all parts of this Settlement Agreement shall be construed, in all cases, according to its plain meaning, and each Party hereto acknowledges that such Party and its counsel have reviewed this Settlement Agreement and have actively participated in its drafting. Accordingly, the Parties agree that the normal rule of

construction, to the effect that any ambiguities are to be resolved against the drafting Party, shall not be applied in the interpretation of this Settlement Agreement. The headings used herein are for reference only and shall not limit or control the meaning or interpretation of any provision hereof. This Settlement Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of Texas.

12.   Severability. The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity, and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

13.   No Third-Party Beneficiaries. Other than as set forth herein, none of the obligations and duties of any Party under this Settlement Agreement shall in any way or in any manner be deemed to create any obligation to, or any rights in, any person or entity not a party to this Settlement Agreement.

14.   Modifications or Amendments. This Settlement Agreement shall not be modified, altered, amended, or vacated, except by a writing signed by all Parties or by order of Court. No course of dealing between or among any persons having any interest in this Settlement Agreement shall be deemed effective to modify or amend any part of this Settlement Agreement, or any rights or obligations of any Party under, or by reason of, this Settlement Agreement.

15.   Taxes. Each Party shall be responsible for (i) determining its own tax consequences associated with this Settlement Agreement; and (ii) the payment of any taxes that may be due and owing by such Party as a consequence of this Settlement Agreement.

16.    Counterparts. This Settlement Agreement may be executed in any number of counterparts, each and all of which shall be deemed an original and all of which together shall constitute one and the same instrument. The exchange of copies of this Settlement Agreement and executed signature pages hereto by facsimile transmission or electronic mail shall constitute effective execution and delivery of this Settlement Agreement and may be used in lieu of the original Settlement Agreement for all purposes.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered.

FOR AND ON BEHALF OF:

Major Equipment & Remediation Services, LLC

By: _____    Date: 3/10/2026
Print Name: Mallory Monres
Title: Finance Director

By: _____    Date: 3/11/26
Michael D. Warner, solely in his capacity
as Chapter 7 Trustee for the Estates

Page 8 of 8