United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 06, 2026

Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **MLCJR LLC, *et al.*,**[1] | ) | **Case No. 23-90324 (CML)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |
| | ) | |

**ORDER GRANTING THIRD INTERIM FEE APPLICATION OF TPS-WEST LLC AS
ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE FOR THE PERIOD OF JUNE 1,
2025 THROUGH JUNE 30, 2025
[RELATES TO DOCKET NO. 2592]**

CONSIDERING the *Third Interim Fee Application of TPS-West LLC as Accountants to the Chapter 7 Trustee for the Period of June 1, 2025 through June 30, 2025* [Doc. No. 2592] (the "Application"), filed by TPS-West, LLC ("TPS") as accountants to Michael D. Warner, solely in his capacity as the duly appointed chapter 7 trustee (the "Trustee") for the above captioned jointly administered estates (collectively, the "Estates") of MLCJR LLC, et al., the Court finds: it has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due, sufficient, and proper notice of the Application has been provided in accordance with the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules; all objections, if any, to the

---

[1] The debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

1

Application have been withdrawn, resolved, or overruled; the services and expenses included in the Application were reasonable, actually rendered, appropriate, and necessary to represent the interests of the Estates and Trustee; the legal and factual bases set forth in the Application establish just cause for the relief granted herein; the relief requested in the Application is in the best interests of the creditors, the Estates, and other parties in interest; and after due deliberation and sufficient cause appearing therefore,

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is **APPROVED** in its entirety.

2.      TPS is allowed and awarded, as an administrative expense, on an interim basis, for the period of June 1, 2025 through June 30, 2025, fees in the amount of $5,448.00 and expenses in the amount of $16.00, totaling $5,464.00 (the "Award") incurred in connection with its services rendered for the benefit of the Estates.

3.       The Trustee is authorized to pay the remaining balance of the Award to TPS promptly upon entry of this *Order*.

4.      This Court shall retain exclusive jurisdiction to hear, consider, and determine all matters and disputes arising from or relating to the interpretation or implementation of this *Order*.

Signed:  May 06, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

2