United States Bankruptcy Court
Southern District of Texas

**ENTERED**
May 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **MLCJR LLC, *et al.*,**[1] | ) | **Case No. 23-90324 (CML)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |
| | ) | |

**ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF
HENDERSON AUCTIONS; (II) APPROVING THE SALE OF EQUIPMENT THROUGH
PUBLIC AUCTION FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS; (III)
APPROVING CARVE-OUT AND APPLICATION OF SALE PROCEEDS; AND (IV)
GRANTING RELATED RELIEF**

*(Relates to Docket No. 2596)*

Upon the *Trustee's Motion for the Entry of an Order: (I) Authorizing the Employment and Retention of Henderson Auctions; (II) Approving the Sale of Equipment Through Public Action Free and Clear of Liens, Claims, and Interests; (III) Approving Carve-Out and Application of Sale Proceeds; and (IV) Granting Related Relief* [Doc. No. 25966 (the "Motion")[2] filed by Michael D. Warner, solely in his capacity as the duly elected chapter 7 trustee (the "Trustee") of the bankruptcy estates (the "Estates") of the Debtors; and the Court having considered the Motion and the relief requested therein; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Motion and the relief requested therein; and the Court having determined that the legal and factual bases set forth in

---

[1] The debtors in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978).  The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

1

the Motion and on the record of the hearing (the "Hearing"), if any, establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

It is hereby **FOUND, CONCLUDED, AND DETERMINED THAT**:[3]

A.      The Court has jurisdiction over the matters raised in the Motion and the transactions contemplated therein under 28 U.S.C. § 1334, and that these matters constitute a core proceeding under 28 U.S.C. § 157(b), of which this Court may enter a final order in accordance with Article III of the United States Constitution.  Venue of this proceeding and the Motion is properly in this District under 28 U.S.C. §§ 1408 and 1409.

B.      This order (this "Order") constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, waives any stay, and expressly directs entry of this Order as set forth herein.

C.      The Motion was properly noticed in accordance with Federal Rules of Civil Procedure, as incorporated by the Bankruptcy Rules, the Bankruptcy Local Rules for the Southern District of Texas, and that certain *Order Granting Trustee's Emergency Motion to Limit Notice*

---

[3]   Paragraphs (A) through (M) herein shall constitute this Court's findings of fact and conclusions of law under Bankruptcy Rule 7052, as incorporated by Bankruptcy Rule 9014.  The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Hearing.  To the extent that any findings of fact made herein are conclusions of law, such shall be considered as conclusions of law, and to the extent that any conclusions of law stated herein are findings of fact, such shall be considered as findings of fact.

[Doc. No. 1794].  The Trustee's notice of the Motion and the relief requested therein was sufficient, appropriate under the circumstances, and reasonably calculated to provide all interested parties with timely and proper notice.  As such, no other notice needs to be provided for the Motion.

D.      The legal and factual bases articulated in the Motion establish just cause for the relief granted in this Order.

E.      The Estates' entry into that certain *Auction Agreement* (the "Agreement," a copy of which is attached to this Order as **Exhibit "1"**) is consistent with 11 U.S.C. § 327(a) as the services to be rendered by Henderson Auctions ("Henderson") are intended to assist the Trustee with carrying out his duties under the Bankruptcy Code, namely, maximizing the value of the Estates.

F.      Henderson is both disinterested, as defined in 11 U.S.C. § 101(14), and does not hold any interest adverse to the Estates.

G.      The Motion satisfies section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), FED. R. BANKR. P. 2014 and FED. R. BANKR. P. 2016.

H.      The proposed compensation and reimbursement of direct expenses in the Agreement are appropriate under 11 U.S.C. § 330.

I.      The Trustee has articulated good, compelling, sufficient and sound business justifications for selling, through one or more sales (individually, a "Sale" and collectively, "Sales") the Estates' interest in numerous pipes, tubular inventory and other equipment (collectively, and as set forth in greater detail in **Exhibits "B" – "E"** to the Motion the "Equipment") through a public, online only auction (the "Auction") conducted by Henderson to one or more winning bidders (individually, a "Winning Bidder" and collectively, the "Winning Bidders") and therefore has satisfied the business judgment standard.

J.       The Trustee has satisfied section 363(f) of the Bankruptcy Code to sell the Equipment free and clear of all Liens (defined below), claims, and interests (any and all such liens, claims, encumbrances, liabilities, and interests, the "Encumbrances"). The Trustee may sell the Equipment free and clear of any Liens, claims and Encumbrances of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Each entity with a Lien, claim, Encumbrance, or interest in the Equipment to be transferred on the Closing Date (as defined below), (i) has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Lien, claim, Encumbrance, or interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.  Those holders of Liens, claims, Encumbrances, or interests who did not object to the Motion are deemed, subject to the terms of this Order, to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All holders of Liens, claims, Encumbrances, or interests are adequately protected by having their Liens, claims, Encumbrances, or interests attach to the cash proceeds received by the Trustee that are ultimately attributable to the property against or in which such Liens, claims, Encumbrances, or interests are asserted, subject to the terms of such Liens, claims, Encumbrances, or interests with the same validity, force, and effect, and in the same order of priority, which such Liens, claims, Encumbrances, or interests now have against the Equipment or their proceeds, if any, subject to any rights, claims, and defenses of the Debtors, their Estates, the Trustee, or any other party in interest, as applicable, may possess with respect thereto.

K.       Good and sufficient reasons for approval of the Sales have been articulated by the Trustee, and the relief requested in the Motion is in the best interests of the Debtors, their Estates,

their creditors and other parties in interest. The Trustee has demonstrated both (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for the Sales outside of the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code. The Trustee's decision to pursue and consummate the Sales constitutes a proper exercise of the fiduciary duties of the Trustee.

L.      The consummation of the Sales are legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

M.      The proposed carve-out negotiated among the Estates and DIP Secured Parties (as defined in the Motion) comprised of reasonable legal fees, costs, and 13% of the Sales proceeds (the "Carve-Out") is reasonable and appropriate.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Any and all objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Hearing (the full record of which is incorporated herein by reference), by stipulation filed with the Court, or by representation by the Trustee in a separate pleading, and all reservations of rights included therein, if any, are hereby denied and overruled on the merits with prejudice.

3.      The Agreement with Henderson is **APPROVED**.

4.      The Trustee is authorized to employ and retain Henderson as the Estates' auctioneer under 11 U.S.C. § 327(a) in accordance with the terms of the Agreement, which are expressly incorporated in this Order.

5. Henderson is authorized to collect a ten percent (10%) buyers premium from the Winning Bidder of each Sale and the Trustee is authorized to reimburse Henderson for its direct costs for the Auction, solely from the proceeds of the Sales, without further application or order of the Court; for the avoidance of doubt, however, neither the Trustee nor the Estates shall be responsible for the buyers premium.

6. The Trustee (and Henderson) is authorized to conduct an Auction to sell the Equipment through one or more Sales to the Winning Bidders. To the extent that the Trustee (and Henderson) conducts an Auction that does not include any Equipment stored with Baker Hughes or otherwise disposed of by Baker Hughes, the Trustee (and Henderson) are authorized to Auction such Equipment at a later date under the authority of this Order. For the avoidance of doubt, any and all rights and remedies the Estates may hold against Baker Hughes are reserved.

7. To consummate each Sale of the applicable Equipment sold, the Trustee is authorized to: (a) execute the Bill of Sale in the same or substantially similar manner as the *Bill of Sale* attached to this Order as **Exhibit "2"** (the "Bill of Sale"), the terms of which are **APPROVED** and expressly incorporated in this Order; and (b) execute and deliver, and perform under any additional instruments, documents, and agreements that may be reasonably necessary or desirable in order to implement each Sale (the "Transaction Documents").

8. This Order shall be binding in all respects upon the Debtors, the Estates, the Trustee all creditors of, and holders of equity interests in, the Debtors, any holders of Liens, claims, Encumbrances, or other interests in, against, or on all or any portion of the Equipment (whether known or unknown), the Winning Bidders, and all successors and assigns of the Winning Bidders.

9. The Sales of the Equipment to the Winning Bidders are approved free and clear of any and all Liens, claims, interests or other Encumbrances, with such Liens, claims, interests or

other Encumbrances attaching to the proceeds of the Sale – subject to the Carve-Out, the outstanding storage fees to owed to each Storage Vendor (as defined in the Motion), and the reimbursement of Henderson for its direct expenses for the Auction – with the same validity, force, and effect, and in the same order of priority, which such Liens, claims, Encumbrances, or other interests now have against the Equipment or their proceeds, if any, subject to any rights, claims, and defenses that the Debtors, the Estates, or any other party in interest may possess with respect thereto.

10.     Upon the Closing Date, the Trustee is authorized to disburse the proceeds from each Sale of the Equipment as follows: *first*, to the Storage Vendor (as defined in the Motion) for outstanding storage fees; *second*, to Henderson for their direct expenses for the Auction; *third*, the Carve-Out for the Estates; and *fourth*, the remainder to the DIP Secured Parties. For the avoidance of doubt, the Trustee's rights to object or contest any outstanding storage fees are preserved.

11.     All persons and entities that are in possession of some or all of the Equipment on the closing date contemplated by each Bill of Sale (the "Closing Date") are directed to surrender possession of such Equipment to the Winning Bidder in accordance with the Bill of Sale on the Closing Date.  On the Closing Date, each of the Debtors' creditors is authorized to execute such documents and take all other actions as may be reasonably necessary to release its applicable Liens, claims, Encumbrances, or other interests on, against, or in the Equipment, if any, as such Liens, claims, Encumbrances, or other interests may have been recorded or may otherwise exist.

12.     If any person or entity that has filed statements or other documents or agreements evidencing Liens, claims, Encumbrances, or other interests on, against, or in, all or any portion of the Equipment included in each respective Bill of Sale shall not have delivered to the Trustee prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination

statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all applicable Liens, claims, Encumbrances, or other interests that the person or entity has or may assert with respect to all or any portion of the Equipment included in the respective Bill of Sale, the Trustee is hereby authorized, and the Winning Bidder is hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Equipment included in the respective Bill of Sale.

13.     On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer to the Winning Bidder of the Estates' interests in the Equipment included in the respective Bill of Sale, on an "as is" "where is" basis "with all faults" and without any warranty of any kind as to the Equipment, including without limitation, warranty as to the title.  This Order is and shall be effective as a determination that, on the Closing Date, all Liens, claims, Encumbrances, or other interests of any kind or nature whatsoever existing as to the Equipment prior to the Closing Date shall have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected.  This Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease, and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and

instruments necessary and appropriate to consummate the transactions contemplated by the respective Bill of Sale.  A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens, claims, Encumbrances, or other interests of record.  For the avoidance of doubt, the Sales authorized herein shall be of full force and effect, regardless of whether the Debtors lack good standing in any jurisdiction in which such entity is formed or is authorized to transact business.

14. Notice of the Motion, the Hearing, and each Sale was fair and equitable under the circumstances and complied in all respects with sections 102(1) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6005, 6006, 9006, 9007, and 9014.

15. The automatic stay provisions under section 362(a) of the Bankruptcy Code, to the extent applicable, are hereby vacated and modified solely to permit the Trustee and the Winning Bidder to (a) consummate the transactions contemplated in the Bill of Sale, any Transaction Document, or this Order, (b) enforce their respective rights, powers, claims, or entitlements under the Bill of Sale and any Transaction Document, and (c) take any other actions thereunder or with respect thereto, *provided* that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

16. Each Sale of the Equipment, upon the Closing Date (i) shall be a legal, valid and effective transfer of the Estates' right, title and interest in the Equipment included in the respective Bill of Sale, and (ii) shall vest the Winning Bidder with all right, title, and interest of the Estates in and to such property free and clear of (a) all mortgages, security interests, notes, security agreements, privileges, conditional sale or other title retention agreements, pledges, liens (including without limitation any statutory lien on real and personal property and any and all "liens" as that term is defined and used in the Bankruptcy Code), licenses, deeds of trust, equity

interests, rights of first refusal, consent rights, judgments, demands, Encumbrances, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to in this Order as "Liens"), and (b) all debts arising in any way in connection with any acts of the Debtors, claims, as that term is defined in the Bankruptcy Code, interests, obligations, demands, guaranties, options, rights, contractual commitments, executory contracts, unexpired leases, employment agreements, any other employee, workers' compensation, occupational diseases or unemployment or temporary disability related claims, restrictions, rights of lesion beyond moiety, tort claims, product liability claims, environmental rights and claims, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise, including, without limitation, "bulk sale" rules (or similar laws) and theories of successor or successor-in-interest liability regardless of whether such theory, rule, or law would purport to provide for the Winning Bidder's direct liability.

17.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee and the Estates to sell and transfer the Equipment to the Winning Bidder in accordance with the terms of the Bill of Sale and this Order.

18.     The Trustee is authorized to amend the Bill of Sale and any Transaction Document pursuant to a writing executed between the applicable parties to such documentation in accordance with the terms thereof, without the need for further Court approval; *provided* that Court approval shall be required for any amendments that materially and adversely affect the economic terms of the Sale.

19. The failure to specifically include any particular provisions of the Bill of Sale in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Bill of Sale be authorized and approved in its entirety; *provided* that this Order shall govern if there is any inconsistency between the Bill of Sale (including the Transaction Documents) and this Order.

20. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry hereof but shall be effective and enforceable immediately upon issuance hereof.

21. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

22. The Trustee is authorized and empowered to take all actions necessary and appropriate to implement the relief granted in this Order.

23. Nothing in this Order shall affect any of rights of the Estates, the Trustee, the Debtors, or the Winning Bidders except as specifically set forth herein.

24. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to this Order, the Agreement, the Sales contemplated herein, and any other documents executed and delivered in connection with the Sales and this Order.

25. The Trustee is authorized (i) to execute and deliver, to perform under, and to consummate and implement the terms of the Sale, pursuant to the terms of the Motion, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, and (ii) to execute any and all documents on behalf of the Estates to effectuate the terms and conditions of the Sale.

26. The provisions of this Order, including any related findings of fact and conclusions of law, shall be binding upon all parties in interest in the cases, including without limitation, the

11

Trustee and his respective successors and assigns and will continue in full force and effect notwithstanding the dismissal of these cases or their conversion to a different chapter of the Bankruptcy Code.

Signed: May 06, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

Order respectfully submitted by:

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By:     */s/ William S. Robbins*
        Paul Douglas Stewart, Jr. (La. Bar # 24661)
        *Admitted to Southern District of Texas*
        (SDTX Federal No. 432642)
        dstewart@stewartrobbins.com
        William S. Robbins (Tx. Bar # 24100894)
        wrobbins@stewartrobbins.com
        Brandon A. Brown (Tx. Bar # 24104237)
        bbrown@stewartrobbins.com
        301 Main Street, Suite 1640
        Baton Rouge, LA 70801-0016
        Telephone: (225) 231-9998
        Facsimile: (225) 709-9467

        ***Counsel for Michael D. Warner, Chapter 7 Trustee***

12

## BILL OF SALE

THIS BILL OF SALE (this "**Bill of Sale**") is entered into as of _____ __, 2026 (the "**Effective Date**") by and between **Michael D. Warner, Chapter 7 Trustee ("Trustee") for the bankruptcy estates of MLCJR LLC; Cox Oil Offshore, L.L.C.; Cox Operating, L.L.C.; Energy XXI GOM, LLC; Energy XXI Gulf Coast, LLC; EPL Oil & Gas, LLC; and M21K, LLC ("Seller")**[1], and _____("**Purchaser**").

1. **Conveyance**.  For the purchase price of $_____, the receipt and sufficiency of which Seller hereby acknowledges, Seller does hereby irrevocably **ASSIGN, BARGAIN, SELL, TRANSFER, SET-OVER, GRANT, CONVEY AND DELIVER** without any legal warranties whatsoever, even as to title or for return of the purchase price, but with full substitution and subrogation in and to all the rights and actions of warranty which they have or may have against all preceding owners and vendors, and warranties, indemnities, and all similar rights against third parties, unto Purchaser, and Purchaser hereby accepts from Seller, all of Seller's right, title and interest in and to the pipes, tubular inventory and other equipment listed on **Exhibit A** attached hereto and made a part hereof collectively, the "**Equipment**"), together with all of Seller's rights under warranties, indemnities, and all similar rights against third parties, to the extent related to the Equipment.

2. **"AS IS/WHERE IS"**.  The Equipment is transferred by Seller and accepted by Purchaser without any warranty of any kind as to the Equipment, including without limitation, warranty as to the title.  Without limiting the foregoing,  on an "as is" "where is" basis "with all faults." Seller has not made and does not make any representations as to the physical condition, operation or any other matter affecting or related to the Equipment. Purchaser hereby expressly acknowledges that no such representations have been made. Seller expressly disclaims and Purchaser acknowledges and accepts that Seller has disclaimed to the maximum extent permitted by law, any and all representations, warranties or guaranties, of any kind, oral or written, express or implied, concerning the Equipment, including without limitation, (a) the value, condition, merchantability, marketability, profitability, suitability or fitness for a particular use or purpose of the Equipment, (b) the manner or quality of the construction or materials, if any, incorporated into any of the Equipment and (c) the manner, quality, state of repair or lack of repair of the Equipment. Purchaser hereby expressly waives and renounces any and all rights in redhibition pursuant to Louisiana Civil Code Article 2520, et seq., the warranty imposed by Louisiana Civil Code Article 2475, and the ability to rescind the transfer of the Equipment, and hereby releases Seller from any and all liability whatsoever in connection therewith.  Further, and without limitation, Purchaser waives and releases any and all claims against Seller, whether known or unknown, now or hereafter existing, based on or related to insurance on the Equipment.  Purchaser shall be responsible for all taxes, transfer fees, licensing and other costs or fees arising out of or relating to the Equipment and the transfer of the Equipment. Further, Purchaser shall be responsible for all costs and fees associated with moving the Equipment from its current location.

---

[1] In re: MLCJR LLC, et al, Case No. 23-90324 ("**Bankruptcy Case**"), administratively consolidated, United States Bankruptcy Court, Southern District of Texas, Houston Division, (the "**Bankruptcy Court**").

#6651750v1

Exhibit 1

3. **Bankruptcy Court Order.**  This Bill of Sale is executed in connection with that Order entered by the Bankruptcy Court on _____, 2026 (Docket #_____, the "Auction Sale Order"), and the sale contemplated herein, is subject to all conditions set forth in the Auction Sale Order. In the event of a conflict between the Auction Sale Order and this Bill of Sale, the Auction Sale Order shall control.

4. **Governing Law.** This Bill of Sale is governed by, and construed in accordance with, the laws of the State of Louisiana, without regard to the conflict of laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of Louisiana.

5. **Venue and Jurisdiction.** Seller and Purchaser agrees that venue and jurisdiction for any action or proceeding in respect of any claim arising out of or related to the Equipment, this Bill of Sale, or any transactions relating thereto, shall be exclusively in the Bankruptcy Court and further (i) irrevocably submit to the exclusive jurisdiction of the Bankruptcy Court, (ii) waive any objection to laying venue in any such action or proceeding in the Bankruptcy Court, and (iii) waive any objection that the Bankruptcy Court is an inconvenient forum or does not have jurisdiction over any party hereto.

6. **Successors and Assigns**.  All of the provisions hereof shall inure to the benefit of, and be binding upon, Seller and Purchaser and their respective successors and assigns.

7. **Counterparts**.  This Bill of Sale may be executed by Seller and Purchaser in any number of counterparts, each of which shall be deemed an original instrument, but all of which, together, shall constitute but one and the same agreement.

**IN WITNESS WHEREOF**, each party hereto has executed this Bill of Sale as of the Effective Date.

**SELLER**

_____
**Michael D. Warner, solely in his capacity as Chapter 7 Trustee for the bankruptcy estates of MLCJR LLC; Cox Oil Offshore, L.L.C.; Cox Operating, L.L.C.; Energy XXI GOM, LLC; Energy XXI Gulf Coast, LLC; EPL Oil & Gas, LLC; and M21K, LLC**

**PURCHASER**

**By:**_____
**Name:** _____
**Title:** _____

#6651750v1

**EXHIBIT A**
**EQUIPMENT**

#6651750v1



# HENDERSON AUCTIONS
## 2026 - 2027 ANNUAL ONLINE ONLY AUCTION AGREEMENT

**OWNER**   Michael D. Warner, Chapter 7 Trustee, *In re MLCJR LLC, et al.,* Case No. 23-90324, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division

**REPRESENTATIVE** Michael D. Warner, Chapter 7 Trustee

**Physical Address** _____   **City, State, Zip** _____

**Phone** _____   **Email** _____

TERMS: **BUYER**: SUCCESSFUL BIDDER AT AUCTION | **OWNER**: SELLER AND CONSIGNOR OF AUCTION ITEM(S) | **AUCTIONEER**: HENDERSON AUCTIONS
   **CLOSING:** THE COMPLETION OF TRANSFER OF OWNERSHIP TITLE OF AUCTION ITEM FROM OWNER TO  BUYER.

This Auction Agreement is entered into by **HENDERSON AUCTIONS** of Livingston, Louisiana, hereinafter referred to as **AUCTIONEER**, and **OWNER** listed above Hereinafter collectively referred to as **OWNER** under the following terms and conditions:

**Henderson Auctions agrees to conduct a public online-only auction sale of the items of property consigned by the OWNER.**

**Online Auction Bidding Open Date**: ___TBD__ _____

**Online Auction Bidding Closing Date:** __TBD_____

(1). OWNER agrees to pay AUCTIONEER for the services rendered by AUCTIONEER a commission of **_0_** % of the gross receipts from all sales of the Property made during the effective period of this Auction Agreement whether such sales are made at public auction, by private sale or in any other manner. The effective period of this Auction Agreement will begin on the execution date of this contract and will continue Ninety (90) consecutive calendar days beyond the closing date of the auction.

(2). AUCTIONEER agrees to prepare all advertising material and publicity necessary to advertise and promote the auction and shall be   paid the sum of $__0___ for same. Special Terms of Sale can be found on Addendum A to this agreement.

(3). **$50** Title Fee for each titled item.

(4). **$25** Minimum Commission Fee on All Lots

(5). OWNER and AUCTIONEER agree that all checks shall be made payable to HENDERSON AUCTIONS.AUCTIONEER will hold the OWNER'S portion of the proceeds from said auction in escrow for the benefit of the OWNER pending payment to Owner.  AUCTIONEER will be allowed a period of **15** banking days from the sale date in which to remit OWNER's portion of the proceeds from said auction. OWNER agrees to release property once AUCTIONEER receives payment from the BUYER. AUCTIONEER will provide OWNER with a written itemization of Property sold, the selling price, and the actual dollar amount received, therefore, OWNER will not bid on the Property.

(6). AUCTIONEER shall use OWNER's name and act on behalf of OWNER fully and to the same extent as OWNER could do personally, to execute all necessary deeds (if any), Bills of Sale, conveyances and other instruments of every nature necessary or appropriate to the carrying out the power of sale herein granted and the transfer of title to the Property herein described to the respective buyers thereof; provided, however, that AUCTIONEER shall not make or provide buyers or any other persons with any oral or written representations or warranties on OWNER's behalf relating to any items of Property, which Property shall be sold **"AS IS, WHERE IS, AND WITH ALL FAULTS"** in each instance.

(7). OWNER hereby agrees to sell listed and advertised Property to the highest bidder and deliver to AUCTIONEER the Bill of Sale and Titles, free and clear of ALL liens and encumbrances.

(8). OWNER promises and agrees that the listed Property (except where such Property will be located and auctioned off-site) will be available for viewing  **_10_** days prior to the auction date, and in the event of a failure of OWNER to deliver said Property (except when caused by an event such as an Act of God, or theft of the Property) reasonably in advance of the auction date, or if OWNER shall materially breach this contract, said OWNER agrees to pay the full commission as provided above plus any other actual damages that may occur, including attorney fees and court costs, to AUCTIONEER directly due to OWNER's breach of this contract or unexcused failure to deliver. In such instance, the commission is to be based on the fair market value of said Property. In no event will either party be liable to the other for indirect, special, consequential or exemplary damages, including, but not limited to, losses of profits, business or opportunities.

(9). Property shall be sold free and clear of liens, provided that storage fees for current locations of the Property, which such storage fees to be provided to Auctioneer prior to auction. AUCTIONEER agrees that starting bids for the Property must cover the starting fees.

(10). OWNER agrees to hold AUCTIONEER free from any damages or losses that may occur to equipment or merchandise while preparing for said auction, except in the case of gross negligence or willful misconduct by AUCTIONEER.

(11). Default by BUYER. In the event of default by the BUYER, including failure to pay for items at close of Auction:

   a.   **AUCTIONEER, at the request of Owner, may terminate this Agreement with no further obligation on the part of the OWNER or AUCTIONEER, in which case the Auction items that are not paid for would remain in the possession of the OWNER; OR AUCTIONEER, at the request of OWNER, may continue to market the Auction items until the expiration date of the Agreement, applying all terms and fees set forth in the Agreement.**

   b.   **OWNER, in cooperation with AUCTIONEER, may seek specific performance against BUYER for the enforcement of BUYER's obligations under Louisiana Law, including but not limited to the payment of the Purchase Price.**

   c.   **OWNER shall not be entitled to any other remedy except as set forth above.**

This Agreement, including the Exhibits attached hereto, constitutes the entire agreement between the parties and it shall not be changed except by a written document signed by both parties.

This Agreement shall be binding upon and inure to the benefit of the parties and to their respective heirs, successors and assigns.
**I have read, understand, and agree to the above terms and conditions.**

**OWNER** Michael D. Warner, Chapter 7 Trustee, *In re MLCJR LLC, et al.,* Case No. 23-90324, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division   **REPRESENTATIVE** Michael D. Warner, Chapter 7 Trustee

By:_____ Title: Chapter 7 Trustee_____   Date: _____

By HENDERSON AUCTIONS: Jason M. Bush_____   Date: 3/19/2026_____

Executed with a stated effective period ending **90 days from the scheduled Auction date**.

Exhibit 2

**HENDERSON AUCTIONS**
**2026 - 2027 ANNUAL ONLINE ONLY AUCTION AGREEMENT**

**ADDENDUM A**

Henderson Auctions agrees to conduct a public online-only auction sale of the items of property consigned by the OWNER.

**Online Auction Bidding Open Date**: ___TBD_____

**Online Auction Bidding Closing Date**: ___TBD_____

Address Location of auction items (if different than physical address):

**Address:** _____   **City, State, Zip** _____

**SPECIAL TERMS:**

HENDERSON AUCTIONS WILL CHARGE A 10% BUYER'S PREMIUM TO THE HIGH BIDDER FOR EACH LOT SOLD.

FROM PROCEEDS OF THE AUCTION, OWNER AGREES TO PAY FOR ALL OF HENDERSON AUCTIONS DIRECT COSTS RELATED TO THE SETUP AND MARKETING OF THE AUCTION.

EACH LOT WILL BE SOLD AS-IS WHERE IS.

BUYERS WILL BE SOLELY RESPONSIBLE FOR THE LOADOUT OF THE LOT/LOTS PURCHASED.

OWNER WILL BE  RESPONSIBLE FOR PAYING ALL STORAGE FEES DUE ON EACH LOT SOLD IN THE AUCTION FROM THE PROCEEDS OF THE AUCTION.

**OWNER IS SELLING ITEMS ABSOLUTE:**

- ALL ITEMS WILL BE SOLD ABSOLUTE, NO RESERVE, TO THE HIGHEST BIDDER.
- FOR THE AVOIDANCE OF DOUBT, OWNER WILL NOT BE RESPONSIBLE FOR ADVANCING ANY FEES OR COSTS RELATED TO THE AUCTION OR THE SALE OF THE PROPERTY.

This Agreement, including any Exhibits attached hereto, constitutes the entire agreement between the parties and it shall not be changed except by a written document signed by both parties.

This Agreement shall be binding upon and inure to the benefit of the parties and to their respective heirs, successors and assigns.
**I have read, understand, and agree to the above terms and conditions.**

**OWNER** Michael D. Warner, Chapter 7 Trustee, *In re MLCJR LLC, et al.*, Case No. 23-90324, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division

**REPRESENTATIVE** Michael D. Warner, Chapter 7 Trustee _____

By:_____Title: Chapter 7 Trustee_____   Date: _____

By HENDERSON AUCTIONS: Jason M. Bush_____   Date: 3/19/2026_____

Executed with a stated effective period ending **90 days from the scheduled Auction date**.
_____

**HENDERSON AUCTIONS** Contract version 2026-2027ONLINEAUCTIONAGREEMENT013125

13340 Florida Blvd. | P.O. Box 336 | Livingston, LA 70754 | Office 225.686-2252