United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | **Chapter 7** |
| | ) | |
| **MLCJR LLC, *et al.*,**[1] | ) | **Case No. 23-90324 (CML)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |
| | ) | |

**ORDER APPROVING THE TRUSTEE'S COMPROMISE WITH
WAUKESHA-PEARCE INDUSTRIES, LLC PURSUANT TO
BANKRUPTCY RULE 9019 AND BANKRUPTCY CODE § 363**
(Related Doc. No. 2622)

Before the Court is the *Trustee's Motion to Compromise with Waukesha-Pearce Industries, LLC Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code § 363* [Doc. No. 2622] (the "**Motion**") filed by Michael D. Warner (the "**Trustee**"), appearing solely in his capacity as chapter 7 trustee for the above-captioned administratively consolidated estates (collectively, the "**Estates**"), seeking a final order (this "**Settlement Order**") approving the proposed settlement by and between the Trustee, on the one hand, and Waukesha-Pearce Industries, LLC ("**WPI**"), on the other hand, under Bankruptcy Rule 9019 and Bankruptcy Code Section 363 (the "**Settlement Agreement**"), a copy of which is attached hereto and made a part hereof as **Exhibit "1."**

This Court, having jurisdiction and venue to consider the Motion, and with due and proper notice of the Motion having been provided to all creditors and other parties in interest; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and having

---

[1] The debtors in these cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is fair, reasonable, and in the best interests of the Debtors, the Estates, and their creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefore:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[2]**

A. **Jurisdiction and Venue**. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b) and (o). Venue of these chapter 7 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicates.** The statutory and other legal bases for the relief provided herein are section 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rule 9019. The consummation of the transactions contemplated by the Motion are legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Trustee has complied with all of the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, in respect of such transactions.

C. **Final Order.** This Settlement Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

implementation of this Settlement Order, waives any stay, and expressly directs entry of this Settlement Order.

D.      **Notice of Hearing on Motion**. As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Motion and relief contemplated thereby has been provided in accordance with the Bankruptcy Code, Bankruptcy Rules, and the Bankruptcy Local Rules. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion is or shall be required. The disclosures made by the Trustee concerning the Motion were good, complete, and adequate. The requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

E.      **Compromise in the Best Interest of the Estates**. Good and sufficient reasons for approval of the Trustee's proposed settlement with WPI, and the transactions to be consummated in connection therewith have been articulated by the Trustee, and the relief requested in the Motion is in the best interests of the Debtors, the Estates, their creditors, and other parties in interest. The Settlement Amount (as defined in the Settlement Agreement) falls well within the range of reasonableness for the settlement and amicable resolution of the resolved claims, demands, and causes of action as fully set forth in the Settlement Agreement. The terms of the Settlement Agreement satisfy the factors set forth in *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968), *Official Comm. of Unsecured Creditors v. Cajun Electric Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.),* 119 F.3d 349, 355-56 (5th Cir. 1997), and their progeny. The Trustee has demonstrated both (a) good, sufficient, and sound business purposes and justifications and (b) compelling circumstances for the Settlement Agreement outside of the ordinary course of business, pursuant to section 363(b) of the Bankruptcy

Code, in that, among other things, the immediate consummation of the Settlement Agreement with WPI is necessary and appropriate to maximize the value of the Estates. The Trustee's decision to enter into the Settlement Agreement with WPI constitutes a proper exercise of the Trustee's fiduciary duties.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** and **APPROVED** as provided herein.

2.      All objections to the Motion that have not been withdrawn, waived, or settled are hereby overruled.

3.      The Settlement Agreement is approved as being in the best interest of the Estates and their creditors. To the extent of a conflict between this Settlement Order and the Settlement Agreement, the Settlement Order shall control.

4.      The Trustee, without further order or authorization from the Court, shall have the authority to enter into and execute any and all documentation necessary to carry out the relief granted in this Settlement Order and is authorized to take any necessary or appropriate steps to effectuate the terms of the Settlement Agreement.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the obligations under the Settlement Agreement.

Signed: May 15, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

4

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | |
| **MLCJR LLC,** *et al.,*[1] | ) | **Case No. 23-90324 (CML)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |
| | ) | |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("**Settlement Agreement**") is entered into by and between (A) Michael D. Warner, solely in his capacity as Chapter 7 trustee for the above-captioned administratively consolidated estates (the "**Trustee**" of the "**Estates**"), and (B) Waukesha-Pearce Industries, LLC (the "**WPI**") (collectively, the Trustee and WPI are referred to herein as the "**Parties**" and each, as a "**Party**").

### RECITALS:

**WHEREAS,** on May 14, 2023, the Debtors filed voluntary Chapter 11 petitions (the "**Petition Date**") in the United States Bankruptcy Court, for the Southern District of Texas, Houston Division (the "**Court**"). As of May 16, 2023, the Debtors' bankruptcy cases (the "**Bankruptcy Cases**") were consolidated for procedural purposes only and have since been jointly administered by the Court under Case Number 23-90324.

---

[1] The debtors in these cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939) (the "**Cox Operating Estate**"); Energy XXI GOL, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

Exhibit 1

**WHEREAS,** on February 28, 2024, the Court converted each of the Debtors' Bankruptcy Cases to cases under Chapter 7 of Title 11, United States Code (the "**Bankruptcy Code**") [Dkt. No. 1720].

**WHEREAS,** on May 6, 2024, the Court approved Michael D. Warner's election as permanent Chapter 7 trustee for each of the Estates, subject to his ability to qualify under Section 322(a) of the Bankruptcy Code [Dkt. No. 1919]. On May 8, 2024, Michael D. Warner filed his Notice of Bond and Acceptance of Election [Dkt. No. 1996]. As of May 8, 2024, Michael D. Warner is the duly elected, qualified, and acting Chapter 7 trustee for each of the Estates, and remains as Trustee as of this date.

**WHEREAS,** WPI has neither filed a proof of claim in the Bankruptcy Cases nor asserted a Chapter 11 administrative expense claim against the Estates.

**WHEREAS,** the Trustee asserts that, during the ninety (90) days prior to the Petition Date, Cox Operating transferred to WPI, by wire, bank transfers, or check, the aggregate sum of $225,532.79 (collectively, the "**Transfers**").

**WHEREAS,** the Trustee has asserted that the Transfers are avoidable and recoverable under certain provisions of the Bankruptcy Code (the "**Avoidance Claims**"), and WPI maintains that it has viable defenses to the Avoidance Claims.

**WHEREAS,** on or about May 11, 2025, the Parties executed a Tolling Agreement, therein agreeing that the Trustee's time to commence any claims against WPI arising under Chapter 5 of the Bankruptcy Code, including without limitation Bankruptcy Code § 547 shall be tolled through and until September 1, 2025. By that certain *First Extension of Tolling Agreement* executed by the Parties on or about August 20, 2025, such deadline was extended by the Parties through and including December 31, 2025. By that certain *Second Extension of Tolling Agreement* executed

Docusign Envelope ID: DB9ADC5E-BFD5-4A7B-AA04-C353918AEB35

by the Parties on or about December 17, 2025, such deadline was extended by the Parties through January 31, 2026.   By that certain *Third Extension of Tolling Agreement* executed by the Parties on or about January 28, 2026, such deadline was extended by the Parties through March 30, 2026. By that certain *Fourth Extension of Tolling Agreement* executed by the Parties on or about March 25, 2026, such deadline was extended by the Parties through May 30, 2026.

**WHEREAS,** WPI maintains that it has viable defenses to the Avoidance Claims.

**WHEREAS,** without admitting that the other Party's claims or defenses have merit, the Parties desire to settle the issues relating solely to the Avoidance Claims according to the terms and conditions set out herein.

**IT IS NOW, THEREFORE, STIPULATED AND AGREED** by and between the Parties as follows:

1.       <u>Waiver and Release of Certain Preferential Transfers Claims by Trustee</u>. For and in consideration of this Settlement Agreement, and of the promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee agrees to compromise, settle, release, discharge, and extinguish any and all claims the Trustee or the Estates has or could have asserted against WPI in the Bankruptcy Cases, including the Avoidance Claims and all claims under State, Federal, and common law (the "**Release**"). For the avoidance of doubt, nothing herein shall be deemed a release by the Trustee of any of his rights or obligations, including his statutory right to object to any proof of claim or administrative expense claim filed by WPI. Notwithstanding anything to the contrary herein, upon the occurrence of the Revival of WPI's Obligation, as defined below, the Release granted pursuant to this paragraph shall be deemed null and void *ab initio* and shall have no legal force or effect whatsoever.

2.      Waiver and Release of Claims by WPI. For and in consideration of this Settlement Agreement, and of the promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, WPI agrees to compromise, settle, release, discharge, and extinguish any and all claims that WPI has or could have asserted against the Estates, the Trustee and his agents, as well as all claims which WPI could assert against the Estates pursuant to 11 U.S.C. § 502(h) as a result of this Settlement Agreement and payment of the Settlement Amount.  WPI acknowledges and represents that (I) it has not (a) filed a proof of claim into the Claims Registry of the Bankruptcy Cases, or (b) asserted a Chapter 11 administrative expense claim against the Estates, and (II) waives all rights to file and/or assert such claims in the future.

3.      Consideration. In exchange for the aforementioned waiver, WPI will remit to the Trustee in indefeasible funds, *via* wire transfer (to an account designated in writing by the Trustee) the sum of **ONE HUNDRED SIXTY FIVE THOUSAND AND 0/100TH DOLLARS** ($165,000.00) (the "**Settlement Amount**") within fourteen (14) calendar days following the transmission by the Trustee's counsel to WPI of the Court's Order approving the settlement described herein pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Approval Order**").

4.      Effective Date. This Settlement Agreement shall be binding and deemed effective when (i) both Parties have executed the same and delivered counterparts of such signatures to the other Party, (ii) the Trustee receives, in indefeasible funds, the Settlement Amount, and (iii) the Court enters the Approval Order.

5.      Sufficiency of Consideration and other Settlement Matters. The Parties hereto acknowledge and agree that the promises and obligations set forth herein are supported by

sufficient and adequate consideration. The Parties acknowledge and agree that they have thoroughly considered all aspects of this Settlement Agreement, that they have discussed this Settlement Agreement and its implications with their attorneys, that they have carefully read and fully understand all the provisions of this Settlement Agreement and that they are voluntarily entering into this Settlement Agreement. Nothing in this Settlement Agreement shall release any Party from any obligation arising under this Settlement Agreement. This Settlement Agreement reflects and represents the compromise of disputed claims, and this Settlement Agreement is entered into solely to avoid the uncertainty, inconvenience, and expense of litigation.

6.      Revival of WPI's Obligation. If the Estates repay, restore, or return, in whole or in part, the Settlement Amount, because the payment or transfer, or the incurrence of the obligation so satisfied, or the execution of the Settlement Agreement by WPI, is declared to be void, voidable, or otherwise recoverable under any agreement, or state or federal law (collectively, a "**WPI's Voidable Transfer**"), including, pursuant to a case under Title 11 of the United States Code for WPI, or a state court proceeding, including an assignment for the benefit of creditors, by, against or on behalf of WPI (collectively, a "**WPI Case**"), or because the Trustee or the Estates elect to do so on the reasonable advice of counsel to the Trustee in connection with an assertion that the payment, transfer, or incurrence of the Settlement Amount, or part thereof, or the execution of the Settlement Agreement, is a WPI's Voidable Transfer, then, the liability for the Transfers will automatically and immediately, without further action, be revived, reinstated, and restored and will exist as though the WPI's Voidable Transfer had never been made or occurred; and the Trustee or the Estates shall have an allowed claim against WPI in a WPI Case in the full amount of the Transfers, which allowed claim will not be disputed by WPI in such a WPI's Case (the "**Revival of the WPI's Obligation**").

7.     <u>Representation and Warranties</u>. Each person who signs this Settlement Agreement represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom they are signing and to bind the Party to the terms of this Settlement Agreement.

8.     <u>Parties Bear Own Expenses Related to Litigation and Settlement</u>. The Parties agree that each Party will bear its own attorneys' and other fees, expenses, and disbursements incurred by or on behalf of such Party in connection with this Settlement Agreement, and all matters addressed therein.

9.     <u>Assignment</u>. No Party hereto shall have the right to assign, in whole or in part, its interest in this Settlement Agreement or any of its respective rights or obligations hereunder. Subject to foregoing, this Settlement Agreement shall be binding upon the Parties hereto and their successors and permitted assigns.

10.     <u>Whole Agreement; Effect on Other Agreements.</u> There are no other agreements, arrangements, or understandings between the Parties hereto regarding the subject matter of this Settlement Agreement. This Settlement Agreement supersedes all previous contracts, agreements, and understandings between the Parties respecting the subject matter of this Settlement Agreement. As between the Parties, no oral statements or prior written materials respecting the subject matter hereof shall be of any force and effect.

11.     <u>Language Construction; Headings</u>. The language in all parts of this Settlement Agreement shall be construed, in all cases, according to its plain meaning, and each Party hereto acknowledges that such Party and its counsel have reviewed this Settlement Agreement and have actively participated in its drafting. Accordingly, the Parties agree that the normal rule of construction, to the effect that any ambiguities are to be resolved against the drafting Party, shall not be applied in the interpretation of this Settlement Agreement. The headings used herein are for

reference only and shall not limit or control the meaning or interpretation of any provision hereof. This Settlement Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of Texas.

12. Severability. The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity, and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

13. No Third-Party Beneficiaries. Other than as set forth herein, none of the obligations and duties of any Party under this Settlement Agreement shall in any way or in any manner be deemed to create any obligation to, or any rights in, any person or entity not a party to this Settlement Agreement.

14. Modifications or Amendments. This Settlement Agreement shall not be modified, altered, amended, or vacated, except by a writing signed by all Parties or by order of Court. No course of dealing between or among any persons having any interest in this Settlement Agreement shall be deemed effective to modify or amend any part of this Settlement Agreement, or any rights or obligations of any Party under, or by reason of, this Settlement Agreement.

15. Taxes. Each Party shall be responsible for (i) determining its own tax consequences associated with this Settlement Agreement; and (ii) the payment of any taxes that may be due and owing by such Party as a consequence of this Settlement Agreement.

16. Counterparts. This Settlement Agreement may be executed in any number of counterparts, each and all of which shall be deemed an original and all of which together shall constitute one and the same instrument. The exchange of copies of this Settlement Agreement and

executed signature pages hereto by facsimile transmission or electronic mail shall constitute effective execution and delivery of this Settlement Agreement and may be used in lieu of the original Settlement Agreement for all purposes.

      **IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be duly executed and delivered.

**FOR AND ON BEHALF OF:**

**Waukesha-Pearce Industries, LLC**

By: _Robert J. Shaffer_            Date:   3/26/2026

Print Name:   Robert J. Shaffer

Title: Executive Vice President, Chief Financial Officer

By: _____      Date:   3/29/26

**Michael D. Warner, solely in his capacity as Chapter 7 Trustee for the Estates**

United States Bankruptcy Court
Southern District of Texas

In re:                                                                                      Case No. 23-90324-cml

MLCJR LLC                                                                                    Chapter 7

Ad Hoc Committee of Statutory Lien Credi

    Debtors

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 6 |
| Date Rcvd: May 15, 2026 | Form ID: pdf002 | Total Noticed: 121 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Cox Oil Offshore, L.L.C., 4514 Cole Ave, Suite 1175, Dallas, TX 75205-4183 |
| db | #+ | EPL Oil & Gas, LLC, 4514 Cole Ave, Suite 1175, Dallas, TX 75205-4183 |
| db | + | M21K, LLC, 1021 Main St #2626, Houston, TX 77002-6516 |
| db | + | MLCJR LLC, 4514 Cole Ave, Suite 1175, Dallas, TX 75205-4183 |
| aty | + | Amanda Rose Stanzione, Latham and Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020-1300 |
| aty | + | Anup Sathy, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654-3406 |
| aty | + | Barry J Sallinger, Barry Sallinger, APLC, 820 East St. Mary Blvd, Suite 1, Lafayette, LA 70503-2365 |
| aty | + | Blaine Scott, Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W. Washinton, DC, Washington, DC 20006-1037 |
| aty | + | Christopher T Caplinger, 601 Poydras Street Suite 2775, New Orleans, LA 70130-6041 |
| aty | + | Clint Cowan, Kirkland and Ellis LLP, 4550 Travis St., Dallas, TX 75205-4666 |
| aty | + | Elizabeth Rachel Marks, Latham and Watkins LLP, 200 Clarendon St, Boston, MA 02116-5021 |
| aty | + | Evan Swager, KIRKLAND & ELLIS LLP, 601 Lexington Ave, New York, NY 10022-4643 |
| aty | + | Justin G. Lipe, Gray Reed, 1300 Post Oak Blvd., Suite 2000, Houston, TX 77056-8000 |
| aty | + | Matthew S. Barr, Weil Goshal et al, 767 Fifth Avenue, New York, NY 10153-0119 |
| aty | #+ | Robert S. Velevis, SIDLEY AUSTIN LLP, 2021 McKinney Avenue, Suite 2000, Dallas, TX 75201-3351 |
| aty | + | Sam H Poteet, Manier & Herod PC, 1201 Demonbreun St, Suite 900, Nashville, TN 37203-5078 |
| aty | + | Stephen James Johnson, Morris Bart, LLC, Pan American Life Center, 601 Poydras Street, 24th Floor, New Orleans, LA 70130-6036 |
| aty | + | Stone Pigman Walther Wittmann L.L.C., 909 Poydras Street, Suite 3150, New Orleans, LA 70112-4041 |
| aty | + | Vincent John DeVito, Jr., c/o Stromberg Stock, PLLC, 8350 N. Central Expressway, Suite 1225, Dallas, TX 75206, UNITED STATES 75206-1600 |
| cr | + | A-Port, LLC, c/o Timothy Thriffiley, 8311 Highway 23, Suite 104, Belle Chasse, LA 70037-2606 |
| cr | + | Adapt Concepts, L.L.C., 209 Marcon Dr., Lafayette, LA 70507-6210 |
| crcm | + | American Panther, LLC, PO BOX 1227, Houston, TX 77251-1227 |
| cr | + | Axip Energy Services, LP, Foley & Lardner LLP, c/o Thomas C. Scannell, 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |
| cr | | Axis Newco, LLC, Attn: Connor Smith, 16225 Park Ten Place Dr., Suite 700, Houston, TX 77084 UNITED STATES |
| cr | + | BRI 1850 Houston OCC, LLC, c/o Michael P. Menton, 3333 Lee Parkway, 8th Floor, Dallas, TX 75219-5111 |
| cr | + | BSREP II Houston Office 1HC Owner, LLC, c/o Chamberlain Hrdlicka, Attn: Bankruptcy Department, 1200 Smith Street, Suite 1400 Houston, TX 77002-4496 |
| cr | + | Benjamin Ford Kitchen, IV, 1510 West 9th St, Austin, TX 78703-4808 |
| cr | + | Benoit Premium Threading LLC, 3400 Industrial Park, Houma, LA 70363-3919 |
| intp | + | Blackcomb Energy, LLC, c/o Chamberlain Hrdlicka, Attn: Bankruptcy Department, 1200 Smith Street, Suite 1400, Houston, TX 77002-4496 |
| cr | + | CRESCENT GIGS, LLC, Gordon Arata Montgomery Barnett, 400 East Kaliste Saloom Road, Suite 4200, Lafayette, LA 70508 UNITED STATES 70508-8522 |
| cr | + | Cactus Wellhead LLC, Mehaffy Weber, P.C., c/o Blake Hamm, P.O. Box 16, Beaumont, TX 77704-0016 |
| cr | + | Cactus Wellhead, LLC, c/o Bradley Arant Boult Cummings LLP, Attn: James B. Bailey, 1819 Fifth Avenue North, Birmingham, AL 35203-2120 |
| cr | + | Cardinal Coil Tubing, LLC, c/o John A. Mouton, III, P. O. Box 82438, Lafayette, LA 70598, UNITED STATES 70598-2438 |
| cr | + | Chalmers, Collins, Alwell, Inc., 705 W. Pinhook Rd., Lafayette, LA 70503-2315 |
| cr | + | Crescent GIGs LLC, Gordon Arata Montgomery Barnett, 400 E. Kaliste Saloom Road, Suite 4200, Lafayette, LA 70508 UNITED STATES 70508-8522 |

District/off: 0541-4 | User: ADIuser | Page 2 of 6
Date Rcvd: May 15, 2026 | Form ID: pdf002 | Total Noticed: 121

| | | |
|---|---|---|
| cr | + | Crescent Midstream, LLC, Gordon Arata Montgomery Barnett, 400 East Kaliste Saloom Road, Suite 4200, Lafayette, LA 70508 UNITED STATES 70508-8522 |
| cr | + | Cueria Law Firm, LLC o/b/o Dillon Mitchell, Cueria Law Firm, LLC, 650 Poydras Street, Suite 2740, New Orleans, LA 70130, UNITED STATES 70130-6123 |
| cr | | Delta Energy Management and Consulting, LLC, 4917 Picone Street, Metairie, LA 70006-1040 |
| cr | + | Drake ChemCo, LLC, 1201 Canal Street, Suite 652, New Orleans, LA 70112-2721 |
| cr | + | EPS Logistics Company, 425 Industrial Pkwy, Lafayette, LA 70508-3351 |
| cr | + | Eaton Oil Tools, Inc., P.O. Box 1050, Broussard, LA 70518-1050 |
| cr | + | Eugene Lazard, Gordon Arata Montgomery Barnett, 400 East Kaliste Saloom Road, Suite 4200, Lafayette, LA 70508 UNITED STATES 70508-8522 |
| cr | + | Expeditors and Production Services, 425 Industrial Pkwy, Lafayette, LA 70508-3351 |
| cr | + | FW GOM Pipeline, Inc., 2000 W Sam Houston Pkwy S, Suite 1200, Houston, TX 77042-3623 |
| cr | + | Frost Bank, Attn: Joshua L. Shepherd, 2001 Bryan Street, Suite 1800, Dallas, TX 75201-3070 |
| cr | + | GIR Solutions, LLC, 115 W. Greenhill Cr, Broussard, LA 70518-7512 |
| cr | + | General Crude Oil Company, 2726 Bissonnet St. 240-50, Houston, TX 77005, UNITED STATES 77005-1319 |
| cr | + | Genesis Energy, L.P., 919 Milam, Ste. 2100, Houston, TX 77002-5417 |
| cr | + | Gulf South Services, P. O. Box 1987, Gray, LA 70359-1987 |
| cr | + | Gulfstream Services, Inc., 723 Point Street, Houma, LA 70360-4744 |
| cr | + | H.I.S. Fire & Safety Equipment, LLC, c/o Misty A. Segura, Spencer Fane, LLP, P.O. Box 368, Delcambre, LA 70528-0368 |
| cr | | Halliburton Energy Services, Inc., Attn: Connor Smith, 16225 Park Ten Place Dr., Suite 700, Houston, TX 77084 UNITED STATES |
| cr | + | Home Industry Disposal Company, Inc., 200 N. Saint Charles, Abbeville, LA 70510-5106 |
| intp | + | J.M. Huber Corporation, c/o Armistead M. Long, Gordon Arata Montgomery Barnett, 1015 Saint John Street, Lafayete, LA 70501-6711 |
| sp | + | JONES WALKER LLP, c/o Mark A. Mintz, Esq., 201 St. Charles Avenue, 51st Floor, New Orleans, LA 70170-5100 |
| cr | + | Jeremy Fontenot, Gordon Arata - Attn: Armistead Long, 400 E. Kaliste Saloom Road, Suite 4200, Lafayette, LA 70508 UNITED STATES 70508-8522 |
| op | + | Keller & Heckman, LLP, 1001 G Street NW, Suite 500 West, Washington, DC 20001-4564 |
| cr | + | Kilgore Marine Services, LLC, 200 Beaullieu Drive, Bldg. 8, Lafayette, LA 70508-7230 |
| intp | + | LLOX, LLC, Attn David Seay, Land Manager, 1001 Ochsner Blvd, Ste A, Covington, LA 70433-8163 |
| cr | + | Laborde Marine Management, LLC, 601 Poydras St., Suite 1725, New Orleans, LA 70130-6033 |
| cr | + | Liberty Mutual Insurance Company, 1001 Fourth Avenue, Ste. 3800, Seattle, WA 98154, UNITED STATES 98154-1125 |
| cr | + | Linear Controls, Inc., 107 Commission Boulevard, Lafayette, LA 70508-3514 |
| cr | + | Logic Control Systems, LLC, c/o Timothy Thriffiley, 8311 Highway 23, Suite 104, Belle Chasse, LA 70037-2606 |
| cr | + | M&H Enterprises, Inc., 8319 Thora Ln Hngr A2, Spring, TX 77379-3153 |
| intp | + | McMoran Oil & Gas, LLC, Locke Lord LLP, Omer F. Kuebel, III, Philip G. Eisenberg, 601 Poydras St., Suite 2660 New Orleans, LA 70130-6032 |
| cr | + | Nationwide Mutual Insurance Company, 1100 Locust St. - Dept. 2006, Des Moines, IA 50391, UNITED STATES 50391-2006 |
| cr | + | Nicholas Miller, Gordon Arata Montgomery Barnett, 400 East Kaliste Saloom Road, Suite 4200, Lafayette, LA 70508 UNITED STATES 70508-8522 |
| cr | | Offshore Air & Refrigeration, Inc., 417 Shelly Drive, Lafayette, LA 70503-4437 |
| intp | + | PXP Producing Company, LLC, 601 Poydras Street, Suite 2660, New Orleans, LA 70130-6032 |
| cr | + | Pelstar Mechanical Services, LLC, c/o Timothy Thriffiley, 8311 Highway 23, Suite 104, Belle Chasse, LA 70037-2606 |
| cr | | Petro-Marine Underwriters, Inc., 4917 Picone Street, Metairie, LA 70006-1040 |
| cr | + | Petroleum Coordinators Inc., 219 Rue Fontaine, Lafayette, LA 70508-5742 |
| cr | + | Philadelphia Indemnity Insurance Company, Dry Law, PLLC, 909 18th Street, Plano, TX 75074-5830 |
| cr | | Poseidon Technology, LLC, 2117 Veterans Blvd. Ste. 421, Metairie, LA 70002 |
| cr | + | Premium Oilfield Services LLC, Bradley Arant Boult Cummings LLP, c/o James Bailey, Esq, One Federal Place, 1819 5th Avenue N Birmingham, AL 35203-2120 |
| cr | + | Prime Energy Resources, LLC, Galoway Tompkins Burr & Smth, 1301 McKinney Street, Ste. 1400, c/c Branch Sheppard, Houston, TX 77010-3064 |
| cr | + | RCP Inc, 801 Louisiana St, Suite 200, Houston, TX 77002-4936 |
| cr | + | RigNet, Inc., c/o James E. Cuellar, 440 Louisiana, Suite 718, Houston, TX 77002-1058 |
| cr | + | Right Hand Oilfield Associates, LLC, 9264 Hwy 1, Lockport, LA 70374-4217 |
| cr | + | River Rental Tools, Inc., c/o Corey E. Dunbar, 8311 Highway 23, Belle Chasse, LA 70037-2606 |
| cr | + | SP 49 Pipeline LLC, c/o Byron McDonald, 2107 Research Forest Drive, Suite 250, The Woodlands, TX 77380-4169 |
| cr | + | Seatrax Services, Inc., c/o Timothy Thriffiley, 8311 Highway 23, Suite 104, Belle Chasse, LA 70037-2606 |
| cr | + | Services Archrock Partners Operating LLC and Archr, 9807 Katy Freeway, Ste. 100, Houston, TX 77024-1276 |
| cr | + | Shallow Draft Elevating Boats, Inc., c/o Timothy Thriffiley, 8311 Highway 23, Suite 104, Belle Chasse, LA 70037-2606 |
| cr | + | Shell Offshore Inc., c/o Ross, Smith & Binford, PC, Attn: Jason Binford, 700 N. Pearl Street, Suite 1610 Dallas, TX 75201-7459 |
| cr | + | Shell Trading (US) Company, c/o Ross, Smith & Binford, PC, Attn: Jason Binford, 700 N. Pearl Street, Suite 1610 Dallas, TX 75201-7459 |
| cr | + | Sirius America Insurance Company, c/o Chiesa Shahinian & Giantomasi PC, 105 Eisenhower Parkway, Attn: Darren Grzyb, Esq., Roseland, NJ 07068-1644 |
| cr | + | Steel Service Oilfield Tubular, Inc., 8138 E. 63rd Street, Tulsa, OK 74133-1917 |
| cr | + | Tampnet Inc., 24275 Katy Freeway, Suite 525, Katy, TX 77494-7270 |
| cr | + | Targa LA Operating LLC, c/o Steven W. Soule, Hall, Estill, et al., 521 East 2nd Street, Suite 1200 Tulsa, OK 74120-1855 |
| cr | + | Total Production Supply LLC, 121 Windfall Drive, Lafayette, LA 70508, UNITED STATES 70508-4484 |

| District/off: 0541-4 | User: ADIuser | Page 3 of 6 |
|---|---|---|
| Date Rcvd: May 15, 2026 | Form ID: pdf002 | Total Noticed: 121 |

| | | |
|---|---|---|
| crcm | #+ | Turnkey Offshore Project Services, LLC, 8506 Shrimpers Row, Dulac, LA 70353-2206 |
| cr | + | VCG Energy Group, LLC, 201 W Vermilion St, #200, Lafayette, LA 70501-6847 |
| cr | + | Venice Energy Services Company, L.L.C., c/o Steven W. Soule, Hall, Estill, et al., 521 East 2nd Street, Suite 1200 Tulsa, OK 74120-1855 |
| cr | + | Vision Production Chemicals, L.L.C., 8910 Cordell Rd., Abbeville, LA 70510-2390 |
| cr | + | Westwind Helicopters, Inc., PO Box 929, Santa Fe, TX 77517-0929 |
| cr | + | c/o James Bailey,Esq TGS-NOPEC Geophysical Company, Bradley Arant Boult Cummings LLP, 1819 5th Avenue North, Birmingham, AL 35203-2120 |

TOTAL: 97

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | ^ | MEBN | May 15 2026 20:02:47 | Camille M Shepherd, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1001 |
| aty | + | Email/Text: lara.coleman@chamberlainlaw.com | May 15 2026 20:06:00 | Chamberlain Hrdlicka White Williams & Aughtry, P.C, 1200 Smith Street, Suite 1400, Attn: Bankruptcy Department, Houston, TX 77002-4496 |
| cr | | Email/Text: Customer.Bankruptcy@Archrock.com | May 15 2026 20:05:00 | Archrock Partners Operating LLC, 9807 Katy Frwy., Ste. 100, Houston, TX 77024 |
| intp | + | Email/Text: mbrimmage@akingump.com | May 15 2026 20:06:00 | Alvarez & Marsal North America, LLC, c/o Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field St., Suite 1800, Dallas, TX 75201-4675 |
| cr | + | Email/Text: maci.sartain@anb.com | May 15 2026 20:06:00 | Amarillo National Bank, Box 1, Amarillo, TX 79105-0001 |
| cr | | Email/Text: ashleyf@broussardbrothers.com | May 15 2026 20:05:00 | Broussard Brothers, Inc., 501 South Main St., Abbeville, LA 70510 |
| cr | + | Email/Text: moses@carverdarden.com | May 15 2026 20:06:00 | C-Dive, L.L.C., c/o Leann O. Moses, 1100 Poydras Street, Suite 3100, New Orleans, LA 70163-1102 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | May 15 2026 20:07:00 | Cypress-Fairbanks ISD, Linebarger Goggan Blair & Sampson LLP, C/O Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | | Email/Text: leif.simpson@datasite.com | May 15 2026 20:06:00 | Datasite LLC, 733 Marquette Avenue, Suite 600, Minneapolis, MN 55402 |
| cr | ^ | MEBN | May 15 2026 20:02:05 | Danos, L.L.C., c/o Richard A. Aguilar, Adams and Reese LLP, 701 Poydras St., Ste 4500, New Orleans, LA 70139-4596 |
| intp | + | Email/Text: jsparacino@mckoolsmith.com | May 15 2026 20:06:00 | Deacon Investments LLC, c/o John J. Sparacino, 600 Travis Street, Suite 7000, Houston, TX 77002-3018 |
| cr | | Email/Text: dgrzyb@csglaw.com | May 15 2026 20:06:00 | Everest Reinsurance Company, c/o Chiesa Shahinian & Giantomasi PC, 105 Eisenhower Parkway, Attn: Darren Grzyb, Esq., Roseland, NJ 07068 |
| cr | + | Email/Text: jking@offermanking.com | May 15 2026 20:05:00 | Gulf Offshore Rentals, LLC, c/o James W. King, 6420 Wellington Pl, Beaumont, TX 77706-3206 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | May 15 2026 20:07:00 | Harris County, Linebarger Goggan Blair & Sampson LLP, C/O Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | + | Email/Text: barnetbjr@msn.com | May 15 2026 20:07:00 | Houston Energy, LP, c/o Barnet B. Skelton, Jr., 815 Walker, Suite 1502, Houston, TX 77002-5832 |
| cr | + | Email/Text: bankruptcy2@ironmountain.com | May 15 2026 20:07:00 | Iron Mountain Information Management, LLC, 1101 Enterprise Drive, Royersford, PA 19468, UNITED STATES 19468-4201 |
| cr | + | Email/Text: moses@carverdarden.com | | |

District/off: 0541-4        User: ADIuser        Page 4 of 6

Date Rcvd: May 15, 2026        Form ID: pdf002        Total Noticed: 121

| | | | |
|---|---|---|---|
| | | May 15 2026 20:06:00 | JX Nippon Oil Exploration (U.S.A.) Limited, c/o Leann O. Moses, 1100 Poydras Street, Suite 3100, New Orleans, LA 70163-1102 |
| op | Email/Text: EBN@primeclerk.com | May 15 2026 20:05:00 | Kroll Restructuring Administration LLC, (f/k/a Prime Clerk LLC), 55 East 52nd Street, 17th Floor, New York, NY 10055 |
| cr | + Email/Text: ljohnson@loopergoodwine.com | May 15 2026 20:06:00 | LLOG Exploration Offshore, L.L.C., c/o Looper Goodwine P.C., 650 Poydras Street, Suite 2400, Attn: Paul J Goodwine, Attn: Lindsey M. Johnson, New Orleans, LA 70130-6171 |
| cr | + Email/Text: David.Eastlake@gtlaw.com | May 15 2026 20:06:00 | Oceaneering International, Inc., c/o David R. Eastlake, Greenberg Traurig, LLP, 1000 Louisiana Street, Suite 6700, Houston, TX 77002-6003 |
| cr | + Email/Text: bill.sheffield@otcompliance.com | May 15 2026 20:06:00 | Offshore Technical Compliance LLC, 72030 Live Oak St, Covington, LA 70433-8848 |
| acc | + Email/Text: admin@tpswest.com | May 15 2026 20:06:00 | TPS-West, LLC, 10260 Westheimer Rd, Suite 210, Houston, TX 77042-3109 |
| intp | ^ MEBN | May 15 2026 20:01:54 | Texas Comptroller of Public Accounts, Unclaimed Pr, c/o Attorney General's Office, Bankruptcy & Collections Division, P. O. Box 12548, Austin, TX 78711-2548 |
| intp | ^ MEBN | May 15 2026 20:02:49 | United States of America, c/o U.S. Department of Justice, P.O. Box 875- Ben Franklin Station, Washington, DC 20044-0875 |

TOTAL: 24

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| db | | Cox Operating L.L.C. |
| db | | Energy XXI GOM, LLC |
| db | | Energy XXI Gulf Coast, LLC |
| aty | | Stewart Robbins Brown & Altazan, LLC |
| tr | | Michael D Warner |
| tr | | Michael D Warner |
| cr | | A & H Armature Works, Inc. |
| cr | | Accu-Line Wireline |
| crcm | | Ad Hoc Committee of Statutory Lien Creditors |
| cr | | Aldonsa, Inc. d/b/a Oilfield Instrumentation USA |
| cr | | All Coast, LLC |
| cr | | Alliance Offshore, L.L.C. |
| intp | | Apache Corporation |
| cr | | Apache Shelf Exploration, LLC |
| cr | | Arena Energy LLC |
| cr | | Argonaut Insurance Company |
| intp | | BP Energy Company |
| intp | | BP Energy Company and BP Products North America In |
| cr | | Barry Graham Oil Service, LLC |
| cr | | Berkley Insurance Company |
| intp | | Bradley E. Cox |
| intp | | Burlington Resources Offshore, Inc., Locke Lord |
| cr | | Burner Fire Control, Inc., 1374 Petroleum Pkwy, Broussard |
| cr | | CIMA ENERGY, LP |
| cr | | CROSBY INDEPENDENT SCHOOL DISTRICT |
| intp | | Cardinal Slickline, LLC |
| cr | | Chevron Pipe Line Company |
| cr | | Chevron U.S.A. Inc. |
| intp | | ConocoPhillips Company |
| intp | | Cox Investment Partners, LP |

| | |
|---|---|
| intp | Cox Oil & Gas, LLC |
| intp | Cox Oil, LLC |
| cr | Crosby Energy Services, Inc. |
| cr | Cullen and Dykman LLP |
| cr | DLS, LLC |
| cr | Dauphin Island Gathering Partners and DCP Mobile B |
| intp | Dechert LLP |
| cr | Deltas Missys Supermarket, LLC (d/b/a Cypress Poin |
| cr | Devon Energy Corporation |
| cr | Diamond Tank Rental, LLC |
| cr | Diverse Safety and Scaffolding, L.L.C. |
| cr | Dynasty Energy Services, LLC |
| cr | EP Energy E&P Company, L.L.C. |
| intp | EP Northern Investments, LLC |
| cr | ES&H Production Group, L.L.C. |
| cr | EcoServe, L.L.C. |
| intp | Endurance American Specialty Insurance Company/Som |
| intp | Energy Transfer |
| intp | Eni Petroleum US LLC |
| cr | Enterprise Offshore Drilling |
| intp | Exxon Mobil Corporation |
| intp | Exxon Mobile Corporation |
| cr | Fab-Con, Inc. |
| intp | Fairfield Industries Incorporated |
| sp | Fishman Haygood, L.L.P. |
| intp | Flint River VPP II, LLC |
| cr | GOL, L.L.C. |
| cr | GOM Shelf LLC |
| cr | Gas Turbine Applications, Inc., c/o Metz Lewis Brodman Must O'Keefe LLC |
| cr | Grand Isle Shipyard, L.L.C. |
| cr | Guice Offshore, LLC |
| cr | Gulf Coast Marine Fabricators, Inc. |
| cr | Hanover Insurance Company |
| cr | Helix Well Ops, Inc. |
| fa | Huron Consulting Services LLC |
| cr | Jackie Lewis |
| intp | Jackson Walker LLP |
| intp | Kay McArdle |
| intp | Kenneth Franzheim II Managment Trust |
| intp | Keystone Chemical LLC |
| cr | Lakeway Associates II LLC |
| cr | Lakeway Associates LLC |
| cr | Leviathan Offshore, LLC |
| cr | Mack Steel & Supply, L.L.C. |
| cr | Mauricio Ferreyros |
| cr | NNW, Inc., 39289 Tommy Moore Road, Gonzales |
| cr | National Oilwell Varco, L.P. |
| intp | Natural Resources Worldwide, LLC |
| cr | Noble Energy, Inc. |
| intp | OSEGIK Investments LLC |
| cr | Offshore Liftboats, LLC |
| cr | Offshore Oil Services, Inc. |
| intp | Partco LLC |
| cr | Piranha Rentals, LLC |
| cr | Premier Offshore Catering Inc |
| cr | Pressure & Flow Control Solutions LLC (PetroQuip), 2878 Engineers Road, Belle Chasse |
| cr | Prime Energy Resources, LLC |
| cr | Quality Construction and Production, LLC |
| cr | Quality Energy Services, Inc. |
| cr | Quality Process Services, LLC |
| cr | Quality Production Management, LLC |
| intp | R&R Boats, Inc. |
| cr | REC Marine Logistics, LLC |

District/off: 0541-4        User: ADIuser        Page 6 of 6

Date Rcvd: May 15, 2026        Form ID: pdf002        Total Noticed: 121

| | | |
|---|---|---|
| cr | | Ryan, LLC |
| cr | | SEACOR Marine, LLC |
| intp | | Sea Robin Pipeline Company, LLC |
| cr | | Seneca Resources Company, LLC |
| cr | | Sparrows Offshore, LLC |
| intp | | Specialty Offshore, Inc. |
| intp | | Spectrum GOM Central LLC |
| intp | | Spectrum GOM East LLC |
| intp | | Spectrum GOM Non-Op LLC |
| intp | | Spectrum GOM West LLC |
| cr | | State of Louisiana, Department of Natural Resource |
| intp | | Stingray Pipeline Company L.L.C. |
| cr | | Swivel Rental & Supply, L.L.C. |
| cr | | Talos Energy Ventures, LLC |
| intp | | Talos Production LLC |
| intp | | Talos Resources LLC |
| cr | | Texas Comptroller of Public Accounts, Revenue Acco, Jamie Kirk |
| crcm | | The Official Committee of Unsecured Creditors |
| cr | | Thru Tubing Systems, Inc. |
| cr | | Tobias, Inc. |
| cr | | Travelers Casualty & Surety Company of America |
| intp | | Triton Gathering, LLC |
| cr | | Truist Insurance Holdings, Inc. |
| intp | | Trunkline Field Services LLC |
| intp | | USA Compression Partners, LLC |
| cr | | Union Oil Company of California |
| cr | | United States Fire Insurance Company |
| cr | | Unocal Pipeline Company |
| cr | | W&T Energy VI, LLC |
| cr | | W&T Offshore, Inc. |
| cr | | W-Industries of Louisiana, LLC |
| cr | | WELLS FARGO BANK NA |
| cr | | Westchester Fire Insurance Company |
| intp | | Westerngeco LLC |
| cr | | Whitco Pump & Equipment, LLC |
| cr | | Whitco Supply Co |
| intp | | XTO Offshore, Inc. |
| cr | ##+ | FDF Energy Service LLP, Bonds Ellis Eppich Schafer Jones LLP, 950 Echo Lane, Suite 120, Houston, TX 77024, UNITED STATES 77024-2781 |
| cr | ##+ | Island Operating Company, c/o Parkins & Rubio LLP, Pennzoil Place, 700 Milam, Suite 1300, Houston, TX 77002-2736 |
| cr | ##+ | Precision Crane & Hydraulics, LLC, 11904 Hwy. 308, P.O. Box 1197, Larose, LA 70373-1197 |
| cr | ##+ | QuarterNorth Energy LLC and certain of its affilia, 3737 Buffalo Speedway, Ste. 800, Houston, TX 77098, UNITED STATES OF AMERICA 77098-3739 |

TOTAL: 130 Undeliverable, 0 Duplicate, 4 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2026        Signature:     /s/Gustava Winters