**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | )     **Chapter 7** |
| | ) |
| **MLCJR LLC, *et al.*,**[1] | )     **Case No. 23-90324 (CML)** |
|        **Debtors.** | ) |
| | )     **Jointly Administered** |

**ORDER APPROVING THE TRUSTEE'S COMPROMISE WITH**
**THE ENERGY TRANSFER PARTIES PURSUANT TO**
**BANKRUPTCY RULE 9019 AND BANKRUPTCY CODE § 363**
(Related Doc. No. 2671)

Before the Court is the *Trustee's Motion to Compromise with the Energy Transfer Parties Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code § 363* [Doc. No. 2671] (the "**Motion**") filed by Michael D. Warner (the "**Trustee**"), appearing solely in his capacity as chapter 7 trustee for the above-captioned administratively consolidated estates (collectively, the "**Estates**"), seeking a final order (this "**Settlement Order**") approving the proposed settlement by and between the Trustee, on the one hand, and Sea Robin Pipeline Company, LLC ("**Sea Robin**") and Triton Gathering, LLC ("**Triton**") (Sea Robin and Triton are collectively referred to herein as "**Energy Transfer Parties**"), on the other hand, resolving Adversary Proceeding No. 25-03337 (the "Adversary Proceeding"), under Bankruptcy Rule 9019 and Bankruptcy Code § 363 (the "**Settlement Agreement**"), a copy of which is attached hereto and made a part hereof as **Exhibit "1."**

---

[1] The debtors in these cases (the "***Debtors***"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOL, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978).

1

This Court, having jurisdiction and venue to consider the Motion, and with due and proper notice of the Motion having been provided to all creditors and other parties in interest; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is fair, reasonable, and in the best interests of the Debtors, the Estates, and their creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefore:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[2]**

A.　　**Jurisdiction and Venue**. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b) and (o). Venue of these chapter 7 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.　　**Statutory Predicates.** The statutory and other legal bases for the relief provided herein are section 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rule 9019. The consummation of the transactions contemplated by the Motion are legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Trustee has complied with all of the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, in respect of such transactions.

C.　　**Final Order.** This Settlement Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Settlement Order, waives any stay, and expressly directs entry of this Settlement Order.

D.      **Notice of Hearing on Motion**. As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Motion and relief contemplated thereby has been provided in accordance with the Bankruptcy Code, Bankruptcy Rules, and the Bankruptcy Local Rules. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion is or shall be required. The disclosures made by the Trustee concerning the Motion were good, complete, and adequate. The requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

E.      **Compromise in the Best Interest of the Estates**. Good and sufficient reasons for approval of the Trustee's proposed settlement with the Energy Transfer Parties, and the transactions to be consummated in connection therewith have been articulated by the Trustee, and the relief requested in the Motion is in the best interests of the Debtors, the Estates, their creditors, and other parties in interest. The Settlement Amount (as defined in the Settlement Agreement) falls well within the range of reasonableness for the settlement and amicable resolution of the resolved claims, demands, and causes of action as fully set forth in the Settlement Agreement. The terms of the Settlement Agreement satisfy the factors set forth in *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968), *Official Comm. of Unsecured Creditors v. Cajun Electric Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.),* 119 F.3d 349, 355-56 (5th Cir. 1997), and their progeny. The Trustee has demonstrated both (a) good,

sufficient, and sound business purposes and justifications and (b) compelling circumstances for the Settlement Agreement outside of the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the Settlement Agreement with the Energy Transfer Parties is necessary and appropriate to maximize the value of the Estates. The Trustee's decision to enter into the Settlement Agreement with the Energy Transfer Parties constitutes a proper exercise of the Trustee's fiduciary duties.

F.      **DIP Lenders' Interest.** The Settlement Amount payable by the Energy Transfer Parties pursuant to the Settlement Agreement constitutes proceeds of collateral securing the obligations owed to Amarillo National Bank ("ANB"), in its capacity as administrative agent and collateral agent (the "DIP Agent"), acting at the direction of itself and BP Energy Company (together with ANB, the "DIP Lenders"), under the DIP Loan Documents and the Final DIP Order (the "DIP Collateral"), and is subject to the DIP Lenders' liens, security interests, and superpriority claims thereunder.  The DIP Agent, acting at the direction and on behalf of the DIP Lenders, consents to the Carve-Out (as defined below).

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** and **APPROVED** as provided herein.

2.      All objections to the Motion that have not been withdrawn, waived, or settled are hereby overruled.

3.      The Settlement Agreement is approved as being in the best interest of the Estates and their creditors. To the extent of a conflict between this Settlement Order and the Settlement Agreement, the Settlement Order shall control.

4.      The Trustee, without further order or authorization from the Court, shall have the authority to enter into and execute any and all documentation necessary to carry out the relief

granted in this Settlement Order and is authorized to take any necessary or appropriate steps to effectuate the terms of the Settlement Agreement.

5.      Upon the Trustee's receipt of payment under the Settlement Agreement, the Trustee is authorized to file a notice of voluntary dismissal with prejudice in the Adversary Proceeding (Adv. Proc. No. 25-03337), with each party to bear its own attorneys' fees and costs.

6.      With the consent of the DIP Lenders, evidenced by the DIP Agent's counsel's joinder hereto, thirty-three percent (33%) of the Settlement Amount, or $107,307.75 (the "Carve-Out"), shall be retained by the Trustee for the benefit of the Estates free and clear of the liens, security interests, and superpriority claims of the DIP Lenders, and the remaining sixty-seven percent (67%) of the Settlement Amount, or $217,867.25, shall be remitted by the Trustee to the DIP Agent, for the benefit of the DIP Lenders, for application against the outstanding DIP indebtedness in accordance with the DIP Loan Documents.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the obligations under the Settlement Agreement.

 Signed:  June 15, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

### JOINDER AND CONSENT OF THE DIP AGENT

The undersigned, as counsel to the DIP Agent, who is acting at the direction and on behalf of the DIP Lenders, joins in this Settlement Order solely for the limited purpose of evidencing the DIP Lenders' consent to the Carve-Out set forth above and to the application of the remainder of the Settlement Amount as provided herein.

**KELLY HART & PITRE**

By: _____
     Louis M. Phillips

Counsel for Amarillo National Bank,
as administrative agent and collateral agent for the DIP Lenders

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | **Chapter 7** |
| **MLCJR LLC, et al.,**[1] | ) ) | **Case No. 23-90324 (CML)** |
| Debtors. | ) ) ) ) | **Jointly Administered** |

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("**Settlement Agreement**") is entered into by and between (A) Michael D. Warner, solely in his capacity as Chapter 7 trustee for the above-captioned administratively consolidated estates (the "**Trustee**" of the "**Estates**"), and (B) Sea Robin Pipeline Company, LLC ("**Sea Robin**") and Triton Gathering, LLC ("**Triton**") (Sea Robin and Triton are collectively referred to herein as "**Energy Transfer Parties**") (collectively, the Trustee and the Energy Transfer Parties are referred to herein as the "**Parties**" and each, as a "**Party**").

## RECITALS:

**WHEREAS,** on May 14, 2023, the Debtors filed voluntary Chapter 11 petitions (the "**Petition Date**") in the United States Bankruptcy Court, for the Southern District of Texas, Houston Division (the "**Court**"). As of May 16, 2023, the Debtors' bankruptcy cases (the "**Bankruptcy Cases**") were consolidated for procedural purposes only and have since been jointly administered by the Court under Case Number 23-90324.

---

[1] The debtors in these cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939) (the "**Cox Operating Estate**"); Energy XXI GOL, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

Exhibit 1

**WHEREAS,** on February 28, 2024, the Court converted each of the Debtors' Bankruptcy Cases to cases under Chapter 7 of Title 11, United States Code (the "**Bankruptcy Code**") [Dkt. No. 1720].

**WHEREAS,** on May 6, 2024, the Court approved Michael D. Warner's election as permanent Chapter 7 trustee for each of the Estates, subject to his ability to qualify under Section 322(a) of the Bankruptcy Code [Dkt. No. 1919].  On May 8, 2024, Michael D. Warner filed his Notice of Bond and Acceptance of Election [Dkt. No. 1996].  As of May 8, 2024, Michael D. Warner is the duly elected, qualified, and acting Chapter 7 trustee for each of the Estates, and remains as Trustee as of this date.

**WHEREAS,** the Energy Transfer Parties are affiliates and/or subsidiaries of Energy Transfer LP, a Delaware limited partnership.

**WHEREAS,** the Trustee asserts that, during the ninety (90) days prior to the Petition Date, the Debtors transferred to Sea Robin, by wire, bank transfers, or check, the aggregate sum of $140,923.02 (collectively, the "**Transfers**").

**WHEREAS,** the Trustee has asserted that the Transfers are avoidable and recoverable under certain provisions of the Bankruptcy Code (the "**Avoidance Claims**"), and Sea Robin maintains that it has viable defenses to the Avoidance Claims.

**WHEREAS,** as of the commencement of the Adversary Proceeding, Sea Robin was holding a prepetition cash collateral deposit of approximately $420,000 (the "**Deposit**") to secure claims arising under agreements between the parties.

**WHEREAS,** Sea Robin and Triton's prepetition claims against the Estates total $94,824.09 (Sea Robin: $84,824.09; and Triton: $10,000.00); and Sea Robin contends that, because the Deposit exceeds both parties' prepetition claims and the amount of the Transfers, the

Transfers are not subject to avoidance as preferential transfers under section 547(b)(5) of the Bankruptcy Code;

**WHEREAS,** on or about May 14, 2025, the Trustee commenced Adversary Proceeding No. 25-03337, styled *Michael D. Warner, Chapter 7 Trustee v. Sea Robin Pipeline Company, LLC, et al.* (the "**Adversary Proceeding**"), in the Court, by filing a complaint against Sea Robin seeking avoidance and recovery of the Transfers, and the Parties have entered into ten (10) stipulated extensions of Sea Robin's deadline to respond to the complaint in the Adversary Proceeding.

**WHEREAS,** without admitting that the other Party's claims or defenses have merit, the Parties desire to settle the issues relating solely to the Avoidance Claims and Deposit according to the terms and conditions set out herein.

**IT IS NOW, THEREFORE, STIPULATED AND AGREED** by and between the Parties as follows:

1.     Waiver and Release of Certain Preferential Transfers Claims by Trustee. For and in consideration of this Settlement Agreement, and of the promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee agrees to compromise, settle, release, discharge, and extinguish any and all claims the Trustee or the Estates have or could have asserted against the Energy Transfer Parties in the Adversary Proceeding and in the Bankruptcy Cases, including the Avoidance Claims, and all claims arising out of or related to the Deposit (the "**Release**"). For the avoidance of doubt, except as expressly set forth in the preceding sentence, nothing herein shall be deemed a release by the Trustee of any other of his rights or obligations, which are expressly preserved.

2.     Waiver and Release of Claims by the Energy Transfer Parties. For and in consideration of this Settlement Agreement, and of the promises contained herein and other good

Page **3** of **7**

and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Energy Transfer Parties agree to compromise, settle, release, discharge, and extinguish any and all claims that the Energy Transfer Parties have or could have asserted against the Estates, the Trustee and his agents, in the Adversary Proceeding and in the Bankruptcy Cases, including without limitation, (a) all prepetition claims against the Estates, which the Energy Transfer Parties agree are fully satisfied and discharged through the settlement described in this Agreement; (b) any claims arising out of or related to preferences or avoidance actions under 11 U.S.C. § 502(h) or otherwise; and (c) any claims for administrative expenses under 11 U.S.C. § 503(b). The Energy Transfer Parties hereby waive any right to file or assert any prepetition, preference, or administrative expense claim against the Estates in the future.

3. <u>Consideration</u>. In exchange for the aforementioned waiver, the Energy Transfer Parties will remit to the Trustee in indefeasible funds, *via* wire transfer (to an account designated in writing by the Trustee) the sum of **THREE HUNDRED TWENTY-FIVE THOUSAND, ONE HUNDRED SEVENTY-FIVE AND 00/100 DOLLARS** ($325,175.00) (the "**<u>Settlement Amount</u>**") within fourteen (14) calendar days following entry of the Court's Order approving the settlement described herein pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**<u>Approval Order</u>**").

4. <u>Effective Date</u>. This Settlement Agreement shall be binding and deemed effective when (i) both Parties have executed the same and delivered counterparts of such signatures to the other Party, (ii) the Trustee receives, in indefeasible funds, the Settlement Amount, and (iii) the Court enters the Approval Order.

5. <u>Sufficiency of Consideration and other Settlement Matters</u>. The Parties hereto acknowledge and agree that the promises and obligations set forth herein are supported by

sufficient and adequate consideration. The Parties acknowledge and agree that they have thoroughly considered all aspects of this Settlement Agreement, that they have discussed this Settlement Agreement and its implications with their attorneys, that they have carefully read and fully understand all the provisions of this Settlement Agreement and that they are voluntarily entering into this Settlement Agreement. Nothing in this Settlement Agreement shall release any Party from any obligation arising under this Settlement Agreement. This Settlement Agreement reflects and represents the compromise of disputed claims, and this Settlement Agreement is entered into solely to avoid the uncertainty, inconvenience, and expense of litigation.

6.    Representation and Warranties.  Each person who signs this Settlement Agreement represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom they are signing and to bind the Party to the terms of this Settlement Agreement.

7.    Parties Bear Own Expenses Related to Litigation and Settlement. The Parties agree that each Party will bear its own attorneys' and other fees, expenses, and disbursements incurred by or on behalf of such Party in connection with this Settlement Agreement, and all matters addressed therein.

8.    Assignment. No Party hereto shall have the right to assign, in whole or in part, its interest in this Settlement Agreement or any of its respective rights or obligations hereunder. Subject to the foregoing, this Settlement Agreement shall be binding upon the Parties hereto and their successors and permitted assigns.

9.    Whole Agreement; Effect on Other Agreements. There are no other agreements, arrangements, or understandings between the Parties hereto regarding the subject matter of this Settlement Agreement. This Settlement Agreement supersedes all previous contracts, agreements, and understandings between the Parties respecting the subject matter of this Settlement Agreement.

As between the Parties, no oral statements or prior written materials respecting the subject matter hereof shall be of any force and effect.

10.     Language Construction; Headings. The language in all parts of this Settlement Agreement shall be construed, in all cases, according to its plain meaning, and each Party hereto acknowledges that such Party and its counsel have reviewed this Settlement Agreement and have actively participated in its drafting. Accordingly, the Parties agree that the normal rule of construction, to the effect that any ambiguities are to be resolved against the drafting Party, shall not be applied in the interpretation of this Settlement Agreement. The headings used herein are for reference only and shall not limit or control the meaning or interpretation of any provision hereof. This Settlement Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of Texas.

11.     Severability. The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity, and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

12.     No Third-Party Beneficiaries. Other than as set forth herein, none of the obligations and duties of any Party under this Settlement Agreement shall in any way or in any manner be deemed to create any obligation to, or any rights in, any person or entity not a party to this Settlement Agreement.

13.     Modifications or Amendments. This Settlement Agreement shall not be modified, altered, amended, or vacated, except by a writing signed by all Parties or by order of Court. No course of dealing between or among any persons having any interest in this Settlement Agreement

shall be deemed effective to modify or amend any part of this Settlement Agreement, or any rights or obligations of any Party under, or by reason of, this Settlement Agreement.

14.     Taxes. Each Party shall be responsible for (i) determining its own tax consequences associated with this Settlement Agreement; and (ii) the payment of any taxes that may be due and owing by such Party as a consequence of this Settlement Agreement.

15.     Counterparts. This Settlement Agreement may be executed in any number of counterparts, each and all of which shall be deemed an original and all of which together shall constitute one and the same instrument. The exchange of copies of this Settlement Agreement and executed signature pages hereto by facsimile transmission or electronic mail shall constitute effective execution and delivery of this Settlement Agreement and may be used in lieu of the original Settlement Agreement for all purposes.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered.

**FOR AND ON BEHALF OF:**

**Sea Robin Pipeline Company, LLC**

By: _Mackie McCrea_        Date: 5/1/2026
   DBD3679E98594C3
   Print Name: Mackie McCrea
   Title: Co CEO

**Triton Gathering, LLC**

By: _Mackie McCrea_        Date: 5/1/2026
   DBD3679E98594C3
   Print Name: Mackie McCrea
   Title: Co CEO

By: _____  Date: 5/5/26
   **Michael D. Warner, solely in his capacity
   as Chapter 7 Trustee for the Estates**