**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

———————————————————————

In re:                                    )        **Chapter 7**
                                          )
**MLCJR LLC,** *et al.,*[1]               )        **Case No. 23-90324 (CML)**
                                          )
         **Debtors.**                     )        **Jointly Administered**
                                          )
———————————————————————     )

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**FISHMAN HAYGOOD LLP AS SPECIAL LITIGATION COUNSEL**
**FOR THE CHAPTER 7 TRUSTEE**

**(Related Doc. No. 2728)**

**CONSIDERING** the *Application of Chapter 7 Trustee for Entry of an Order Authorizing the Employment and Retention of Fishman Haygood, L.L.P as Special Litigation Counsel* (the "**Application**")[2] filed by Michael D. Warner (the "**Trustee**"), solely in his capacity as chapter 7 trustee for the above-captioned administratively consolidated estates (the "**Estates**"), seeking entry of an order (this "**Order**") pursuant to Sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014–1 and 2016–1 authorizing the Trustee to retain and employ Fishman Haygood LLP ("**Fishman Haygood**") as the Trustee's special litigation counsel as more fully set forth in the Application; the Barriere Declaration; Fishman Haygood's representations that it holds no interest adverse to the Debtors' estates with respect to the matters upon which Fishman Haygood is proposed to be engaged; the Court having jurisdiction

———————————————

[1] The debtors in these cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: MLCJR LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978). The Debtors' address is 4514 Cole Ave, Suite 1175, Dallas, Texas 75205.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

1

to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due, sufficient, and proper notice of the Application having been provided in accordance with the Bankruptcy Rules and the Local Rules; all objections, if any, to the Application having been withdrawn, resolved, or overruled; this Court having determined that the legal and factual bases set for the in the Application establish just cause for the relief granted herein; it appearing that the relief requested in the Application is in the best interests of the creditors, the Debtors' Chapter 7 estate, and other parties in interest; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT**:

1.      The Trustee is authorized pursuant to sections 327(e) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014, to employ and retain Fishman Haygood as special litigation counsel in these Bankruptcy Cases, effective as of July 1, 2026, to represent the Trustee in all matters relating to that certain civil litigation captioned *Liberty Mutual versus Whitley Pencom, LLP*, Case Number 096-3700935-25, 96th Judicial District Court for Tarrant County, Texas (the "**Liberty Mutual Case**") and, in doing so, respond to and represent the Trustee in connection with the discovery propounded therein to the Trustee.

2.      In connection with such employment, Fishman Haygood shall be compensated on an hourly basis as set forth in the Application, and its compensation shall be subject to sections 328 and 330 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, any applicable orders of the Court, and any additional procedures this Court deems appropriate.

2

3.      Fishman Haygood shall use its reasonable efforts to avoid any duplication of services provided by any of the Trustee's other retained professionals in the Chapter 7 Cases.

4.      Fishman Haygood will review its files periodically during the pendency of these Bankruptcy Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Fishman Haygood will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

5.      The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      To the extent that the Application and the Barriere Declaration attached thereto are inconsistent with this Order, the terms of this Order shall govern.

8.      Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


**Signed:**                    _____

                    **THE HONORABLE CHRISTOPHER LOPEZ**
                    **UNITED STATES BANKRUPTCY JUDGE**


3